NINA F. LOCKER (SBN 123838)
IGNACIO E. SALCEDA (SBN 164017)
EVAN L. SEITE (SBN 274641)
LAURA G. AMADON (SBN 321524)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:    (650) 493-9300
Facsimile:    (650) 565-5100
Email:        nlocker@wsgr.com
              isalceda@wsgr.com
              eseite@wsgr.com
              lamadon@wsgr.com

*Attorneys for Defendants Nutanix, Inc.,*
*Dheeraj Pandey, and Duston M. Williams*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>Defendants. | Case No. 3:21-cv-04080-WHO<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hearing Date: January 12, 2022<br>Time:  2:00 p.m.<br>Courtroom:  2<br>Hon. William H. Orrick |

DEFS.' REQ. FOR JUDICIAL NOTICE ISO MOT. TO
DISMISS COMPLT; CASE NO. 3:21-CV-04080-WHO

Defendants Nutanix, Inc. ("Nutanix"), Dheeraj Pandey and Duston M. Williams hereby request that the Court take judicial notice of public press releases and court filings in a related action, submitted in support of Defendants' Motion to Dismiss Complaint for Violations of the Federal Securities Laws.  True and correct copies of the documents described herein are attached as exhibits to the accompanying Declaration of Ignacio E. Salceda ("Salceda Declaration").

**ARGUMENT**

The Supreme Court has directed that a court, in ruling on a motion to dismiss a securities fraud complaint, "must consider the complaint in its entirety, as well as . . . matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).  Pursuant to Federal Rule of Evidence 201, courts take judicial notice of information "not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (citation omitted).  Facts are not subject to reasonable dispute if they are either "generally known" (Fed. R. Evid. 201(b)(1)) or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also Ritchie*, 342 F.3d at 909.  The Court may consider such facts "at any stage of the proceeding" (Fed. R. Evid. 201(d)), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012).

**I.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF PRESS RELEASES AND COMPLAINTS IN THE PUBLIC DOMAIN**

Under Ninth Circuit precedent, "[c]ourts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of various newspapers, magazines and books "solely as an indication of what information was in the public realm at the time.") (citation omitted); *Heliotrope Gen., Inc. v. Ford Motor Co*., 189 F.3d 971, 981 n.118 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants."); *see City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, 2019 WL 6877195,

at *23 (N.D. Cal. Dec. 17, 2019) (taking judicial notice of documents for the sole purpose of determining what representations were "made to the market").

Thus, courts routinely have taken judicial notice of press releases, published reports and articles at the motion to dismiss stage. *See, e.g.*, *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *6 & n.8 (N.D. Cal. Mar. 29, 2019) (taking judicial notice of article and "advisories"); *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (taking judicial notice of article); *In re American Apparel, Inc. Shareholder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Taking judicial notice of news reports and press releases is appropriate for show[ing] 'that the market was aware of the information contained in news articles.'") (citation omitted).  In particular, courts have judicially noticed press releases, filed complaints and articles in the context of adjudicating a statute of limitations issue. *See Welgus v. TriNet Grp., Inc.*, 2017 WL 167708, at *5 (N.D. Cal. Jan. 17, 2017) (taking judicial notice of "numerous reports, press releases" and "complaints filed in different cases"); *Thomas v. Magnachip Semiconductor Corp.*, 167 F. Supp. 3d 1029, 1040, 1054 (N.D. Cal. 2016) (taking judicial notice of press releases by "numerous law firms who publicized announcements or calls for suggested class action"); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1136-38 (C.D. Cal. 2011) (taking judicial notice of "public press reports" and "[o]ther complaints" filed in different cases).

Accordingly, Defendants request that the Court judicially notice the following press releases and complaints for the sole purpose of showing the information in the public domain at the time:

| | |
|---|---|
| Composite Exhibit 5_ | 405 press releases from various law firms from March 27, 2019 to May 27, 2019 regarding investigations and/or lawsuits filed against Nutanix. |
| Composite Exhibit 6_ | 44 press releases from Levi & Korsinsky, LLP from March 27, 2019 to May 27, 2019 regarding lawsuits filed against Nutanix. |
| Exhibit 1 | Complaint for Violation of the Federal Securities Laws, *Scheller v. Nutanix, Inc.*, No. 5:19-cv-01651 (N.D. Cal.), filed March 29, 2021. |
| Exhibit 2_ | Complaint for Violation of the Federal Securities Laws, *Mauter v. Nutanix, Inc.*, No. 3:19-cv-02442 (N.D. Cal.), filed May 6, 2019. |

| Exhibit 3 __ | Complaint for Violation of the Federal Securities Laws, *Maroun v. Nutanix, Inc.*, No. 3:19-cv-02744 (N.D. Cal.), filed May 20, 2019. |
| Exhibit 4 __ | Complaint for Violation of the Federal Securities Laws, *Zapf v. Nutanix, Inc.*, No. 3:19-cv-02781 (N.D. Cal.), filed May 22, 2019. |

