PAGES 1 - 13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ORRICK

JOHN P. NORTON, ON BEHALF OF THE    )
NORTON FAMILY LIVING TRUST UAD      )
11/15/2002, AND ON BEHALF OF ALL    )
OTHERS SIMILARLY SITUATED,          )
                                    )
           PLAINTIFF,               )
                                    )
  VS.                               )  CASE NO. 21-CV-4080 WHO
                                    )
NUTANIX, INC., DHEERAJ PANDEY,      )
AND DUSTON M. WILLIAMS,             )
                                    )  SAN FRANCISCO, CALIFORNIA
           DEFENDANTS.              )  VIA ZOOM VIDEOCONFERENCE
                                    )  WEDNESDAY, JUNE 15, 2022
_____)


**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF**          LEVI KORSINSKY, LLP
                           1111 SUMMER STREET SUITE 403
                           STAMFORD, CONNECTICUT 06905
                      BY:  **GREGORY M. POTREPKA, ESQUIRE**


**FOR DEFENDANT**          WILSON SONSINI GOODRICH & ROSATI
                           650 PAGE MILL ROAD
                           PALO ALTO, CALIFORNIA 94304
                      BY:  **IGNACIO E. SALCEDA, ESQUIRE**


*REPORTED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
            *PRO TEM OFFICIAL COURT REPORTER, USDC*

WEDNESDAY, JUNE 15, 2022                          1:53 P.M.

PROCEEDINGS

**THE CLERK:**  CASE NUMBER 21-4080, NORTON VERSUS NUTANIX.

COUNSEL IF YOU WOULD PLEASE STATE YOUR APPEARANCES.

**MR. POTREPKA:**  GOOD AFTERNOON, YOUR HONOR.  I'M GREGORY POTREPKA OF LEVI KORSINSKY, ON BEHALF OF THE PLAINTIFF JOHN NORTON.

**MR. SALCEDA:**  GOOD AFTERNOON, YOUR HONOR.  IGNACIO SALCEDA OF WILSON, SONSINI, GOODRICH & ROSATI ON BEHALF OF DEFENDANTS.

**THE COURT:**  GREAT.  GOOD AFTERNOON.

SO I WILL GIVE YOU MY TENTATIVE.  I'M INCLINED TO DENY THE MOTION TO DISMISS.  WHEN A REASONABLY DILIGENT PLAINTIFF WOULD HAVE DISCOVERED THE BASIS FOR THIS, I THINK, IS A QUESTION OF FACT.  I FEEL LIKE THIS IS A LITTLE DEJA VU ALL OVER AGAIN.

MR. SALCEDA, ASSUMING I FOLLOW THE *MBIA* CASE AND AGREE WITH MY PRIOR RULING IN *NUTANIX*, IS THERE ANY REASON I SHOULD GRANT THE MOTION TO DISMISS?

**MR. SALCEDA:**  WELL, YES, YOU SHOULD GRANT THE MOTION TO DISMISS.

**THE COURT:**  I UNDERSTAND THAT, BUT TAKE THAT -- TAKE MY ASSUMPTIONS THAT I AM GOING TO FOLLOW *MBIA*, AND I AM GOING TO FOLLOW THE REASONING OF MY PAST RULINGS.  SO IS THERE SOME

OF OTHER REASON TO --

**MR. SALCEDA:** SURE. SO LET US TAKE THE MBIA STANDARD FOR THESE PURPOSES OF GOVERNING LAW, BUT, OF COURSE, YOU NEED A REASONABLY DILIGENT PLAINTIFF. AND HERE PLAINTIFF WAS NEITHER DILIGENT OR REASONABLE. AND WE'VE SET OUT THE DETAILS IN OUR PAPERS ABOUT THE FOUR PRIOR COMPLAINTS, THE 400 PRESS RELEASES, ET CETERA.

