**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Tel: (415) 273-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for John P. Norton, on behalf of the*
*Norton Family Living Trust UAD 11/15/2002*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> NUTANIX, INC., DHEERAJ PANDEY, And DUSTON M. WILLIAMS, <br><br> Defendants. | Case No. 3:21-cv-04080-WHO <br><br> **CLASS ACTION** <br><br> **ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REVISED FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REVISED FIRST AMENDED
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Pursuant to Civil Local Rules ("L.R.") 7-11, Lead Plaintiff John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002 ("Plaintiff" or "Norton") respectfully requests leave to file a proposed Revised First Amended Complaint for Violations of the Federal Securities Laws, and the exhibits thereto (the "RFAC"). A clean version and a redlined version of the proposed RFAC, are attached as exhibits to the Declaration of Gregory M. Potrepka in Support of Administrative Motion for Leave to File a Revised First Amended Complaint for Violations of the Federal Securities Laws ("Decl.").

On September 1, 2022, Plaintiff filed his First Amended Complaint for Violations of the Federal Securities Laws (the "FAC") (ECF No. 78) in accordance with the Stipulated Scheduling Order (ECF No. 35) ("Scheduling Order"), and the Court's order set forth in Civil Minutes filed on May 24, 2022 in the related action captioned *In re Nutanix, Inc. Securities Litigation*, Case No. 3:19-cv-016510-WHO (*Nutanix*, ECF No. 269). Additionally, on September 1, 2022, Plaintiffs in the related *Nutanix* action filed a Third Amended Complaint for Violations of the Federal Securities Laws ("TAC"). *Nutanix*, ECF No. 281. Recognizing the Court's desire that this action and the related *Nutanix* action be litigated "in close proximity to each other" due to the "seemingly obvious efficiencies" of addressing them together (*Nutanix* ECF No. 269; *Norton* ECF No. 60), Norton coordinated with plaintiffs in the *Nutanix* action to ensure that the FAC and TAC would be substantially identical. Decl. at ¶4. These efforts included exchanging multiple drafts and iterations of amended complaints with counsel in the *Nutanix* action in the days leading up to September 1, 2022, which alleged hundreds of paragraphs, and cited over 70 exhibits. *Id.*

Although the FAC and TAC are indeed substantially similar, last minute changes in the drafting process resulted in certain unintentional differences between the two pleadings (*e.g.*, last minute exhibit selections made by lead counsel in the *Nutanix* action and discrepancies regarding reasons why some statements are alleged to be false or misleading, *etc.*). After the FAC and TAC were filed, Defendants confirmed that they would move to dismiss. Counsel for Norton and Defendants then met and conferred on August 7, 2022, regarding a schedule for Defendants' motion to dismiss and  coordinating such briefing with the Nutanix stock case. Decl. at ¶7. All parties agreed that in the interests of judicial economy and in furtherance of the Court's preference that the two actions proceed in a coordinated

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REVISED FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

manner, to proceed on the motion to dismiss briefing with a single motion, a single opposition, and a single reply. *Id.* Thus, to ensure that issues that are common to both cases can be litigated "in close proximity to each other," and to obviate case-specific issues regarding the peculiarities of one complaint versus another (including while briefing the motion to dismiss), Plaintiff requests leave to file the proposed RFAC which would conform his complaint to plead ostensibly identical allegations as the TAC in the *Nutanix* action, except with respect to issues related to class membership. Revisions in the proposed RFAC include the inclusion of six exhibits appended to the TAC, deletion of six exhibits appended to FAC, inclusion of allegations explaining why certain challenged statements were false and misleading, revisions to quotes made by Defendants, changes to cited materials and information, and fixing typographical or other minor clerical errors.

On September 9, 2022, lead counsel emailed counsel for Defendants and advised them Norton would seek leave to file the RFAC to conform his pleading to the *Nutanix* action so that motion to dismiss briefing need not be directed to idiosyncrasies between the TAC and FAC. Decl. at ¶7. Importantly, the RFAC will simply eliminate any differences between the *Norton* complaint and the *Nutanix* complaint (outside of class issues), given the shared interest in omnibus motion to dismiss briefing and the Court's previous directives to the parties regarding case management. The RFAC introduces literally no new allegations beyond those already asserted against Defendants in the *Nutanix* action, which Defendants will be required to respond to already in the TAC. Accordingly, there is no burden or surprise to Defendants if our motion is granted, whereas there are mutual benefits of having the pleadings in the two cases conformed to one another.

On September 12, 2022, lead counsel met and conferred with counsel for Defendants and lead counsel for plaintiffs in the *Nutanix* action, via Microsoft Teams conferencing. Decl. at ¶ 9. Counsel for Defendants articulated that at that time he did not think that conforming the FAC to the TAC would be an issue. *Id.* On September 14, 2022, Plaintiff sent Defendants a copy of the Motion and the proposed RFAC. Decl. at ¶ 10. Defendants changed their position and responded that that the Motion falls outside of the Court's scheduling order and they intend to oppose the Motion. *Id.*

Defendants have not explained how granting leave to file the RFAC would cause them to sustain any burden or prejudice whatsoever. In fact, responding to the RFAC would not pose any burden given

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REVISED FIRST AMENDED
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

that the exact same allegations are asserted against Defendants in the TAC and Defendants must respond to those arguments. The RFAC would allege **nothing** new. Accordingly, Defendants' opposition is tantamount to pure formalism insofar as it is based on a timeliness argument, and Defendants ignore the Court's order that "[l]eave to amend will be freely given after [September 1, 2022] in the event that later discovery provides reason to do so." *Nutanix* ECF No. 269; *Norton* ECF No. 60. Plaintiffs reached out to Defendants immediately to address discrepancies between the FAC and the TAC that slipped through the cracks in the waning time between coordination with the *Nutanix* plaintiffs and the September 1, 2022 filing deadlines. Furthermore, the reasons for the proposed amendment were specifically in good faith reliance of the Court's instruction that the two related actions be litigated "in close proximity to each other." *Nutanix* ECF No. 269; *Norton* ECF No. 60. Given that they oppose amendment, Defendants assuredly intend to make arguments in their motion to dismiss briefing that are directed at the information that is specific to either the FAC or the TAC. This will cause distractions in the briefing and make coordinated, omnibus briefing improper as arguments applicable to one complaint would not be applicable to the other complaint (or vice versa). Accordingly, Plaintiff requests the Court grant him leave to file the proposed RFAC which will ensure that the contours of this action and the *Nutanix* action proceed in parallel, and that all motion to dismiss briefing can focus on identical common issues in single, coordinated briefing.

Wherefore, Plaintiff respectfully requests leave to file the proposed RFAC.

DATED: September 14, 2022                     Respectfully submitted,

                                              **LEVI & KORSINSKY, LLP**
                                              By: */s/ Shannon L. Hopkins*
                                              Shannon L. Hopkins (admitted *pro hac vice*)
                                              Gregory Potrepka (admitted *pro hac vice*)
                                              1111 Summer Street, Suite 403
                                              Stamford, CT 06905
                                              Tel: (203) 992-4523
                                              Email: shopkins@zlk.com
                                              Email: gpotrepka@zlk.com

                                              Adam M. Apton (SBN 316506)
                                              Adam C. McCall (SBN 302130)
                                              388 Market Street, Suite 1300

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REVISED FIRST AMENDED
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

CERTIFICATE OF SERVICE

I, Shannon L. Hopkins, hereby certify that on September 14, 2022, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send electronic notices of the same to all counsel of record.

/s/ Shannon L. Hopkins
Shannon L. Hopkins.

ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REVISED FIRST AMENDED
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS