NINA F. LOCKER, State Bar No. 123838
IGNACIO E. SALCEDA, State Bar No. 164017
EVAN L. SEITE, State Bar No. 274641
BETTY CHANG ROWE, State Bar No. 214068
LAURA G. AMADON, State Bar No. 321524
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:      nlocker@wsgr.com
            isalceda@wsgr.com
            eseite@wsgr.com
            browe@wsgr.com
            lamadon@wsgr.com

*Attorneys for Defendants Nutanix, Inc.*
*Dheeraj Pandey and Duston M. Williams*

# UNITED STATE DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NUTANIX, INC, DHEERAJ PANDEY and DUSTON M. WILLIAMS, ,<br><br>        Defendants. | CASE NO.: 3:21--04080-WHO<br><br>**DECLARATION OF EVAN L. SEITE IN SUPPORT OF DEFENDANTS' OPPOSITION TO LEAD PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A REVISED FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

SEITE DEC. IN SUPPORT OF DEFS' OPP. TO ADMIN
MOTION: CASE NO. 3:21-CV-04080-WHO

Pursuant to Local Civil Rule 7-11(a), I, Evan L. Seite, hereby declare:

1.      I am an attorney duly licensed to practice law in the State of California and before this Court.  I am a member of the law firm of Wilson Sonsini Goodrich & Rosati, Professional Corporation, counsel for Defendants Nutanix, Inc. ("Nutanix"), Dheeraj Pandey, and Duston M. Williams in the matter captioned *John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002 v. Nutanix, Inc., et al.*, Case No. 3:21-cv-04080-WHO (the "*Norton* Action") and the related securities class action captioned *In re Nutanix, Inc. Securities Litigation*, Case No. 3:19-cv-01651-WHO (the "*Nutanix* Action").  I have personal knowledge of the matters set forth in this declaration and, if called upon to do so, could and would testify competently as to the matters set forth herein.

2.      To date, Defendants have produced over 32,000 documents in the *Nutanix* Action.

3.      Lead Plaintiff attached a PDF copy of the document bearing Bates stamp NTNX-0046501 to his First Amended Complaint (ECF No. 78; the "FAC") as Exhibit No. 19 (ECF No. 78-1).  NTNX-0046501 is an Excel spreadsheet that Nutanix produced in a "native" format, *i.e.*, it was produced in its original Excel file format.  The document was produced to, among others, counsel for Lead Plaintiff in connection with the parties' April 2022 mediation and, following that, on May 23, 2022 in the *Nutanix* Action.

4.      Attached hereto as Exhibit 1 is a compilation of true and accurate excerpted screenshots of the native Excel spreadsheet underlying Lead Plaintiffs' Exhibit No. 19.  The screenshots reflect data relating to Nutanix's quarterly sales pipeline (both the starting pipeline at the beginning of the quarter and pipeline created in the quarter), bookings per sales representatives (both for fully-ramped sales representatives and all active representatives), sales representative head counts (for fully ramped sales representatives and total sales representatives), and total net bookings on a quarterly basis for Nutanix's fiscal years 2017 and 2018.

5.      As reflected in Exhibit 1, Nutanix's average fully ramped sales representative productivity on a bookings per representative basis in Q2'18 was $1,156,123.  Nutanix's average bookings per active sales representative was $949,393 in Q2'18.  At the time, those were the

SEITE DEC. IN SUPPORT OF DEFS' OPP. TO ADMIN
MOTION:  CASE NO. 3:21-CV-04080-WHO                    -1-

highest levels of productivity in those metrics that Nutanix had achieved since its initial public offering ("IPO") in September 2016.  In Q4'18, Nutanix achieved average fully ramped sales representative productivity on a bookings per representative basis of $1,226,119, which was the highest level of that productivity since Nutanix's IPO.  The average bookings per active sales representative in that quarter was $879,056, which was the second highest quarterly rate in that category since Nutanix's IPO.

6.      Attached hereto as Exhibit 2 is a compilation of true and accurate copies of Nutanix's Earnings Press Releases for the financial quarters of Q1'17 through Q4'18, publicly filed with the Securities and Exchange Commission as Exhibits 99.1 to Forms 8-K.

7.      Attached hereto as Exhibit 3 is a true and accurate copy of an email exchange among counsel for the parties dated September 6-14, 2022, with a subject line titled:  "RE: [External]RE: [External]RE: [External]Norton:  Draft Stipulation re Schedule."

8.      Attached hereto as Exhibit 4 is a true and accurate copy of an email exchange among counsel for the parties dated September 13, 2022, with a subject line titled:  "Nutanix and Norton Joint Stipulation."

