NINA F. LOCKER, State Bar No. 123838
IGNACIO E. SALCEDA, State Bar No. 164017
EVAN L. SEITE, State Bar No. 274641
BETTY CHANG ROWE, State Bar No. 214068
LAURA G. AMADON, State Bar No. 321524
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100
Email:      nlocker@wsgr.com
            isalceda@wsgr.com
            eseite@wsgr.com
            browe@wsgr.com
            lamadon@wsgr.com

*Attorneys for Defendants Nutanix, Inc.,
Dheeraj Pandey, and Duston M. Williams*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE NUTANIX, INC. SECURITIES LITIGATION | CASE NO.:  3:19-cv-01651-WHO<br>CASE NO.:  3:21-cv-04080-WHO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS MOTION TO DISMISS** |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>        Defendants. | Hearing Date: February 15, 2023<br>Time: 2:00 PM<br>Courtroom: 2<br>Hon. William H. Orrick |

Defendants Nutanix, Inc. ("Nutanix"), Dheeraj Pandey and Duston M. Williams (collectively, "Defendants") submit this Reply in support of Defendants' Request for Judicial Notice in Support of Omnibus Motion to Dismiss Complaints for Violations of the Federal Securities Law ("RJN") (ECF No. 293) and in response to Plaintiffs' Opposition to the RJN ("RJN Opposition" or "RJN Opp.") (ECF No. 297).[1]

**INTRODUCTION**

In support of their Motion to Dismiss (ECF No. 292), Defendants submitted two categories of exhibits: documents incorporated by referenced and/or attached to the Complaints, and documents subject to judicial notice.[2] These exhibits consist of documents Plaintiffs obtained in discovery which were referenced in and/or attached to their Complaints or a prior operative version thereof, or publicly available SEC filings or earnings call transcripts.

Plaintiffs do not dispute the authenticity of any of these exhibits. Plaintiffs argue that five of the exhibits were not specifically attached or referenced in the TAC and RFAC (Exhibit Nos. 1, 3, and 26), or, although referenced or attached in part to the TAC or RFAC, do not serve "as a basis" for Plaintiff's claims (Exhibit Nos. 2 and 14). *See* RJN Opp. at 1, 3-4, 15-16. But each of these exhibits are appropriate for the court's review under the incorporation by reference doctrine (Exhibit Nos. 2, 3, and 14) and/or judicial notice (Exhibit Nos. 1, 2, and 26).

In addition, Plaintiffs also seek to restrict what the Court may consider in the exhibits. *See* RJN Opp. at 1 ("[N]one of the documents can be considered for their truth to dispute the allegations of the Complaints"). But the law is clear that "a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (citation omitted). Plaintiffs do not identify any specific disputes regarding the facts contained within the exhibits upon which Defendants'

---

[1] Unless otherwise noted, the abbreviations used herein are the same as identified in the Table of Abbreviations in Defendants' Reply in Support of Omnibus Motion to Dismiss, filed concurrently, or in the RJN.

[2] All exhibits are attached to the Amadon Declaration (ECF No. 292-1) and the Supplemental Amadon Declaration, filed concurrently.

DEFS' REPLY ISO RJN ISO
OMNIBUS MOTION TO DISMISS                           -1-
CASE NO. 3:19-CV-01651-WHO
CASE NO. 3:21-CV-04080-WHO

Motion to Dismiss relies, but rather only raise vague and conclusory counterarguments based on the documents.

As explained below, the Court should therefore consider each of Defendants' exhibits.[3]

## ARGUMENT

**I.  THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN OR ATTACHED TO THE TAC AND RFAC AND INTEGRAL TO PLAINTIFFS' CLAIMS**

This Court can—and should—consider documents attached to, referenced in, or forming the basis of the Complaints.  RJN at 2-6.  And as shown in Defendants' RJN, Exhibit Nos. 2-25 may properly be considered by the Court as part of the pleadings or under the doctrine of incorporation by reference.  *Id.* at 2-6, 12-15; *see also infra* pp. 8-13 (addressing Exhibit 3, the Metric Sheet).  Nothing in the RJN Opposition demonstrates otherwise.  Plaintiffs' opposition can be boiled down to general complaints about Defendants' "abuse" of the incorporation by reference doctrine and contention that Defendants improperly ask the Court to "assume the truth" of those exhibits.  But in *Khoja*, the Ninth Circuit made clear that it is "generally true" that a "court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"  899 F. 3d at 1003 (alternations in original) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).  Moreover, the Ninth Circuit recently explained that documents and facts that are incorporated by reference and/or subject to judicial notice control over general conclusions in a complaint.  In *In re Finjan Holdings, Inc. Securities Litigation*, the Ninth Circuit held:

> When a general conclusion in a complaint contradicts specific facts retold in a document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, those specific facts are controlling. Similarly, where a complaint incorrectly summarizes or characterizes a legally operative document attached to the complaint, incorporated by

---

[3] The Court previously incorporated by reference the documents in Exhibit Nos. 2, 4, 7-9, 11, 21-22, and 24-25 or excerpts thereof.  MTD II at 8 n.1 (ECF No. 140).  Plaintiffs advance no arguments why the Court should not consider these same documents in connection with the current Omnibus Motion to Dismiss as these documents form part of the Court's record for this case.  Contrary to Plaintiffs' skewed summation of the record (RJN Opp. at 2), the Court denied the request for judicial notice of documents as moot rather than on the substance of the request and only noted that the Court was "not rely[ing] upon the documents for their factual truth, but to place Plaintiffs' allegations in context and evaluate the plausibility of their claims."  MTD II at 8 n.1.

reference in the complaint, or subject to judicial notice, the document itself is controlling.

--- F.4th ----, 2023 WL 329413, at *3 n.1 (9th Cir. Jan. 20, 2023).

As explained below, each of Defendants' exhibits meets this standard.

**Exhibit Nos. 13, 15-20, and 23**: Defendants showed that Exhibit Nos. 13, 15-20, and 23, which were attached as exhibits to the Complaints, were properly submitted to the Court for review in their entirety. RJN at 2-6. Plaintiffs cite internal data and documents from these exhibits to support their key allegations (*e.g.*, regarding the purported declines in pipeline and productivity). They therefore serve as the basis of Plaintiffs' claims. Mot. at 10-14. Because Plaintiffs do not challenge any of these exhibits, nor dispute that the Court may assume that the contents of these exhibits are true for purposes of the Motion to Dismiss, the Court should consider each of these exhibits, including for their truth, in deciding Defendants' Motion to Dismiss. *See Ardente, Inc. v. Shanley*, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence"); *see also Finjan*, 2023 WL 329413, at *3 n.1.

**Exhibit Nos. 4-10, 21-22, and 24-25**: Defendants showed that because the Complaints rely upon, quote, and/or reference Exhibit Nos. 4-12, 21-22, and 24-25,[4] which are SEC filings and/or earnings call transcripts, they are clearly properly considered to be incorporated by reference in the Complaints. RJN at 3-6. Indeed, this Court and others in this District routinely consider SEC filings and earnings call transcripts under this doctrine. *See, e.g.*, MTD II at 8 n.1 (incorporating by reference SEC filings, earnings call transcripts, and press releases). Plaintiffs do not dispute the authenticity of these exhibits referenced in the Complaints or that they are proper documents for incorporation by reference. Instead, Plaintiffs seek to escape the effect of that

---

[4] Exhibit Nos. 4 (transcript of Nutanix's Q1'18 Earnings Conference Call), 5 (transcript of Nutanix's Q2'18 Earnings Conference Call), 6 (transcript of Nutanix's Q3'18 Earnings Conference Call), 7 (excerpts of Nutanix's Form 10-Q for Q1'18), 8 (excerpts of Nutanix's Form 10-Q for Q3'18), 9 (excerpts of Nutanix's Form 10-K for FY18), 10 (transcript of Nutanix's Q4'18 Earnings Conference Call), 21 (Nutanix's press release titled "Nutanix Reports Fourth Quarter Fiscal 2018 Financial Results"), 22 (Nutanix's press release titled "Nutanix Reports Second Quarter Fiscal 2018 Financial Results"), 24 (transcript of Nutanix's Q2'19 Earnings Conference Call), and 25 (excerpts of Nutanix's Form 10-Q for Q2'18).

incorporation, arguing the Court may not consider these exhibits for their truth. RJN Opp. at 13-18. Plaintiffs' objection is a guise for "artful pleading." *Khoja*, 899 F.3d at 1003.