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF COMPLAINTS AND FILINGS MADE IN THE RELATED *NUTANIX* ACTION AS PUBLIC RECORDS

Judicial notice of the complaints (Ex. 1 through Ex. 4) is also appropriate because they are public records of this Court. "Court orders and filings are proper subject of judicial notice." *Armstead v. City of Los Angeles*, 66 F. Supp. 3d, 1254, 1261 (C.D. Cal. 2014), *aff'd sub nom. Alvardo v. City of Los Angeles*, 720 F. App'x 889 (9th Cir. 2018); *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings); *Gerritsen v. Warner Brothers Entertainment Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) ("It is well established that court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence.").

This Court consolidated these complaints into the consolidated action, *In re Nutanix, Inc. Securities Litigation*, Master File No. 5:19-cv-01651-WHO (the "*Nutanix* Action"), which is currently pending before the Court. *Nutanix* Action, ECF No. 87. The Court has deemed this action related to the *Nutanix* Action. *Nutanix* Action, ECF No. 223. As public court filings, all filings in the related *Nutanix* Action too may be judicially noticed by this Court. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (court "may take judicial notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue") (citation omitted); *Asdar Group v. Pillsbury, Madison & Sutra*, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (court can take judicial notice of pleading and court orders in related proceedings).

Accordingly, Defendants request that the Court take judicial notice of the following public filings in the related *Nutanix* Action but, in the interest of conserving resources and avoiding

unnecessary filings that are already accessible by the Court, do not submit these public records as exhibits:[1]

ECF No. 73    Hedvat's Reply Memo in support of Motion to Appoint Lead Plaintiff, filed June 18, 2019

ECF No. 87    Consolidation Order, filed July 10, 2019

ECF No. 102   Amended Complaint, filed Sept. 9, 2019

ECF No. 121   Order, filed March 9, 2020

ECF No. 124   Second Amended Complaint, filed April 17, 2020

ECF No. 140   Order, filed September 22, 2020

ECF No. 161   Hedvat's Motion to Withdraw, filed January 27, 2021

ECF No. 171   Order, filed March 4, 2021

ECF No. 177   Motion to Appoint Lead Plaintiff by City of Miami Fire Fighters and Police Officer Retirement Fund, Jose Flores, and John P. Norton, filed March 22, 2021

ECF No. 194   May's Response to Competing Lead Plaintiff Motions, filed April 5, 2021

ECF No. 195   City of Birmingham Retirement & Relief System's Opposition to Competing Lead Plaintiff Motions, filed April 5, 2021

ECF No. 196   California Ironworkers Field Pension Trust's Opposition to Competing Lead Plaintiff Motions, filed April 5,2021

ECF No. 200   City of Birmingham Retirement & Relief System's Reply in Support of Lead Plaintiff Appointment, filed April 12, 2021

ECF No. 204   May's Reply in support of Motion to Appoint Lead Plaintiff, filed April 12, 2021

ECF No. 220   California Ironworkers Field Pension Trust's Response re Order Requesting Supplemental Briefing Regarding Motions to Appoint Lead Plaintiff and Lead Counsel, filed May 27, 2021

ECF No. 224   Order Appointing Lead Plaintiff and Lead Counsel, filed June 2, 2021

---

[1] Defendants are prepared to submit any and all of these related court filings as exhibits if requested by the Court.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the above-referenced documents in connection with their motion to dismiss the Complaint.

Dated:  November 1, 2021                          Respectfully submitted,

                                                 WILSON SONSINI GOODRICH & ROSATI
                                                 Professional Corporation


                                                   /s/ Ignacio E. Salceda
                                                    Ignacio E. Salceda

                                                 *Attorneys for Defendants Nutanix, Inc.,*
                                                 *Dheeraj Pandey and Duston M. Williams*