BUT ALSO LET US LOOK AT YOUR PRIOR DECISION IN THE SHAREHOLDER CLASS ACTION DENYING THE MOTION TO DISMISS. AND THERE YOUR HONOR'S DECISION HINGED ON TWO CW'S. THE MOST IMPORTANT WAS CW NUMBER 1 AND THEN CW NUMBER 8. BOTH OF THOSE LEFT NUTANIX BEFORE THE FEBRUARY 28, 2019, REVELATORY DISCLOSURE. CW-8 LEFT MIDWAY THROUGH 2018. SO HE WAS -- SORRY -- SHE WAS CERTAINLY AVAILABLE, AS WERE EVERY OTHER CW.

AND HERE PLAINTIFF DIDN'T ACT DILIGENTLY, LET ALONE REASONABLY, BY PURSUING WHAT SHOULD HAVE BEEN AN INVESTIGATION THAT WOULD HAVE -- SHOULD HAVE BEEN PROMPTED BY THE ANNOUNCEMENT THAT PLAINTIFF ALLEGES THAT ON FEBRUARY 28TH, 2019, A FRAUD WAS REVEALED. PLAINTIFF'S OWN COMPLAINT -- AND THAT HAS BEEN PLAINTIFF'S ALLEGATION FROM THE START. PLAINTIFF'S OWN COMPLAINT HAS PAGES AND PAGES ABOUT THAT DISCLOSURE ON FEBRUARY 28, 2019. PLAINTIFF DIDN'T FILE FOR 27 MONTHS. THERE'S A TWO-YEAR STATUTE OF LIMITATIONS.

BUT THAT'S NOT ALL. YOU HAVE THE FIRST OF FOUR SECURITIES CLASS ACTIONS AGAINST THE SAME DEFENDANTS, BASED ON

THE SAME CAUSE OF ACTION, UNDER THE SAME THEORY, FILED BEFORE -- MORE THAN TWO YEARS BEFORE PLAINTIFF FILED ITS OWN COMPLAINT.

THE FIRST COMPLAINT IN THIS ACTION WAS FILED -- IN THE SHAREHOLDER ACTION WAS FILED A MONTH AFTER THE ANNOUNCEMENT THAT PLAINTIFF'S, THE NORTON TRUST, CLAIMS REVEALED THE FRAUD.

SO HERE YOU HAVE A SITUATION WHERE PLAINTIFF'S OWN COMPLAINT AND THE RECORD BEFORE THE COURT OF PLEADINGS AND LITERALLY OVER 400 PRESS RELEASES CLAIMING THE DEFENDANTS HAVE COMMITTED SECURITIES FRAUD WOULD HAVE PUT ANYONE ON NOTICE THAT THEY NEEDED TO PURSUE A DILIGENT INVESTIGATION, AND HAD THEY PURSUED THE DILIGENT INVESTIGATION, THEY WOULD HAVE FOUND CW-1 AND CW-8.  IN FACT, THOSE WERE FOUND BY PLAINTIFF'S COUNSEL ONCE PURSUING IT.

YOU RAISE A THRESHOLD ISSUE, WHICH IS, IS THIS A QUESTION OF FACT OR IS IT PROPER TO DECIDE IT ON A MOTION TO DISMISS?  I SUBMIT THAT NOT ONLY IS IT PROPER, IT'S ENTIRELY PROPER IN THE CIRCUMSTANCE, AND YOUR HONOR HAS ALREADY DONE SO IN THE *RIECKBORN* CASE, YOUR HONOR DISMISSED AGAIN ON A MOTION TO DISMISS.

RECENTLY, IN THE LAST COUPLE OF MONTHS, JUDGE WHITE GRANTED A MOTION TO DISMISS A 10(B) CASE BASED ON THE STATUTE OF LIMITATIONS.  JUDGE TIGAR IN *MAGNACHIP*, JUDGE FREEMAN IN THE --

**THE COURT:**  NO, I'M NOT SAYING I DON'T HAVE THAT

ABILITY, MR. SALCEDA.  IT SEEMS TO ME, I DECIDED LAST TIME THAT THE STATUTE OF LIMITATIONS WASN'T TRIGGERED AS OF FEBRUARY 2019.  SO THEN THE QUESTION IS, BETWEEN THAT DATE AND MAY, SHOULD SOMETHING HAVE HAPPENED, AND I DON'T KNOW THAT I KNOW THAT.  I DON'T KNOW THAT CAN BE ESTABLISHED UNTIL WE GET TO SUMMARY JUDGMENT.