9.      On September 7, 2022, my colleague Laura Amadon and I attended a teleconference with Shannon Hopkins and Gregory Potrepka of Levi & Korsinsky, LLP, counsel for Lead Plaintiff.  During the call, the attendees briefly discussed the anticipated motion to dismiss practice and agreed in principle that omnibus briefing of the motion to dismiss—*i.e.*, Defendants filing a single, omnibus opening and reply briefs and plaintiffs filing a single, omnibus opposition—made sense.  I suggested that the parties should further consider how to accomplish that goal and should follow up with each other regarding their proposals.

10.     At 1:25 PM (PDT) on Friday, September 9, 2022, counsel for Lead Plaintiff emailed defense counsel and stated Lead Plaintiff intended to file an administrative motion pursuant to Local Rule 7-11 in the *Norton* action requesting leave to file a Revised First Amended Complaint.  Ex. 3, pgs. 3-4.

11.     At 10:00 AM (PDT) on Monday, September 12, 2022, my colleagues Laura Amadon and Eric Kohan and I participated in a Microsoft Teams conference with Stephen

Astley of Robbins Geller Rudman & Dowd LLP, Lead Counsel in the *Nutanix* Action, and Gregory Potrepka and Amanda Miller of Levi & Korsinsky, LLP, counsel for Lead Plaintiff, regarding the parties' respective proposed motion to dismiss briefing schedules. At the conclusion of that call, Mr. Potrepka and I briefly discussed Lead Plaintiffs' proposal. Specifically, Mr. Potrepka inquired regarding Defendants' position on the administrative motion proposal from his September 9, 2022 email (Ex. 3, pgs. 3-4). I expressed Defendants' continued agreement with the concept of streamlined motion to dismiss briefing and stated my belief, which I held at that time, that the parties should be able to work cooperatively to find a solution to accomplish that goal. However, I also stated that Defendants were still considering Lead Plaintiff's proposal regarding a potential administrative motion and, accordingly, expressly declined to agree to Norton's proposal at that time.

12. On September 13, 2022, my colleague Laura Amadon emailed a draft stipulation to counsel for the parties that, among other things, contemplated omnibus briefing in the *Norton* and *Nutanix* Actions. Ex. 4.

13. After she sent the email reflected in Exhibit 4, Ms. Amadon responded to Gregory Potrepka's September 9, 2022 email proposing to file administrative motion pursuant to Local Rule 7-11 for leave to file a Revised First Amended Complaint. Ex. 3, pgs. 3. Ms. Amadon stated that Defendants believed the draft stipulation reflected in Exhibit 4 attached hereto addressed the shared goal of an efficient single set of briefing in the *Norton* and *Nutanix* Actions and obviated the need for an administrative motion. Ex. 3, pg. 3.

14. On September 14, 2022, Gregory Potrepka responded to Ms. Amadon's email and attached a draft of Lead Plaintiff's administrative motion requesting leave to file a revised FAC. *Id.* Mr. Potrepka stated that it was Lead Plaintiff's position that the proposed administrative motion was "the most orderly way to proceed in accordance with Judge Orrick's preferences is to maximize the similarities between the two complaints." Ex. 3 at 3. I responded to Mr. Potrepka's email and explained, *inter alia*, that "[w]hile Defendants are amenable to omnibus motion to dismiss briefing pursuant to our previous proposed stipulations, we are not amenable to the *Norton* Plaintiff's proposed administrative motion to file another amended complaint and

SEITE DEC. IN SUPPORT OF DEFS' OPP. TO ADMIN    -3-
MOTION: CASE NO. 3:21-CV-04080-WHO

will oppose it." *Id.* at 2-3.

15.    After I sent my email conveying Defendants' position regarding Lead Plaintiffs' proposal, I spoke telephonically with Shannon Hopkins and Gregory Potrepka, who articulated for the first time their claim that the differences between the FAC in this action and the TAC in the *Nutanix* Action were purportedly due to an inadvertent error in filing the FAC. I reiterated that Defendants opposed such a motion and summarized the basis for Defendants' opposition.

16.    Immediately following my discussion with Ms. Hopkins and Mr. Potrepka, I sent an email to counsel for Lead Plaintiff memorializing our conversation and summarizing the basis for Defendants' opposition to Lead Plaintiff's proposed administrative motion requesting leave to file a revised FAC. Ex. 3, pg. 1.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct. Executed this 19th day of September, 2022, in Redwood City, California.

/s/ Evan L. Seite
Evan L. Seite

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Nina F. Locker, am the ECF User whose identification and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated: September 19, 2022                             /s/ Nina F. Locker
                                                      Nina F. Locker