Plaintiffs specifically challenge and extensively quote statements made in certain SEC filings, press releases, and earnings call transcripts. *See, e.g.*, TAC ¶¶ 289-291 (Ex. 4), 313-317 (Ex. 5), 342-349 (Ex. 6), 292-304 (Ex. 7), 352-363 (Ex. 8), 375-386 (Ex. 9), 368-374 (Ex. 10), 364-367 (Ex. 21), 308-311 (Ex. 22), and 323-335 (Ex. 25); *see also* RJN Opp. at 13-14 (admitting that Exhibit Nos. 4-10, 21-22, and 25 contain the challenged statements). Yet they also seek to prevent the Court from considering the full text and context of the challenged statements and other disclosures on which Plaintiffs rely. The purpose of the doctrine of incorporation is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. By operation of the incorporation doctrine, these exhibits are treated as though they are "part of the complaint itself" (*id.*) and therefore, the Court may consider all of them, not just the portions Plaintiffs select. *See, e.g.*, *Paddock v. DreamWorks Animation SKG, Inc.*, 2015 WL 12711653, at *5 n.4 (C.D. Cal. Apr. 1, 2015) (dismissing securities class actions where plaintiffs' mischaracterizations of allegedly false statements was "evident after an examination of the full statements made"), *aff'd sub nom. Roofers Local No. 149 Pension Fund v. DreamWorks Animation SKG, Inc.*, 677 F. App'x 376 (9th Cir. 2017); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("alleged false statements 'must be analyzed in context'") (citation omitted); *see also* MTD II at 8 n.1 (relying on documents incorporated by reference in the SAC "to place Plaintiffs' allegations in context and evaluate the plausibility of their claims.").

**Exhibit Nos. 11-12**: Exhibit Nos. 11 (Nutanix's press release titled "Nutanix Reports Second Quarter Fiscal 2019 Financial Results") and 12 (transcript of Nutanix's Q3'19 Earnings Conference Call) merely provide support for the undisputed fact that Nutanix reported its financial results for Q2'19 on February 28, 2019 and Q3'19 on May 30, 2019, and the reported revenue and billings for Q3'19. Mot. at 4-5. Again, Plaintiffs do not dispute the authenticity of these documents or the accuracy of any of the information cited by Defendants. Because Plaintiffs have

mounted no viable challenge to these exhibits, the Court should these exhibits, including for their truth in deciding the Motion to Dismiss.

Though Plaintiffs make the conclusory contention that the Court may not consider the truth of these exhibits to resolve a factual dispute with Plaintiff's allegations (RJN Opp. at 16-18), Plaintiff does not actually identify any specific dispute given that they do not challenge the accuracy of any of the data, financial metrics, or facts contained within the exhibits. Thus, the documents themselves and specific facts therein are controlling. *Finjan*, 2023 WL 329413, at *3 n.1.

**Exhibit No. 2**: Plaintiffs admit that Exhibit No. 2 (excerpts of Nutanix's Form 10-K for FY19) was specifically referenced in the Complaints, RJN Opp. at 15; *see also* TAC ¶ 53; RFAC ¶ 52, but argue that the single reference to Exhibit No. 2 is not enough for the Court to consider the document. Plaintiffs' argument is without merit because Plaintiffs' Opposition to the Motion relies on exhibits that are only referenced once in the Complaints. *See, e.g.*, *compare* PX8 (only cited in TAC ¶ 157 & RFAC ¶ 157), *with* Opp. at 13 n.6; *compare* PX44 (only cited in TAC ¶ 209 & RFAC ¶ 209), *with* Opp. at 4.

What Plaintiffs also fail to acknowledge is that Exhibit No. 2 provides a necessary basis for their scienter allegations. *See* TAC ¶ 478; RFAC ¶ 478. Moreover, "a document may be properly considered and 'is not "outside" the complaint if the complaint specifically refers to the document and if its authenticity is not questioned.'" *Coleman v. Virga*, 2019 WL 2866724, at *2 n.1 (E.D. Cal. July 3, 2019) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)). Because the authenticity of Nutanix's SEC filing is not questioned and Plaintiffs specifically concede the Complaints reference the document, Exhibit No. 2 should be considered in evaluating the Motion to Dismiss.

**Exhibit No. 14**: Defendants showed that Exhibit 14 (an excerpt of data contained in an Excel spreadsheet titled "FP&A Q1'19 Projection - wk4.xlsx" and attached to an August 29, 2018 email, attached to the Complaints as PX51) is properly considered under the incorporation by

reference doctrine.  RJN at 4 & n.2.  Plaintiffs admit that the Complaints attach the August 29, 2018 cover email (as PX51) which in turn contained Exhibit 14 as an attachment.[5]  RJN Opp. at 15. Plaintiffs further admit that they omitted the attachment from the Complaints (*id.*), notwithstanding longstanding standard practice that a complete "document" is both the email and its attachments.  *See* RJN at 4 n.2.  And Plaintiffs employ this very practice themselves in the Complaints, attaching an email as an exhibit but relying on and quoting from the attachment that was not part of the exhibit.  *See, e.g.*, *compare* PX47 (July 13, 2018 Email), *with* TAC ¶ 211 *and* RFAC ¶ 211 (relying upon and quoting from the attachment to PX47, despite failing to attach it as an exhibit to the Complaints).  Yet Plaintiffs again seek to prevent the Court from reviewing the whole document (*i.e.*, the email and its attachment).  This is precisely the practice that the incorporation by reference doctrine is designed to prevent:  plaintiffs "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja*, 899 F.3d at 1002.