**MR. SALCEDA:**  I'M NOT SURE WHAT YOUR HONOR MEANS BY FINDING THAT THE STATUTE OF LIMITATIONS WASN'T TRIGGERED BY FEBRUARY 28, BECAUSE YOUR HONOR'S DECISION -- IF WE TAKE THE *MBIA* STANDARD AS IT'S STATED, AND THAT IS COULD A REASONABLE PLAINTIFF HAVE DISCOVERED FACTS SUFFICIENT TO WITHSTAND THE MOTION TO DISMISS, THE ANSWER IS YES.  YOUR HONOR GRANTED IN PART AND DENIED IN PART -- KEY PART, DENIED IN PART -- THE MOTION TO DISMISS THE SHAREHOLDER CASE, DENIED IT BASED ON THE ALLEGATIONS, AMONG OTHERS, OF THE CW'S.  ALL OF THEM WERE AVAILABLE FOR PLAINTIFF TO INTERVIEW.

AND WITH MORE, ALL OF THE EVENTS THAT YOUR HONOR FOUND TO SHOW SCIENTER -- AND THE KEY PART IS ON PAGE 15 OF YOUR HONOR'S NOVEMBER 11, 2020, ORDER, WHICH DENIED MOTION TO DISMISS THE SHAREHOLDER CASE.  ON PAGE 15, YOUR HONOR LAYS IT ALL OUT.

THESE EVENTS ALL TOOK PLACE IN 2018, WELL BEFORE THE STATUTE OF LIMITATIONS WOULD HAVE EXPIRED -- I'M SORRY -- WELL, BEFORE THE PLAINTIFF FILED, AND, IN FACT, SOME MORE THAN THREE YEARS BEFORE.

BUT THE KEY THING IS MORE THAN TWO YEARS BEFORE THE PLAINTIFF FILED ITS COMPLAINT, IT WOULD HAVE FOUND THOSE FACTS, THE FACTS THAT THEY -- THE SHAREHOLDER PLAINTIFFS FOUND AND THE FACTS THAT YOUR HONOR FOUND TO BE SUFFICIENT TO WITHSTAND A MOTION TO DISMISS.

SO LET US BE CLEAR. THE REASON THEY FILED WAS BECAUSE THEY SAW THAT THE STATUTE -- BECAUSE MR. NORTON'S TRUST SAW THAT THE STATUTE OF LIMITATIONS ARGUMENT HAD BEEN RAISED BY ONE OF THE COMPETING LEAD PLAINTIFF MOVEMENTS. SO THE VERY NEXT DAY, ALBEIT 27 MONTHS AFTER THE ANNOUNCEMENT OF THE BAD NEWS THAT THEY CLAIM REVEALED THE FRAUD, THAT'S WHEN HE FILED.

SO THIS WASN'T REASONABLE DILIGENCE. THIS WASN'T CLOSE TO REASONABLE DILIGENCE. ALL THE FACTS WERE THERE HAD THEY INVESTIGATED. CLEARLY, THE NORTON TRUST DIDN'T, AND, HAVING SAT ON THEIR RIGHTS, THE MOTION SHOULD BE GRANTED.

**THE COURT:** OKAY. MR. POTREPKA.

**MR. POTREPKA:** YOUR HONOR, YOU PUT YOUR FINGER RIGHT ON IT, THAT THIS IS JUST A PREMATURE MOTION, AND IT'S BECAUSE DEFENDANTS CLAIM THAT THE STATUTE OF LIMITATIONS SHOULD BEGIN RUNNING FROM THE MARCH 2019 FIRST COMPLAINT IN THE STOCK CASE AND THAT THE TWO MONTHS BETWEEN THAT PERIOD OF TIME AND MAY 27TH OF 2019 WAS SUFFICIENT TO STATE A CLAIM.

BUT THAT CONTENTION JUST RESTS ON PURE SPECULATION ABOUT WHAT WAS POSSIBLE AND WHAT WAS DONE AND POSSIBLY DONE DURING THAT TIME. IT'S JUST IPSI DIXIT.