*Wilson v. Gordon & Wong Law Group, P.C.* is illustrative here.  2013 WL 6858975 (E.D. Cal. Dec. 24, 2013).  There, the plaintiff's complaint included an exhibit of a cover email stating, "I have attached releases for your review[.]"  *Id.* at *5.  Although the complaint did not include the releases (*i.e.*, settlement agreements) which were attached to that cover email, the court determined that those releases were incorporated by reference into the complaint itself.  *Id.*  That same determination should be made here as the Complaints directly attached the cover email (as PX51) but purposefully omitted that email's attachment (Exhibit No. 14).

## II.   THE COURT SHOULD CONSIDER DOCUMENTS SUBJECT TO JUDICIAL NOTICE

Courts may take judicial notice of information "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *see also* RJN at 6.

---

[5] Once again, Plaintiffs do not contest the authenticity of Exhibit No. 14 or that it is in fact the referenced attachment in Plaintiffs' PX51.

Defendants showed that Nutanix's SEC filings (Exhibit Nos. 1-2, 7-9, 11, 21-22, and 25-26) and earnings call transcripts (Exhibit Nos. 4-6, 10, 12, and 24) are properly subject to judicial notice.[6]  RJN at 6-9.  These documents, whose authenticity Plaintiffs do not contest, are routinely subject to judicial notice in securities actions.  *Id*. (citing cases).  Plaintiffs do not dispute that the Court can take judicial notice of any of these documents but argue they cannot be noticed for their truth and that Defendants' use is "improper because it asks the court to 'engage in fact-finding in the course of deciding the sufficiency of the Complaint.'"  RJN Opp. at 13-15, 16-18 (citation omitted).  Plaintiffs also claim that Defendants' use of some of these exhibits is an "attempt[] to minimize or explain away their emails."  *Id.* at 17.  Plaintiffs mischaracterize Defendants' request.

Contrary to Plaintiffs' claims, Defendants appropriately seek notice of these exhibits for their existence and to demonstrate what information was available to the market, which is entirely permissible.  *See, e.g.*, *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020) (court may take judicial notice that the market was aware of information); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice to "indicate what was in the public realm at the time") (citation omitted).  Those facts include:

- The fact that Nutanix reported its results for Q2'19 on February 28, 2019 and Q3'19 on May 30, 2019.[7]

- The fact that Nutanix reported its revenue, billings, total number of end customers, and the proportion of ramped to unramped sales team members on a quarterly and/or annual basis.[8]

---

[6] Of these, Exhibit Nos. 2, 4-12, and 21-22, and 24-25 were also referenced in or attached to the Complaint, and thus also appropriate for consideration as part of the pleadings or through the incorporation by reference doctrine.  *See supra* pp. 2-6.  As for Exhibit Nos. 1 (excerpts of Nutanix's Form 10-K for FY17) or 26 (excerpts of Nutanix's Form 10-Q for Q2'17), Plaintiffs do not challenge the authenticity of these documents or that they are proper for judicial notice.

[7] Mot. at 4-5 (citing Nutanix's press release titled "Nutanix Reports Second Quarter Fiscal 2019 Financial Results" filed with the SEC and Nutanix's Q1'19 Earnings Conference Call).

[8] Mot. at 4 (citing excerpts of Nutanix's Form 10-Q for Q3'18 and excerpts of Nutanix's Form 10-K for FY18); *id*. at 18 (citing Nutanix's press release titled "Nutanix Reports Second Quarter Fiscal 2018 Financial Results" filed with the SEC).