AND DEFENDANTS HAVEN'T EVER, AND NOT TODAY EVEN, POINTED TO EXACTLY WHAT FACTS WOULD HAVE BEEN DISCOVERABLE AND EXACTLY AT WHAT TIME, AND THAT SHOULD BE FATAL TO THEIR MOTION, BECAUSE IT'S AT LEAST PLAUSIBLE THAT ON THE FACE OF THE COMPLAINT, THAT THE TWO-MONTH PERIOD OF TIME WAS NOT SUFFICIENT TO DISCOVER FACTS OF SUFFICIENT DETAIL AND PARTICULARITY. THOSE ARE, YOU KNOW, THE *MBIA* STANDARD.  THOSE ARE THE *RIECKBORN* STANDARD, WHERE THERE'S SUFFICIENT DETAIL AND PARTICULARITY TO STATE A CLAIM FOR RELIEF.

AND SO, YOU KNOW, WE SUBMIT, YOUR HONOR, THAT YOU'VE ALREADY RULED THAT SUFFICIENT INFORMATION WAS NOT AVAILABLE FROM THAT TIME PERIOD, THAT THE INFORMATION FROM THE PERIOD OF TIME LEADING UP TO MAY 27TH OF 2019 WAS NOT SUFFICIENT TO STATE A CLAIM.  IT WASN'T SUFFICIENT TO FIND THE ACT OF SCIENTER.  IT WASN'T SUFFICIENT TO FIND THAT A STATEMENT THAT WAS MATERIALLY MISLEADING WAS MISLEADING WHEN MADE.  SO THOSE TWO FACTS WERE NOT FOUND, AND YOUR HONOR DOESN'T NEED TO GO ANY FURTHER THAN THAT.

BUT EVEN --

**THE COURT:**  HAVEN'T YOU JUST OVERSTATED A LITTLE BIT WHAT I SAID?  IT SEEMS TO ME THAT THOSE FACTS MAY WELL BE PROVEN IN DISCOVERY.  I DON'T KNOW THAT THEY WON'T BE PROVEN IN DISCOVERY, BUT I CAN'T TELL AT THE MOMENT, AND THAT, I THINK, IS THE CRITICAL DIFFERENCE AT THE MOMENT.

**MR. POTREPKA:**  WELL, YOUR HONOR, I MEANT THAT THERE

WERE NO FACTS IN THE FIRST AMENDED COMPLAINT THAT WERE DISPOSITIVE TO SUSTAINING THE COMPLAINT, YOU KNOW.  SO ALL OF THE INFORMATION THAT WAS AVAILABLE AT THAT TIME, INCLUDING ALL THE STORM WARNINGS THAT DEFENDANTS POINT TO, THE FEBRUARY CORRECTIVE DISCLOSURES, AND ANY INFORMATION THAT MIGHT HAVE BEEN IN NEWS REPORTS, OR INITIAL COMPLAINTS, OR PRESS RELEASES, WHICH REALLY WAS NO MORE THAN THE INFORMATION IN THE FEBRUARY CORRECTIVE DISCLOSURES, NONE OF THAT INFORMATION WAS SUFFICIENT TO STATE A CLAIM FOR SECURITIES FRAUD UNDER SECTION 10(B) AND RULE 10(B)(5).

AND SO BUT EVEN -- EVEN IF DEFENDANTS DEMAND MORE THAN THAT, THE ONLY -- LIKE I SAID, THE ONLY DATE CERTAIN THAT THEY CAN POINT TO ARE THOSE DATES IN THAT TIME PERIOD BETWEEN FEBRUARY OF 2019 THROUGH MAY OF 2019.  THE ONLY DATES CERTAIN THAT THEY CAN POINT TO ARE THE DATES OF PUBLICLY DISCLOSED INFORMATION.

THEY HAVEN'T COME FORWARD -- NOT THAT IT WOULD BE APPROPRIATE ON A MOTION TO DISMISS, BUT THEY HAVEN'T COME FORWARD WITH ANY JUDICIALLY NOTICEABLE DOCUMENTS THAT WOULD SOMEHOW OTHERWISE STATE -- PROVIDE ENOUGH INFORMATION TO STATE A SECURITIES FRAUD CLAIM.