- Nutanix's reported revenues and numbers of customers and sales team members.[9]

- The fact that Nutanix provided forward-looking guidance for projected revenue and/or billings.[10]

- Nutanix's risk disclosures regarding its business transitions.[11]

Plaintiffs try to escape dismissal by claiming some unspecified factual dispute. In reality, these exhibits are submitted for facts that are not subject to reasonable dispute. *C.f. Golub v. Gigamon, Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019) (courts need not "'accept as true allegations that contradict matters properly subject to judicial notice;' a party may not avoid dismissal by raising an unreasonable factual dispute") (citation omitted), *aff'd*, 994 F.3d 1102 (9th Cir. 2021). Plaintiffs do not challenge the accuracy of any of Nutanix's reported metrics or that the risk disclosures were made, and thus fail to raise a reasonable factual dispute as to these judicially noticeable facts. Under these circumstances, judicial notice of these exhibits is proper. *See, e.g.*, *Wanca v. Super Micro Comput., Inc.*, 2018 WL 3145649, at *4 (N.D. Cal. June 27, 2018) (taking judicial notice of "the fact the [SEC filings] impart particular information").

## III.   THE COURT MAY PROPERLY CONSIDER THE EXHIBIT 3 METRIC SHEET

Defendants demonstrated that the Court should consider Exhibit No. 3 (a Nutanix internal Excel spreadsheet labeled "Metric Sheet") both because (1) the Metric Sheet was attached as an exhibit to the *Norton* FAC and expressly formed the basis of the scienter allegations therein and (2) because it is otherwise incorporated by reference in the current Complaints. RJN at 9-15. Tellingly, Plaintiffs do not dispute either the authenticity of the Metric Sheet or the accuracy of the data contained therein. Indeed, Plaintiffs themselves rely on that very data to support their new "negative trends" argument. Opp. at 22-23. Plaintiffs also admit that, although they failed to attach the document as an exhibit, the "Metrics Sheets" are in fact referenced in the TAC and

---

[9] Mot. at 3, 12 (citing excerpts of Nutanix's Form 10-K for FY17 and excerpts of Nutanix's Form 10-Q for Q2'17).

[10] Mot. at 4 (citing transcript of Nutanix's Q4'18 Earnings Conference Call).

[11] Mot. at 4 (citing excerpts of Nutanix's Form 10-K for FY18). *See Smith v. NetApp, Inc.*, 2021 WL 1233354, at *4 (N.D. Cal. Feb. 1, 2021) (taking judicial notice of risk disclosures in Form 10-K for purpose of demonstrating disclosure to market, noting that accuracy of SEC filings "cannot reasonably be questioned").

RFAC as evidence allegedly supporting a strong inference of scienter, and they do not dispute that the referenced "Metrics Sheets" in the TAC and RFAC refer specifically to Exhibit 3. *See* RJN Opp. at 2, 7-8. And finally, Plaintiffs acknowledge that the Metric Sheet was previously attached to the FAC and formed the basis of Plaintiff Norton's allegations of fraud. *Id.* at 2.

Plaintiffs raise several arguments that the Court cannot consider the Metric Sheet, but none have merit.

***First***, Plaintiffs argue that the *Norton* RFAC "superseded" the FAC and the Court must treat the FAC as "non-existent." For this argument, Plaintiffs primarily rely on *Ramirez v. County of San Bernardino* (RJN Opp. at 2, 6), which sets forth the rule that an amended complaint supersedes prior complaints. 806 F.3d 1002, 1008 (9th Cir. 2015).[12] *Ramirez* does not stand for the proposition that the Court must turn a blind-eye to earlier pleadings, and courts in this District have rejected this precise argument in recognizing that, "the Court may consider allegations in a prior complaint as part of its 'context-specific' inquiry into whether a later complaint plausibly suggests an entitlement to relief." *Costanzo v. DXC Tech. Co.*, 2021 WL 5908385, at *4 n.1 (N.D. Cal. Dec. 14, 2021); *see also* RJN at 12.

*Dairy Road Partners v. Maui Gas Ventures LLC* is also directly on point. 2018 WL 3945373 (D. Haw. Aug. 16, 2018). In that case, the plaintiffs' second amended complaint attached an several-hundred-page exhibit reflecting a months-long email exchange in the course of negotiating a contract at issue in the case. *Id.* at *7. After losing a motion to dismiss, the plaintiffs filed a third amended complaint that removed the large attachment and, instead, only attached "a handful of specific e-mails, each . . . devoid of the context offered by the surrounding email 'threads' previously visible to the Court via [the] SAC" while otherwise making only passing references to the broader e-mail exchange. *Id.* at *4, *8. The court found that incorporation by reference of the prior complaint's more fulsome exhibit containing the entire email thread was

---

[12] Plaintiffs also suggest that, even if the Court could consider the Metric Sheet, it could only do so in connection with the *Norton* action because the Metric Sheet was never attached to the TAC. RJN Opp. at 6. This argument fails: the Court ordered omnibus briefing with respect to both the Complaints, so it is entirely appropriate to consider the Metric Sheet in conjunction with both matters. *See Nutanix* Action, Order on Motion to Revise FAC and Setting Briefing Schedule (ECF No. 288).