AND SO, REALLY, WHAT DEFENDANTS ARE LEFT WITH ARGUING IS THAT ALL OF THE CONFIDENTIAL WITNESSES, ALL OF THE CW ALLEGATIONS WERE KNOWABLE BY MAY 27TH, 2019.

CERTAINLY, THE ARGUMENT THAT AN INVESTIGATION WOULD

HAVE BEGUN BEFORE THE CORRECTIVE DISCLOSURES IS UNTENABLE, BECAUSE THE MARKET WOULDN'T HAVE EVEN BEEN ALERTED TO THE IDEA TO START AN INVESTIGATION.

AND DEFENDANTS START THE CLOCK AT THE FIRST COMPLAINT, WHICH IS IN MARCH OF 2019.  SO IT'S REALLY THAT TWO-MONTH PERIOD OF TIME.

AND SO THE ARGUMENT THAT ALL OF THE CW ALLEGATIONS WERE MIRACULOUSLY JUST AVAILABLE AND KNOWABLE WITHIN THAT TWO-MONTH PERIOD OF TIME IS UNSUPPORTED, AND IT'S IMPLAUSIBLE, YOUR HONOR.  IT'S IMPLAUSIBLE THAT THE 5 CW'S THAT WERE STILL WITH THE COMPANY, PICK UP THE PHONE, BE WILLING TO SPEAK, BE FORTHCOMING ABOUT THEIR CURRENT EMPLOYER, AND THAT IDEA IS JUST NOT CREDIBLE, AND IT'S NOT SUBSTANTIATED TO THE LEVEL OF WARRANTING DISMISSAL ON AN AFFIRMATIVE DEFENSE AT THIS STAGE, YOUR HONOR.

THE COURT:  MR. SALCEDA, I'LL GIVE YOU THE LAST WORD.

MR. SALCEDA:  I THINK YOUR HONOR RIGHTLY NOTED COUNSEL OVERSTATED IT JUST A BIT.

WE BELIEVE THE CLOCK STARTED RUNNING ON FEBRUARY 28.  READING PLAINTIFF'S COMPLAINT, THEY ALLEGE THAT WAS THE REVELATION OF A FRAUD.  BUT BEYOND THAT, THE FACTS WERE AVAILABLE.  CW-1 AND CW-8, UPON WHICH THEY RELY, HAD LEFT THE COMPANY BY THEN.  AND THE MOTION THAT JUST A PUBLIC DISCLOSURE IS INSUFFICIENT TO PUT A REASONABLY DILIGENT PLAINTIFF ON NOTICE IS BELIED BY JUDGE WHITE'S DECISION IN *HP*, YOUR HONOR'S

DECISION IN *RIECKBORN*, THE *MAGNACHIP* DECISION FROM JUDGE TIGAR. WE CAN GO ON AND ON.  ALL OF THOSE CASES ARE PREDICATED ON THE PUBLIC DISCLOSURE OF BAD NEWS.

AND, INTERESTINGLY, JUDGE TIGAR'S DECISION IN *MAGNACHIP*, WHICH SAYS YOU DON'T GET A RESET ON THE STATUTE LIMITATION IF THERE ARE LATER ADDITIONAL DISCLOSURE.  HE CITES THE *STICHTING VERSUS COUNTRYWIDE* CASE OUT OF THE CENTRAL DISTRICT.  THERE, THE KEY PARTIES, THE COMPANY'S PUBLIC DISCLOSURES, AND A RAFT OF SECURITIES COMPLAINTS, AND THE COURT DISMISSED THE 10(B) CLAIM AS UNTIMELY.  AND SO HERE YOU HAVE THAT IN SPADES.

AND THE PLAINTIFF CAN SAY, WELL, MAYBE WE COULD HAVE FOUND IT LATER OR WHATNOT, BUT THE CW'S WERE FOUND QUITE EARLY. CW-1, FOR EXAMPLE, THEIR STAR CW, WAS IN THE FAC.  NOW PLAINTIFF SAYS, BUT THE FAC DIDN'T SURVIVE A MOTION TO DISMISS. YES, BUT THE INFORMATION THAT CW-1 HAD AND PRESUMABLY PROVIDED COUNSEL, WHICH WAS INCLUDED IN THE SECOND AMENDMENT COMPLAINT, WAS AVAILABLE BEFOREHAND, WHETHER THEY ASKED THE RIGHT QUESTIONS OR NOT.