appropriate, because otherwise, "a plaintiff with a deficient claim could survive a Rule 12(b)(6) motion 'by not attaching a dispositive document upon which the plaintiff relied.'" *Id.* at *7-8 (citation omitted).[13]

Defendants' other authorities are likewise directly on point. RJN at 12 (collecting cases). Plaintiff's attempts to distinguish *Costanzo* and *Lopes* because they only involved the judicial notice doctrine is incorrect. RJN Opp. at 12 n.8. Although the court in *Costanzo* stated that it was taking "judicial notice" of "allegations in a prior complaint," that is no distinction at all. 2021 WL 5908385, at *4 n.1. Here, Defendants expressly requested notice of Exhibit 3 pursuant to the rule set forth in *Costanzo* as an alternative basis to properly consider the document, *see* RJN at 11-12, and the surrounding language in that decision makes it clear that the court was analyzing the previously pled allegation under the standard for incorporation by reference, *Costanzo*, 2021 WL 5908385, at *4 n.1 ("The Court may take judicial notice of a document 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'") (quoting *Khoja*, 899 F.3d at 1002). Similarly, in *Lopes v. Fitbit, Inc.*, the court styled the request as for judicial notice but took into consideration "documents on which the complaint necessarily relies" under the incorporation by reference doctrine. 2020 WL 1465932, at *2-3 (N.D. Cal. Mar. 23, 2020), *aff'd*, 848 F. App'x 278 (9th Cir. 2021).

Plaintiffs' attempts to distinguish Defendants' other numerous in-circuit, on-point authorities on the basis that "each involved situations where the plaintiffs excised certain allegations . . . that would necessarily been fatal to their claims" (RJN Opp. at 12) is not a distinction at all. Here, although the Complaints ***concededly*** refer to the Metric Sheet in the section of the Complaints that describe the "**NATURE OF THE ACTION**," Plaintiffs have excised the exhibit itself, which reflects increasing sales pipeline—whether measured by total or new growth—and sales productivity, not decreasing. Thus, just like in the authorities cited by Defendants, the Metric Sheet excised from the current Complaints is fatal to Plaintiffs' central theory of fraud. *See* RJN at 12 (citing *J. Edwards Jewelry Distrib., LLC v. Wells Fargo & Co.*,

---

[13] The court also found the same exhibit appropriate for consideration through the doctrine of judicial notice as it was part of the court's record in that case. *Id.* at *9.

DEFS' REPLY ISO RJN ISO                                              -10-
OMNIBUS MOTION TO DISMISS
CASE NO. 3:19-CV-01651-WHO
CASE NO. 3:21-CV-04080-WHO

2019 WL 2329248, at *4 (N.D. Cal. May 31, 2019) (excised allegations were fatal to timeliness of plaintiffs' claims under the statute of limitations); *Molica v. Synchrony Bank*, 2021 WL 9315272, at *3 (N.D. Cal. Sept. 14, 2021) (excised allegation was fatal to allegation that Defendants was a "debt collector" as required by the Fair Debt Collection Practices Act); *McKenna v. WhisperText*, 2015 WL 5264750, at *1, *3 (N.D. Cal. Sept. 9, 2015) (excised allegation fatally undermined allegation that defendant utilized an "automated telephone dialing system" for purposes of the Telephone Consumer Protection Act); *Kennedy v. Wells Fargo Bank, N.A.*, 2011 WL 3359785, at *4-5 (N.D. Cal. Aug. 2, 2011) (considering date of letter attached as an exhibit to a previous complaint, but excised from amended complaint, which showed that defendants did not fail to timely respond to plaintiff's demand); *Fasugbe v. Willms*, 2011 WL 2119128, at *5-6 (E.D. Cal. May 26, 2011) (considering conflicting versions of screenshots of defendants' website submitted in a complaint and a later amended complaint); *Cole v. Sunnyvale*, 2010 WL 532428, at *4-5 (N.D. Cal. Feb. 9, 2010) (considering letter attached to prior complaint which helped disprove conclusory allegations in subsequently amended complaint)).[14]

**_Second_**, Plaintiffs also argue that consideration of Exhibit No. 3 is inappropriate because they have not had the opportunity to depose anyone knowledgeable about that exhibit. RJN Opp. at 10. This argument is disingenuous as the *Norton* Plaintiff attached the Metric Sheet to his own pleadings (RJN at 9-12) and the *Nutanix* Plaintiff identified the Metric Sheet as a document they