WE DON'T NEED TO GET INTO THAT BECAUSE THE INFORMATION WAS AVAILABLE, AND THAT'S THE TEST, WHETHER A REASONABLY DILIGENT PLAINTIFF COULD HAVE GATHERED THAT INFORMATION AND ALLEGED IT IN THAT COMPLAINT.  HERE THE ANSWER IS YES, SO WE URGE THE COURT TO DISMISS.

**MR. POTREPKA:**  YOUR HONOR.

**THE COURT:** THAT IS THE QUESTION. GO AHEAD --

**MR. POTREPKA:** MAY I RESPOND TO THE ARGUMENT ABOUT THE CASES, YOUR HONOR?

**THE COURT:** GO AHEAD.

**MR. POTREPKA:** SURE. SO I THINK IT'S IMPORTANT TO NOTE THAT ALL OF THE CASES, OR VIRTUALLY ALL OF THE SECTION 10(B) CASES CITED BY ALL OF THE PARTIES, INCLUDING ALL OF THE 10(B) CASES IN THE NINTH CIRCUIT, FOLLOWED THE MBIA STANDARD.

AND A GREAT BULK OF DEFENDANT'S CASES INVOLVED SECTION 11 CLAIMS, WHICH ONLY INVOLVE A MATERIAL MISSTATEMENT AND REGISTRATION STATEMENT AND DON'T INVOLVE SCIENTER.

BUT EVEN POINTING TO THE CASES THAT COUNSEL JUST MENTIONED, I THINK THERE'S TWO STRANDS OF CASES THAT THEY'VE MENTIONED, AND THE IDEA THAT THEY'RE SOMEHOW DIFFERENT OR MORE FAITHFUL TO *MERCK* DOESN'T REALLY PASS SCRUTINY.

YOU KNOW, THERE'S A FIRST CASE WHERE THERE REALLY WASN'T ANY INFORMATION THAT WAS DISCOVERED LATER THAT WAS GERMANE OR NECESSARY TO STATE A CLAIM, UNLIKE THE CW ALLEGATIONS IN THE SECOND AMENDED COMPLAINT IN THIS CASE.

AND THEN THERE'S A SECOND BUCKET OF CASES WHERE THERE ACTUALLY WAS ENOUGH INFORMATION OUT THERE TO STATE A CLAIM MUCH EARLIER. AND I THINK COUNSEL MENTIONED THE *STICHTING VERSUS COUNTRYWIDE* CASE. THAT WAS A GREAT EXAMPLE. THERE WERE OTHER SECURITIES FRAUD CASES THAT HAD BEEN SUSTAINED ON THE EXACT SAME INFORMATION. THERE WASN'T -- AND THE COURT FOUND THAT

THERE WAS NOTHING -- THERE WAS NOTHING BUT IMMATERIAL DIFFERENCES BETWEEN A LATER FILED COMPLAINT.  SO THOSE CASES, I THINK, ARE FAITHFUL TO MBIA, BUT THERE'S A REASON WHY THEY'RE INAPPOSITE TO THIS CASE.

AND I WOULD POINT THE COURT TO A CASE WE CITED IN OUR RECENT SUPPLEMENTAL AUTHORITY, THE *BLACKBERRY* CASE.  THE *BLACKBERRY* CASE INVOLVED A SECURITIES CLASS ACTION, AND IT INVOLVED A SCENARIO WHERE, LIKE HERE, THERE WERE MULTIPLE COMPLAINTS FILED IN THAT CASE, THREE COMPLAINTS, FILED AFTER CORRECTIVE DISCLOSURES THAT WERE CONSOLIDATED INTO A SINGLE CLASS ACTION.  SO THERE NECESSARILY WOULD HAVE BEEN PSLRA NOTICES AND THINGS LIKE THAT.