---

[14] Plaintiffs cite to some cases in which courts have generally declined to consider earlier complaints (RJN Opp. at 6-7 & n.4), but Plaintiffs misrepresent the courts' holdings and/or the cases involve factual circumstances that bear little resemblance to the issues here. *See, e.g.*, *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 2014 WL 2916472, at *7-8 (N.D. Cal. June 26, 2014) (no need to decide whether the prior pled allegation was precluded by the amended complaint as the issue could not be determined as a matter of law); *Erickson v. Corinthian Colls., Inc.*, 2015 WL 12732435, at *17 (C.D. Cal. Apr. 22, 2015) (involved no analysis of fatal allegations excised from prior complaint; stands only for the uncontroversial proposition that a subsequent amended complaint may contain new factual allegations based on new, previously unknown facts); *Rowell v. Zamora*, 2018 WL 1354033, at *1 (E.D. Cal. Mar. 15, 2018) (pro se prisoner); *Bruister v. Asuncion*, 2018 WL 6016966, at *1 (C.D. Cal. July 16, 2018) (pro se prisoner); *Marshall v. Loc. Union No. 701 Int'l Bhd. of Elec. Workers*, 2005 WL 8177539, at *2 (N.D. Ill. Mar. 18, 2005) (defendants provided no evidence that the documents referenced in superseded pleadings were in fact what defendants said they were); *Tate v. Quad/Graphics Inc.*, 2011 WL 4352301, at *2 (E.D. Ark. Sept. 19, 2011) (plaintiff tried to escape his own technical pleading defects in the amended complaint by relying on documents attached to earlier pleading). Importantly, none of Plaintiffs' relied-upon authorities examine or distinguish Defendants' numerous on-point, in-Circuit cases.

"intended to reference in their third amended complaint" (*id.* at 14-15).  Thus, Plaintiffs are "obviously on notice of [Exhibit No. 3's] contents" and they do not dispute its authenticity or accuracy—which, again, merely reflects Nutanix's historical sales pipeline and sale productivity metrics.  *Dairy Road*, 2018 WL 3945373, at *7-8 (quoting *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4 (9th Cir. 1998)).  Accordingly, "the need for a chance to refute the evidence is greatly diminished." *Id.*

**_Third_**, Plaintiffs argue that Exhibit No. 3 has not been properly incorporated by reference even though they concede that the latest operative TAC and RFAC expressly identify and rely on Nutanix's internal "Metric Sheets" to plead the core element scienter.  RJN Opp. at 2, 7.[15] Plaintiffs argue that, although they specifically allege that Defendants had scienter because of the "Metrics Sheets" (TAC ¶¶ 23-24; RFAC ¶¶ 23-24), this allegation must be ignored because "Metrics Sheets" was only explicitly referenced once.  RJN Opp. at 7-8.[16]  But that is not the law.

---

[15] Plaintiffs try to escape the clear purpose of the incorporation of reference doctrine by relying on cases where it was unclear whether the complaint even referenced the document at issue or where the documents were clearly irrelevant to any portion of the plaintiff's claims.  RJN Opp. at 7; *see Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.*, 2019 WL 6716292, at *4 (N.D. Cal. Dec. 10, 2019) (declining to infer that the complaint's reference to "repeated requests" as the emails defendants sought to incorporate by reference); *Synopsys, Inc. v. InnoGrit, Corp.*, 2019 WL 4848387, at *5 (N.D. Cal. Oct. 1, 2019) (declining to incorporate a contract that was only referred to as factual background where plaintiff "does not assert any claim . . . arising out of the [contract]"); *Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 776-77 (N.D. Cal. 2019) (declining to incorporate documents because they were not "central to the claims" as they did not even govern the ERISA plan at issue); *United States v. Ritchie*, 342 F.3d 903, 906, 908-09 (9th Cir. 2003) (declining on a motion to dismiss to accept government's argument that the handwriting on the envelope of her boyfriend's petition to the government was plaintiff's handwriting and constituted evidence of plaintiff's notice of forfeiture proceedings).