AND AFTER THE APPOINTMENT OF A LEAD PLAINTIFF IN *BLACKBERRY*, THE LEAD PLAINTIFF FILED A FIRST AMENDED COMPLAINT THAT WAS DISMISSED, AND THAT DISMISSAL WAS SUSTAINED AT THE SECOND CIRCUIT.  ON REMAND, WHEN LEAVE TO AMEND WAS GRANTED, A SECOND AMENDED COMPLAINT WAS FILED WITH NEW INFORMATION FROM THE COMPLAINT IN A DIFFERENT CRIMINAL MATTER.  AND THE COURT SAID -- FOUND THAT THE NEW INFORMATION WAS SUFFICIENT TO CURE THE DEFICIENCIES OF THE CLASS PLAINTIFFS' SETTLEMENT ALLEGATIONS.

SO THERE'S REALLY TWO TAKEAWAYS FROM THE *BLACKBERRY* DECISION, EACH OF WHICH IS INDEPENDENTLY SUFFICIENT TO DENY DEFENDANT'S MOTION TO DISMISS.

ONE, IF THERE'S BEEN A JUDICIAL DETERMINATION, LIKE

YOUR HONOR'S MOTION TO DISMISS OPINIONS, WHICH STATE THAT PUBLIC INFORMATION IS INSUFFICIENT TO STATE A CLAIM, THEN THE STATUTE OF LIMITATIONS CANNOT BEGIN TO RUN.  AND, TWO, IF FACTS ARE SUFFICIENT TO STATE A CLAIM THAT BECOME -- THAT ARE DERIVED FROM -- ARE ONLY KNOWABLE TO THE INVESTING PUBLIC THROUGH EVENTS LIKE THE FILING OF A LATER FILED COMPLAINT, THEN THE EARLIEST DATE THOSE FACTS COULD BE CONSIDERED DISCOVERED FOR THE PURPOSES OF THE STATUTE OF LIMITATION IS THE DATE OF THAT COMPLAINT.

HERE THE COURT'S ORDER DISMISSING THE FIRST AMENDMENT COMPLAINT WAS IN MARCH 2020, AND THE SECOND AMENDED COMPLAINT, WHICH WAS THE FIRST TIME THAT FACTS WERE BROADLY KNOWABLE TO THE INVESTING PUBLIC WAS IN APRIL 2020.  THEREFORE, WE SUBMIT MR. NORTON'S MAY 2021 COMPLAINT WAS TIMELY FILED, AND THE COURT SHOULD DENY THE MOTION TO DISMISS.

**THE COURT:**  THANK YOU FOR YOUR ARGUMENT.  MR. SALCEDA ACCURATELY LAID OUT WHAT THE STANDARD IS THAT I WILL BE LOOKING AT WHEN I GO BACK.  EACH OF THESE CASES STAND ON THEIR OWN FACTS, AND I WILL GET AN ORDER OUT, I THINK, PRETTY QUICKLY.

THANK YOU FOR YOUR ARGUMENT.

**MR. POTREPKA:**  THANK YOU, YOUR HONOR.

**MR. SALCEDA:**  THANK YOU.

(PROCEEDINGS ADJOURNED AT 2:12 P.M.)

STATE OF CALIFORNIA        )

                          )      SS

COUNTY OF CONTRA COSTA )


        I HEREBY CERTIFY THAT THE FOREGOING IN THE WITHIN-ENTITLED CAUSE WAS TAKEN AT THE TIME AND PLACE HEREIN NAMED; THAT THE TRANSCRIPT IS A TRUE RECORD OF THE PROCEEDINGS AS REPORTED BY ME, A DULY CERTIFIED SHORTHAND REPORTER AND A DISINTERESTED PERSON, AND WAS THEREAFTER TRANSCRIBED INTO TYPEWRITING BY COMPUTER.

        I FURTHER CERTIFY THAT I AM NOT INTERESTED IN THE OUTCOME OF THE SAID ACTION, NOR CONNECTED WITH, NOR RELATED TO ANY OF THE PARTIES IN SAID ACTION, NOR TO THEIR RESPECTIVE COUNSEL.

        IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND THIS 27TH DAY OF JUNE, 2022.



        _____

        JOAN MARIE COLUMBINI, CSR NO. 5435

        STATE OF CALIFORNIA