[16] Plaintiffs ignore that, in addition to the express mention of the "Metric Sheets" by name, the Complaints also expressly (and extensively) rely on the existence of internal data and reports (*i.e.*, precisely what is reflected in the Metric Sheet) to support Plaintiffs' fraud claim. *See, e.g.*, TAC ¶¶ 23-24; RFAC ¶¶ 23-24 ("Based on their review of these sources [including, *inter alia*, the Metric Sheets], the Individual Defendants knew by the beginning of the Class Period that Nutanix's sales pipeline was materiality depleted" and "sales pipeline became more depleted throughout the Class Period."); TAC ¶ 11; RFAC ¶ 11 ("Internal Nutanix documents demonstrate that the sales pipeline was significantly depleted by the beginning of the Class Period on November 30, 2017, and continued to decline thereafter."); TAC ¶ 266; RFAC ¶ 266 (Defendants' direct knowledge "is established by the numerous internal e-mails, reports, and other materials detailed above."); TAC ¶ 466; RFAC ¶ 466 ("Defendants also received and distributed quarterly sales data compiled for Nutanix's Board.").  In opposition, Plaintiffs attempt to minimize their reliance on the Metric Sheet, but they cannot ignore that the TAC and RFAC directly proffered the Metric Sheet and the data contained therein as alleged evidence of scienter.  Nor can they ignore that the Norton FAC ***expressly relied on the data***.  FAC ¶¶ 183 n.31, 314-315. *See Khoja*, 899 F.3d at 1002 (recognizing (continued...)

Incorporation by reference of the Metric Sheet is warranted where Plaintiffs rely on it to form the basis of Plaintiffs' claims, even if that document is only briefly mentioned. *Haideri v. Jumei Int'l Holding, Ltd.*, 2021 WL 4170791, at *12 (N.D. Cal. Sept. 14, 2021) (finding documents referenced only two or four times in the complaint to be appropriate for incorporation by reference where they serve as the bases of dispositive allegations in the complaint). Here, Plaintiffs rely on the Metric Sheet to establish scienter.

    ***Finally***, Plaintiffs argue that the Court may not consider Exhibit No. 3 for the truth of its content (RJN Opp. at 9), notwithstanding long-established law that the Court may assume the truth of matters asserted in incorporated documents. *See Khoja*, 899 F.3d at 1014; *see also Finjan*, 2023 WL 329413, at *3 n.1. But Plaintiffs do not contest the accuracy of the data contained in that Metric Sheet. *See* RJN Opp. at 9. In fact, Plaintiffs rely on that very same data to argue their own allegations of growth rate decline, so they necessarily concede to that data's accuracy and authenticity. *See* Opp. at 22-23. Plaintiffs' attempt to use their interpretation of the data for their own arguments but deny the Court's consideration of that very same data is precisely the practice that the doctrine of incorporation by reference is designed to prevent—artful pleading by omitting the documents that Plaintiffs rely upon but are fatal to their claims. *E.g.*, *Khoja*, 899 F.3d at 1002.

    The Court may review the data contained in Exhibit 3 and the Court is not required to accept as true "allegations which are contradicted by documents referred to in the complaint." *In re Tesla Motors, Inc. Sec. Litig.*, 75 F. Supp. 3d 1034, 1046 (N.D. Cal. 2014) (citation omitted), *aff'd*, 671 F. App'x 670 (9th Cir. 2016); *see also Finjan*, 2023 WL 329413, at *3 n.1 ("When a general conclusion in a complaint contradicts specific facts retold in a document . . . incorporated by reference in the complaint, . . . those specific facts are controlling.").

## IV.    SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

    Defendants cite two additional exhibits, Exhibit Nos. 27 and 28, in their Reply, which are attached to the Supplemental Amadon Declaration, filed concurrently herewith. These documents

---

the propriety of incorporating documents when claims "necessarily depend[] on them." (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). Thus, it is entirely appropriate for the Court to consider the Metric Sheet in assessing Plaintiffs' claims. *See* RJN at 13.

are excerpts of Nutanix's Forms 10-Q for Q1'17 and Q3'17, filed with the SEC on December 8, 2016, and June 2, 2017, respectively.  Judicial notice of these exhibits is appropriate because they are documents publicly filed with the SEC and available from the SEC's website, and thus are matters of public record not subject to reasonable dispute.  Fed. R. Evid. 201(b); *see also* RJN at 6-8.  These documents, like other documents filed in support of Defendants' Motion, demonstrate that Plaintiffs are "omitting portions [of documents] . . . that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

**CONCLUSION**

For the reasons stated herein and in the RJN, Defendants respectfully request that the Court consider and notice Exhibit Nos. 1 through 28 in connection with the Motion to Dismiss.

Dated:  February 1, 2023

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Nina F. Locker*
      Nina F. Locker

*Attorneys for Defendants Nutanix, Inc., Dheeraj Pandey and Duston M. Williams*