EXHIBIT 1

1    ROBBINS GELLER RUDMAN
        & DOWD LLP
2    SHAWN A. WILLIAMS (213113)
     KENNETH J. BLACK (291871)
3    Post Montgomery Center
     One Montgomery Street, Suite 1800
4    San Francisco, CA  94104
     Telephone:  415/288-4545
5    415/288-4534 (fax)
     shawnw@rgrdlaw.com
6    kennyb@rgrdlaw.com
            – and –
7    JAMES E. BARZ
     FRANK A. RICHTER
8    200 South Wacker Drive, 31st Floor
     Chicago, IL  60606
9    Telephone:  312/674-4674
     312/674-4676 (fax)
10   jbarz@rgrdlaw.com
     frichter@rgrdlaw.com
11
     Lead Counsel for Lead Plaintiff
12
     [Additional counsel appear on signature page.]
13
                        UNITED STATES DISTRICT COURT
14
                      NORTHERN DISTRICT OF CALIFORNIA
15
                           SAN FRANCISCO DIVISION
16

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | ) ) ) ) |
| | Case No. 3:19-cv-01651-WHO<br>Case No. 3:21-cv-04080-WHO |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>        vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>                         Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| | CLASS ACTION<br><br>STIPULATION OF SETTLEMENT |

This Stipulation of Settlement (the "Stipulation") is made and entered into, on the one hand, by and between lead plaintiff California Ironworkers Field Pension Trust ("California Ironworkers") and named plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust ("City of Miami") in the *Nutanix* Action (defined below in ¶1.22), and lead plaintiff John P. Norton, on behalf of the Norton Family Living Trust UAD November 15, 2002 ("Norton," and collectively with California Ironworkers and City of Miami, "Plaintiffs") in the *Norton* Action (defined below in ¶1.20), on behalf of themselves and the proposed Class (defined below in ¶1.6), by and through their counsel of record in the Actions (defined below in ¶1.1), and, on the other hand, defendants Nutanix, Inc. ("Nutanix" or the "Company") and Dheeraj Pandey and Duston M. Williams (the "Individual Defendants" and collectively with Nutanix, the "Defendants"), by and through their counsel of record in the Actions.  The Stipulation embodies the terms and conditions of the settlement of the Actions.[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Actions and all Released Claims (defined below in ¶1.30) against Defendants.

## I.      THE LITIGATION

On March 29, 2019, an initial class action complaint was filed in this Court against Defendants, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").  *Nutanix* Action ECF 1.  On July 10, 2019, the Court entered an order consolidating the initial class action complaint with several related class action complaints against Defendants, appointing Shimon Hedvat ("Hedvat") as lead plaintiff of the consolidated action, and approving Hedvat's selection of lead counsel, Levi & Korsinsky, LLP.  *Nutanix* Action ECF 87.

On September 9, 2019, Hedvat and City of Miami filed a consolidated amended complaint against Defendants on behalf of themselves and all other persons similarly situated who purchased or otherwise acquired Nutanix securities between November 30, 2017 and May 30, 2019, inclusive ("*Nutanix* FAC").  *Nutanix* Action ECF 102.  On October 24, 2019, Defendants filed a motion to

---

[1]      All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms as set forth herein and in ¶1 hereof entitled "Definitions."

1   dismiss the *Nutanix* FAC.  *Nutanix* Action ECF 108.  On March 9, 2020, the Court granted the

2   motion to dismiss with leave to amend.  *Nutanix* Action ECF 121.

3     On April 17, 2020, Hedvat and City of Miami filed a second consolidated amended

4   complaint against Defendants ("*Nutanix* SAC").  *Nutanix* Action ECF 124.  On May 22, 2020,

5   Defendants moved to dismiss the *Nutanix* SAC.  *Nutanix* Action ECF 125.  On September 11, 2020,

6   the Court granted in part and denied the motion to dismiss.  *Nutanix* Action ECF 140.

7     On January 27, 2021, Hedvat, City of Miami, and Jose Flores ("Flores") moved to withdraw

8   Hedvat as lead plaintiff in the *Nutanix* Action, and to substitute Flores and City of Miami as co-lead

9   plaintiffs and approve their selection of lead counsel.  *Nutanix* Action ECF 161.  On March 1, 2021,

10   the Court entered an order withdrawing Hedvat as lead plaintiff and allowing any putative class

11   member to file by March 22, 2021, an application to serve as lead plaintiff.  *Nutanix* Action ECF

12   171.

13     On May 28, 2021, Norton filed a class action complaint in this Court against Defendants

14   alleging violations of Sections 10(b) and 20(a) of the Exchange Act ("*Norton* Complaint").  *Norton*

15   Action ECF 1.  The complaint was filed on behalf of Norton and all other persons or entities

16   similarly situated who transacted in publicly traded call options and/or put options of Nutanix

17   between November 30, 2017 and May 30, 2019, inclusive.  *Id.*

18     On June 2, 2021, the Court entered an order finding that the *Norton* Action was related to the

19   *Nutanix* Action.  *Norton* Action ECF 8; *Nutanix* Action ECF 223.

20     On June 10, 2021, the Court entered an order appointing California Ironworkers as lead

21   plaintiff in the *Nutanix* Action and approving its selection of Robbins Geller Rudman & Dowd LLP

22   as lead counsel.  *Nutanix* Action ECF 224.

23     On July 8, 2021, California Ironworkers filed a motion for leave to supplement the *Nutanix*

24   SAC to conform it to events related to the withdrawal of Hedvat and appointment of California

25   Ironworkers as lead plaintiff.  *Nutanix* Action ECF 229.  The Court granted the motion on August

26   16, 2021, and California Ironworkers filed a supplement to the *Nutanix* SAC on the same day.

27   *Nutanix* Action ECF 237-238.

28

1   On September 8, 2021, the Court entered an order appointing Norton as lead plaintiff in the

2   *Norton* Action and approving his selection of Levi & Korsinsky, LLP as lead counsel.  *Norton*

3   Action ECF 30.

4   On November 1, 2021, Defendants filed a motion to dismiss the *Norton* Complaint.  *Norton*

5   Action ECF 41-42.

6   On January 5, 2022, the Court entered orders vacating existing deadlines in the Actions while

7   Plaintiffs and Defendants (together, the "Parties") explored a possible resolution through the services

8   of a private mediator.  *Nutanix* Action ECF 255; *Norton* Action ECF 53.  On April 26, 2022, the

9   Parties in the Actions participated in a mediation session with retired United States District Judge,

10  Layn R. Phillips.  On May 11, 2022, the Parties informed the Court that they were unable to resolve

11  the Actions in mediation, and would present a joint proposed schedule to resume the litigation.

12  *Nutanix* Action ECF 262; *Norton* Action ECF 56.

13  On May 27, 2022, Defendants filed a motion for partial judgment on the pleadings in the

14  *Nutanix* Action.  *Nutanix* Action ECF 270.

15  On June 16, 2022, the Court denied Defendants' motion to dismiss the *Norton* Complaint.

16  *Norton* Action ECF 64.

17  On September 1, 2022, California Ironworkers and City of Miami filed a third consolidated

18  amended complaint in the *Nutanix* Action ("*Nutanix* TAC") to add new allegations, including

19  allegations based on documents obtained from Nutanix in discovery, and to re-allege previous

20  allegations from the *Nutanix* SAC.  *Nutanix* Action ECF 281.

21  On September 1, 2022, Norton filed a first amended class action complaint in the *Norton*

22  Action ("*Norton* FAC") to add new allegations, including allegations based on documents obtained

23  from Nutanix in discovery, and to re-allege previous allegations from the *Norton* Complaint.  *Norton*

24  Action ECF 74-78.

25  On September 7, 2022, Defendants withdrew their motion for partial judgment on the

26  pleadings without prejudice because it was mooted by the *Nutanix* TAC.  *Nutanix* Action ECF 282-

27  283.

28

STIPULATION OF SETTLEMENT - 3:19-cv-01651-WHO                                      - 3 -
4867-4147-0288.v6

On September 29, 2022, the Court granted a motion allowing Norton to file a Revised First Amended Complaint ("*Norton* RFAC") in order to conform the *Norton* FAC to the *Nutanix* TAC. *Norton* Action ECF 93. On October 4, 2022, Norton filed the *Norton* RFAC. *Norton* Action ECF 94-98.

On November 14, 2022, Defendants filed an omnibus motion to dismiss the *Nutanix* TAC and the *Norton* RFAC. *Nutanix* Action ECF 292; *Norton* Action ECF 105. On December 29, 2022, Plaintiffs filed an omnibus opposition to the motion to dismiss. *Nutanix* Action ECF 296; *Norton* Action ECF 107. On February 1, 2023, Defendants filed a reply in support of the motion to dismiss. *Nutanix* Action ECF 298; *Norton* Action ECF 109. A hearing on the motion to dismiss was scheduled for February 15, 2023. *Nutanix* Action ECF 288; *Norton* Action ECF 93.

On February 9, 2023, the Parties filed a stipulation and proposed order informing the Court that the Parties had agreed in principle to settle the Actions. *Nutanix* Action ECF 301; *Norton* Action ECF 111. The Parties further requested that the Court vacate the motion to dismiss hearing and agreed to provide a further update to the Court regarding the status of settlement, including the anticipated schedule for Plaintiffs' motion for preliminary approval of settlement, by March 9, 2023. *Id.* On February 10, 2023, the Court entered the proposed order. *Nutanix* Action ECF 302; *Norton* Action ECF 112.

## II.     PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Actions have merit and that the evidence developed to date supports the claims asserted. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Actions through trial and any possible appeals. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Actions, as well as the difficulties and delays inherent in such litigation. Plaintiffs and Lead Counsel are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Actions. Based on their evaluation, Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Class and is in the best interests of the Class.

## III.    DEFENDANTS' DENIALS OF LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs in these Actions.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in these Actions.  Defendants also have denied and continue to deny, *inter alia*, the allegations that Plaintiffs or Class Members have suffered damage, or were otherwise harmed by the conduct alleged in these Actions.  This Stipulation shall not be deemed an admission as to any allegation or defense in these Actions.  Defendants have asserted and continue to assert, among other things, that they acted at all times in good faith and in a manner reasonably believed to be in accordance with all applicable rules, regulations, and laws.  As set forth below, neither the Settlement itself nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or constitute an admission, concession, or finding of any fault, liability, wrongdoing, damage, or measure of damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted in the Actions.  Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation, including trial.  Defendants have determined that it is desirable and beneficial that the Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW THEREFORE, without any concession by Plaintiffs that the Actions lack merit, and without any concession by Defendants of any liability or wrongdoing or truth as to the allegations of Plaintiffs or lack of merit in Defendants' defenses, it is hereby **STIPULATED AND AGREED**, by and among the Settling Parties, through their respective undersigned attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Settling Parties hereto, all Released Claims (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions:

1

### 1.      Definitions

As used in this Stipulation, the following capitalized terms shall have the meanings set forth below.

1.1      "Actions" means the *Nutanix* Action and the *Norton* Action.

1.2      "Authorized Claimant" means a Class Member whose claim for recovery from the Net Settlement Fund has been allowed pursuant to the terms of the Stipulation.

1.3      "Claim(s)" means a paper claim submitted on a Proof of Claim or an electronic claim that is submitted to the Claims Administrator.

1.4      "Claimant" means a person or entity who or that submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.5      "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.6      "Class" or "Class Member" means all persons or entities who: (i) purchased or otherwise acquired Nutanix, Inc. ("Nutanix") securities between November 30, 2017 and May 30, 2019, inclusive (the "Class Period"); and/or (ii) transacted in publicly traded call options and/or put options of Nutanix during the Class Period.  Excluded from the Class are Nutanix and its subsidiaries and affiliates, the Individual Defendants, any of Defendants' respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a Controlling Interest.[2] Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court.

1.7      "Class Period" means the period from November 30, 2017 through May 30, 2019, inclusive.

1.8      "Complaints" mean individually and collectively the *Nutanix* TAC filed on September 1, 2022, and the *Norton* RFAC filed on October 4, 2022.

1.9      "Defendants" means Nutanix, Inc., Dheeraj Pandey and Duston M. Williams.

---

[2] "Controlling Interest" shall be defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

1.10    "Defendants' Counsel" means Wilson Sonsini Goodrich & Rosati, a Professional Corporation.

1.11    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶7.1, below.

1.12    "Escrow Account" means the separate escrow account designated and controlled by Robbins Geller Rudman & Dowd LLP into which the Settlement Amount will be deposited for the benefit of the Class.

1.13    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP.

1.14    "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and litigation expenses.

1.15    "Final" means, with respect to any court order, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (ii) an appeal has been filed and either: (a) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired; or (b) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this definition of "Final," an "appeal" includes any motion to alter or amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding involving writs of certiorari or mandamus, and any other proceedings of like kind.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

1.16    "Individual Defendants" means Dheeraj Pandey ("Pandey") and Duston M. Williams ("Williams").

1    1.17    "Judgment" means the proposed judgment to be entered by the Court approving the

2  Settlement, substantially in the form attached hereto as Exhibit B.[3]

3    1.18    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP for the *Nutanix* Action

4  and together with Levi & Korsinsky, LLP for the *Norton* Action.

5    1.19    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys'

6  fees and expenses and any awards to Plaintiffs; (ii) Notice and Administration Expenses (defined in

7  ¶2.7); (iii) Taxes and Tax Expenses; and (iv) any other fees or expenses approved by the Court.

8    1.20    "*Norton* Action" means the civil action bearing the caption *John P. Norton, on behalf*

9  *of the Norton Family Living Trust UAD 11/15/2002 v. Nutanix, Inc., et al.*, Case Number 3:21-cv-

10  04080-WHO, pending in the United States District Court for the Northern District of California

11  before the Honorable William H. Orrick.

12    1.21    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to

13  be sent to Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

14    1.22    "*Nutanix* Action" means the civil action bearing the caption *In re Nutanix Inc.*

15  *Securities Litigation*, Case Number 3:19-cv-01651-WHO, pending in the United States District

16  Court for the Northern District of California before the Honorable William H. Orrick.

17    1.23    "Person(s)" means any individual, corporation (including all divisions and

18  subsidiaries), general or limited partnership, limited liability partnership, domestic partnership,

19  marital community, association, joint stock company, joint venture, or joint venturer, limited liability

20  company, professional corporation, estate, legal representative, trust, unincorporated association,

21  government or any political subdivision or agency thereof, and any other business or legal entity.

22    1.24    "Plaintiffs" means lead plaintiff California Ironworkers Field Pension Trust and

23  named plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust in the *Nutanix*

24  Action, and lead plaintiff John P. Norton, on behalf of the Norton Family Living Trust UAD

25  November 15, 2002, in the *Norton* Action.

26

27

28  [3]    All "Exhibits" cited and referenced to herein are attached to this Stipulation.

1.25    "Plan of Allocation" means the plan of allocation of the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.26    "Postcard Notice" means the proposed Postcard Notice, substantially in the form attached hereto as Exhibit A-4.

1.27    "Preliminary Approval Order" means the proposed Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as Exhibit A.

1.28    "Proof of Claim" or "Claim Form" means the form for submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

1.29    "Related Persons" means, with respect to Nutanix, each and all of its former, present, or future parents, subsidiaries, affiliates, predecessors, divisions, joint ventures, agents, successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, auditors, accountants, financial advisors, commercial bank lenders, insurers, co-insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, agents, spouses, associates, controlling shareholders, and assigns of each or any of them or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and any entity in which any such Defendant has a Controlling Interest.  With respect to defendants Pandey and Williams, "Related Persons" means the members of their immediate families, as well as each and all of their respective former, present, or future affiliates, successors and assigns, attorneys, accountants, agents, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, agents, spouses, associates, and assigns of each or any of them or any trust of which defendants Pandey and Williams are the settlors or which is for the benefit of defendants Pandey and Williams and any entity in which defendants Pandey and Williams have a Controlling Interest.  For purposes of this Stipulation, the Individual Defendants and Nutanix are each other's Related Persons.

1.30    "Released Claims" means any and all claims, demands, losses, debts, rights, and causes of action or liabilities of every nature and description, including any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever whether known claims or Unknown Claims, whether arising under federal, state, local,

statutory, common, or foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that concern, arise out of, relate to, or are based upon both: (i) the purchase or acquisition of publicly traded Nutanix securities, call options, or put options during the Class Period; and (ii) the facts, events, transactions, acts, occurrences, statements, representations or omissions which were or could have been alleged in the Actions or could have been asserted in any court or forum.  Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement, claims that could be brought in any derivative action based on similar allegations, or the claims of any person or entity that submits a request for exclusion that is accepted by the Court.

1.31    "Released Defendant Parties" means each and all of the Defendants, and each and all of their Related Persons.

1.32    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Lead Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Actions, except for claims relating to the enforcement of the Settlement.

1.33    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

1.34    "Released Plaintiff Parties" means Plaintiffs, each and every Class Member, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

1.35    "Settlement" means the resolution of the Actions in accordance with the terms and provisions of the Stipulation.

1.36    "Settlement Amount" means Seventy-One Million U.S. Dollars ($71,000,000.00) to be paid by check(s) or wire transfer(s) to the Escrow Agent pursuant to ¶2.1 of this Stipulation.

1.37    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

1.38    "Settlement Hearing" means the hearing to be held by the Court to determine whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair, reasonable, adequate, and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses and awards to Plaintiffs should be approved.

1.39    "Settling Parties" means Plaintiffs, on behalf of themselves, the Class, and Defendants.

1.40    "Stipulation" means this Stipulation of Settlement.

1.41    "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form attached hereto as Exhibit A-3.

1.42    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.8.

1.43    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.8.

1.44    "Unknown Claims" means any and all Released Claims that Plaintiffs or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in their, his, her, or its favor, which if known by any of them, might have affected their, his, her, or its decision(s) to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected their, his, her, or its decision not to object to this Settlement or not exclude themselves, himself, herself, or itself from the Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts

composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Class Members (as regards to the Released Claims) and Defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Actions, but they stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs and Defendants acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

### 2. The Settlement

#### a. The Settlement Fund

2.1     In full settlement of the Released Claims, Nutanix shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent within twenty (20) calendar days after the Court signs and enters the Preliminary Approval Order of the Settlement (the "Payment Date"); *provided that, however*, the Payment Date is not fewer than thirty (30) calendar days after Lead Counsel has provided to Defendants' Counsel the wire and check payment instructions for the Escrow Account and an IRS Form W-9 (or other appropriate tax identification information) for the Settlement Fund and the name and telephone number of a person with knowledge who verbally can confirm the payment instructions for the Escrow Account.  The Settlement Amount transferred to the Escrow Account, together with any interest and income earned thereon, shall constitute the Settlement Fund.  Other than Nutanix's obligation to cause the Settlement Amount to be transferred into the Escrow Account set forth herein, Defendants shall have no responsibility to make any other payments pursuant to the Stipulation.

2.2     If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement, but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii) the entire Settlement Amount is not transferred to the Escrow Account within fifteen (15) calendar days after Lead Counsel has provided such written notice.

#### b. The Escrow Agent

2.3     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.4     The Escrow Agent shall not disburse the Settlement Fund except: (i) as provided in the Stipulation; (ii) by an order of the Court; or (iii) with the written agreement of counsel for the Settling Parties.

2.5     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are provided for under the terms of the Stipulation.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order(s) of the Court.

2.7     Notwithstanding that the Effective Date of the Settlement has not yet occurred, up to $350,000 of the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proofs of Claim, administering and preparing for distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  For the avoidance of doubt, the Notice and Administration Expenses are part of the Settlement Amount.  In the event that the Settlement is not consummated, money actually paid or incurred for this purpose, including any related fees, up to $350,000, shall not be repaid or returned.  Following the Effective Date, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Expenses.

**c.     Taxes**

2.8     (a)     The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1)

back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For purposes of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)     All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes; and (ii) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); the Released Defendant

1  Parties are not responsible, nor shall they have any liability, therefor.  The Settling Parties hereto

2  agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the

3  extent reasonably necessary to carry out the provisions of this ¶2.8.

4          **d.**         **Termination of Settlement**

5          2.9     In the event the Stipulation is not approved or is terminated, canceled, or fails to

6  become effective for any reason, including, without limitation, in the event the Stipulation is not

7  approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement

8  Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and

9  Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.7 or 2.8, shall be refunded

10  pursuant to ¶¶6.2 and 7.3 and written instructions from Defendants' Counsel to the party, parties or

11  insurers that paid the Settlement Amount within thirty (30) calendar days from the date of the notice

12  from Defendants' Counsel pursuant to ¶7.3.

13          **3.**         **Preliminary Approval Order and Settlement Hearing**

14          3.1     Promptly after execution of the Stipulation, Plaintiffs shall submit the Stipulation

15  together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary

16  Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement set forth in the

17  Stipulation and approval for the emailing and mailing of the Postcard Notice and publication of the

18  Summary Notice, in the forms of Exhibits A-4 and A-3, respectively, attached hereto.  The Postcard

19  Notice shall direct Class Members to the Settlement website to access the Notice, which shall

20  contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of

21  Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement

22  Hearing.

23          3.2     Plaintiffs shall request that, after notice is given to the Class, the Court hold the

24  Settlement Hearing and approve the Settlement of the Actions as set forth herein.  At or after the

25  Settlement Hearing, Plaintiffs also shall request that the Court approve the proposed Plan of

26  Allocation and the Fee and Expense Application.

27

28

**4. Releases**

4.1     Upon the Effective Date, Plaintiffs and each of the Class Members (excluding those who have validly opted out of the Class) shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged against the Released Defendant Parties (whether or not such Class Members execute and deliver a Proof of Claim) any and all Released Claims (including, without limitation, Unknown Claims).

4.2     Upon the Effective Date, Plaintiffs and each of the Class Members (excluding those who have validly opted out of the Class), whether or not such Class Members execute and deliver a Proof of Claim, shall forever be permanently barred and enjoined from the institution, commencement, maintenance, prosecution, or enforcement against any Released Defendant Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims).

4.3     The Proof of Claim to be executed by Class Members shall release all Released Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto; provided, however, that the failure of a Class Member to submit such Proof of Claim shall have no effect on the provisions of the foregoing ¶¶4.1 and 4.2, inclusive, which shall remain in full force and effect as to each of the Class Members (who have not validly opted out of the Class) irrespective of any lack of submission of a Proof of Claim.

4.4     Upon the Effective Date, Defendants shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims).  For the avoidance of doubt, the releases, relinquishments, and discharges provided by the Released Defendant Parties in this Stipulation do not include the release, relinquishment, or discharge of any claim or cause of action that any of the Released Defendant Parties may have against any insurer or reinsurer for, arising out of or related to insurance coverage for, arising out of or related to the Actions or any related matter or proceeding, including any derivative or ERISA action based on similar allegations.

4.5     Upon the Effective Date, to the fullest extent permitted by law, (i) all Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Defendant Parties seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Released Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Actions, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Defendant Parties shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Released Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could have been alleged in the Actions, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; *provided that* clauses (i) and (ii) of this Paragraph shall not be construed to modify, amend, or supersede any agreements between or among the Released Defendant Parties with respect to claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers for claims relating to the Actions, including the Settlement Amount and legal fees and costs incurred in connection with the Actions.

4.6     Notwithstanding ¶¶4.1-4.5, nothing herein or in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

**5.      Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1      The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2      Within ten (10) calendar days after the Court enters the Preliminary Approval Order, Nutanix shall provide, or cause to be provided to, Lead Counsel or the Claims Administrator, without any charge to Plaintiffs or the Class, any record shareholder lists, including records held by Nutanix's transfer agent, as appropriate for providing notice of pendency and proposed Settlement to the Class.  The Settling Parties shall determine an appropriate electronic format for provision of this information.  It shall be solely Lead Counsel's responsibility to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

5.3      In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause the Postcard Notice, substantially in the form of Exhibit A-4 attached hereto, to be emailed (or mailed in those instances where no email address is available) by the Claims Administrator to all shareholders of record, or nominees.  The Notice and Proof of Claim shall also be posted on the Settlement website.  In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

5.4      The Settlement Fund shall be applied as follows:

(a)      to pay all Notice and Administration Expenses;

(b)      to pay all Taxes and Tax Expenses described in ¶2.8 hereof;

(c)     to pay, to the extent allowed by the Court, Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), and awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

5.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, electronically submitted or postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

5.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant their, his, her, or its *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00.

1       5.9     Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there

2 is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the

3 date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate

4 such balance among Authorized Claimants who negotiated the checks sent to them in the initial

5 distribution and who would receive at least $10.00 in an equitable and economical fashion.  These

6 reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*

7 and such remaining balance shall then be donated to the Investor Protection Trust.

8       5.10   The Released Defendant Parties shall have no responsibility for, interest in, or

9 liability whatsoever with respect to the processing, review, determination, or calculation of any

10 Claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or

11 withholding of Taxes, or any losses incurred in connection therewith.

12       5.11   It is understood and agreed by the Settling Parties that any proposed Plan of

13 Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an

14 Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered

15 by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy

16 of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of

17 Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's

18 Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered

19 pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this

20 Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

21       5.12   No Person shall have any claim against Plaintiffs, the Class, Released Plaintiff

22 Parties, Lead Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims

23 Administrator based on distributions made substantially in accordance with the Settlement, the

24 Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

25     **6.**     **Lead Counsel's Attorneys' Fees and Expenses**

26       6.1     Lead Counsel may submit an application or applications (the "Fee and Expense

27 Application") for: (i) an award of attorneys' fees; plus (ii) expenses or charges in connection with

28 prosecuting the Actions; plus (iii) any interest on such attorneys' fees and expenses at the same rate

1   and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the

2   Court.  Any and all such fees, expenses, and costs awarded by the Court shall be payable solely out

3   of the Settlement Fund.  In addition, Plaintiffs may submit an application for awards from the

4   Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the

5   Class.

6        6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead

7   Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order

8   awarding such fees and expenses.  This provision shall apply notwithstanding timely objection to,

9   potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses.

10  Any such awards shall be paid solely by the Settlement Fund.  In the event that the Judgment or the

11  order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is

12  reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead

13  Counsel shall, in an amount consistent with such reversal, modification, termination, or cancellation,

14  refund such fees or expenses to the Settlement Fund pursuant to ¶2.9, plus the interest earned

15  thereon, within thirty (30) calendar days from receiving notice from Defendants' Counsel or from a

16  court of competent jurisdiction.  Lead Counsel, as a condition of receiving such fees or expenses on

17  behalf of itself and each partner and/or shareholder of it, agrees that it and its partners and/or

18  shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of

19  this paragraph.

20       6.3     The procedure for and the allowance or disallowance by the Court of the Fee and

21  Expense Application, with all amounts to be paid out of the Settlement Fund, are not part of the

22  Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense

23  Application, or any appeal from any order relating thereto or reversal or modification thereof, shall

24  not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment

25  approving the Stipulation and the Settlement of the Actions.

26       6.4     Defendants shall not have any responsibility for any payment of attorneys' fees and

27  expenses to Lead Counsel or any Class Member's counsel or any amount to Plaintiffs apart from

28  payment of the Settlement Amount pursuant to ¶2.1.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     the Court has entered the Preliminary Approval Order, substantially in the form of Exhibit A hereto, as required by ¶3.1 hereof;

(d)     Defendants have not exercised their option to terminate the Stipulation pursuant to the provisions of this Stipulation (including the Supplemental Agreement described below);

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Actions, as to Plaintiffs and other Class Members, and as against Defendants, as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.15 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  Defendants shall not have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.3 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within thirty (30) calendar days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof, shall be refunded pursuant to written instructions from

1    Defendants' Counsel to the party, parties or insurers that paid the Settlement Amount.  At the request

2    of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the

3    Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with

4    such application(s) for refund, at the written direction of Defendants' Counsel to the party, parties or

5    insurers that paid the Settlement Amount.

6           7.4      In the event that the Stipulation is not approved by the Court or the Settlement set

7    forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

8    Settling Parties shall be restored to their respective positions in the Actions as of February 8, 2023.

9    In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.44, 2.7-2.9,

10   7.2, and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and

11   shall not be used in the Actions or in any other proceeding for any purpose, and any Judgment or

12   order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated,

13   *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of February 8,

14   2023.  No order of the Court or modification or reversal on appeal of any such order of the Court

15   concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, interest, or

16   other payment awarded by the Court to Lead Counsel shall constitute grounds for cancellation or

17   termination of the Stipulation.

18          7.5      In addition to the grounds set forth in ¶7.4 above, Nutanix shall have the option, in its

19   sole and absolute discretion, to terminate the Settlement in the event that Class Members who have

20   timely and validly requested exclusion from the Class meet the conditions set forth in the Parties'

21   confidential supplemental agreement (the "Supplemental Agreement"), in accordance with the terms

22   of that agreement.  Any Class Member seeking to exclude himself, herself, or itself from the Class

23   must timely submit records of all of his, her, or its transactions in Nutanix securities during the Class

24   Period sufficient to calculate the number of shares of Nutanix securities purchased or acquired

25   during the Class Period and the amount of his, her, or its losses as calculated under the Plan of

26   Allocation.  The Supplemental Agreement, which is being executed concurrently herewith, shall not

27   be filed with the Court and its terms shall not be disclosed in any other manner (other than the

28   statements herein and in the Notice, to the extent necessary, or as otherwise provided in the

Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Counsel and Defendants concerning its interpretation or application.  If submission of the Supplemental Agreement is ordered by the Court, the Settling Parties agree to file the Supplemental Agreement under seal and to jointly request that the Court afford it confidential treatment in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement.

7.6     Defendants warrant and represent that, as of the time this Stipulation is executed and as of the time the Settlement Amount is actually transferred or made as reflected in this Stipulation, they are not "insolvent" within the meaning of 11 U.S.C. §101(32).  If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Escrow Agent by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited with the Escrow Agent by others, then, at the election of Plaintiffs, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of Defendants and that Defendants and Plaintiffs and the members of the Class shall be restored to their litigation positions as of February 8, 2023.

**8.     Miscellaneous Provisions**

8.1     The Settling Parties: (i) acknowledge that it is their intent to consummate this Stipulation; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

8.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Actions.   The Settlement shall not be deemed an

admission by any Settling Party or any of the Released Parties as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense or settlement of the Actions, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to the institution, prosecution, defense, and resolution of the Actions.  While retaining their right to deny liability, Defendants will agree that, based upon the publicly available information at the time, the Actions filed were filed in good faith and with an adequate basis in fact, were not frivolous, and are being settled voluntarily by the Defendants after consultation with competent legal counsel in an amount and in a fashion that reflects the merits of the claims.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Actions, including that the Actions were brought or defended in bad faith or without a reasonable basis.

8.3     Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  For the avoidance of doubt, this Stipulation, this Settlement, the Exhibits, the Supplemental Agreement, and any other act performed or document executed pursuant to or in furtherance of the Stipulation of Settlement, as well as the negotiations leading to the execution of this Stipulation, and any proceedings, communications, drafts, documents or agreements taken pursuant to, or in connection with this Stipulation, (i) shall not be offered or received against the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Defendant Parties of the

truth of any allegations by Plaintiffs, any member of the Class, or their Related Persons or the validity of any claim that has been or could have been asserted in the Actions, or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of the Released Defendant Parties or in any way referred to for any other reason as against the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (ii) shall not be offered or received against or to the prejudice of Released Defendant Parties as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Released Defendant Parties, or against Lead Counsel or any member of the Class or their Related Persons as evidence of any infirmity in the claims of Plaintiffs and the Class; and (iii) shall not be offered or received against Released Defendant Parties as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, the Released Defendant Parties may refer to it to effectuate the releases granted them hereunder.  The Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

8.4     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715 *et seq*. ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA §1715(b).

8.5     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Settling Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

8.6     All agreements made and orders entered during the course of the Actions relating to the confidentiality of documents and information shall survive this Stipulation.

8.7     All of the Exhibits to the Stipulation and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

8.8     The Stipulation, along with its Exhibits and the Supplemental Agreement, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.9     No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.10    The Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation, its Exhibits, or the Supplemental Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein each Settling Party shall bear its own costs.

8.11    The Settlement is not conditioned upon the settlement or approval of settlement of any derivative lawsuits or other lawsuits.  Nor shall the Settlement be conditional upon the obtaining of any judicial approval of any releases between or among Defendants and/or any third-parties.

8.12    This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Actions, and as more fully described herein.  If any provision of this Stipulation shall be determined to be

invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

8.13    Each of Lead Counsel and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) the Court's refusal to enter an order substantially in the form of Exhibit A hereto preliminarily approving the Settlement in any material respect and/or permitting Notice of the Settlement to Class Members; (b) the Court's refusal to approve the Settlement, the Stipulation, the Exhibits to the Stipulation, or any material part thereof; (c) the Court's refusal to enter the Judgment substantially in the form of Exhibit B hereto; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final; or (e) the failure of the Effective Date to occur for any reason subject to terms set forth in ¶7.1.  However, it shall not be a basis for Lead Counsel or Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

8.14    Lead Counsel, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.15    Each counsel or other Person executing the Stipulation, any of its Exhibits, the Supplemental Agreement, or any related Settlement document on behalf of any Settling Party hereby

warrants that such Person has the full authority to do so.  The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

8.16    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by overnight delivery (charges prepaid); or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Plaintiffs or to Lead Counsel:

        Theodore J. Pintar
        Robbins Geller Rudman & Dowd LLP
        655 West Broadway, Suite 1900
        San Diego, CA 92101

If to Defendants or to Defendants' Counsel:

        Ignacio E. Salceda
        Wilson Sonsini Goodrich & Rosati, Professional Corporation
        650 Page Mill Road
        Palo Alto, CA 94304
        Telephone: 650/493-9300

8.17    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

8.18    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

8.19    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.20    Pending approval by the Court of the Stipulation and its Exhibits, all proceedings in the Actions shall be stayed, and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

8.21    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California, without giving effect to that State's choice-of-law principles.

8.22    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

8.23    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, on April 7, 2023.

ROBBINS GELLER RUDMAN
   & DOWD LLP
STEPHEN R. ASTLEY
(admitted *pro hac vice*)
ROBERT J. ROBBINS
(admitted *pro hac vice*)
ANDREW T. REES
(admitted *pro hac vice*)

_____
STEPHEN R. ASTLEY

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sastley@rgrdlaw.com
rrobbins@rgrdlaw.com
arees@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
(admitted *pro hac vice*)
FRANK A. RICHTER
(admitted *pro hac vice*)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

*Lead Counsel for Lead Plaintiff California
Ironworkers Field Pension Trust and
Plaintiff City of Miami Fire Fighters' and
Police Officers' Retirement Trust*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEVI & KORSINSKY, LLP
ADAM M. APTON (SBN 316506)
ADAM C. MCCALL (SBN 302130)
75 Broadway, Suite 200
San Francisco, CA  94111
Telephone:  415/373-1671
415/484-1294 (fax)
aapton@zlk.com
amccall@zlk.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS
(admitted *pro hac vice*)
GREGORY M. POTREPKA
(admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT  06905
Telephone:  212/363-7500
866/367-6510 (fax)
shopkins@zlk.com
gpotrepka@zlk.com

*Lead Counsel for Lead Plaintiff John P.
Norton, on behalf of the Norton Family
Living Trust UAD 11/15/2002, and
Additional Counsel for Plaintiff City of
Miami Fire Fighters' and Police Officers'
Retirement Trust*

WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation
NINA F. LOCKER (SBN 123838)
IGNACIO E. SALCEDA (SBN 164017)
EVAN L. SEITE (SBN 274641)
BETTY CHANG ROWE (SBN 214068)
LAURA G. AMADON (SBN 321524)

IGNACIO E. SALCEDA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

650 Page Mill Road
Palo Alto, CA 94304
Telephone: 650/493-9300
650/565-5100 (fax)
nlocker@wsgr.com
isalceda@wsgr.com
eseite@wsgr.com
browe@wsgr.com
lamadon@wsgr.com

Attorneys for Defendants Nutanix, Inc.,
Dheeraj Pandey, and Duston M. Williams

1

## CERTIFICATE PURSUANT TO LOCAL RULE 5-1(i)(3)

2

I, STEPHEN R. ASTLEY, am the ECF User whose identification and password are being

3 used to file this document.  Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of

4 the document has been obtained from each of the other signatories.

5

Dated:  April 7, 2023

6

_____
s/ STEPHEN R. ASTLEY
STEPHEN R. ASTLEY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | ) ) ) ) |
| | |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | ) ) ) ) |
| Defendants. | ) ) ) ) |

Case No. 3:19-cv-01651-WHO
Case No. 3:21-cv-04080-WHO

CLASS ACTION

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND
PROVIDING FOR NOTICE

EXHIBIT A

4855-1518-8818.v4

1      WHEREAS, related actions are pending before this Court entitled *In re Nutanix, Inc.*

2 *Securities Litigation*, No. 3:19-cv-01651-WHO (N.D. Cal.) (the "*Nutanix* Action") and *John P.*

3 *Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002 v. Nutanix, Inc., et al.*, No.

4 3:21-cv-04080-WHO (N.D. Cal.) (the "*Norton* Action," and with the *Nutanix* Action, the "Actions");

5      WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

6 Procedure 23(e), for an order preliminarily approving the settlement of these Actions, in accordance

7 with a Stipulation of Settlement dated April 7, 2023 (the "Stipulation"), which, together with the

8 Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Actions

9 and for dismissal of the Actions with prejudice upon the terms and conditions set forth therein; and

10 the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

11      WHEREAS, unless otherwise defined, all capitalized terms used herein have the same

12 meanings as set forth in the Stipulation.

13      NOW, THEREFORE, IT IS HEREBY ORDERED:

14      1.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for

15 purposes of this Settlement only, the Actions are hereby preliminarily certified as a class action on

16 behalf of: all persons or entities who: (i) purchased or otherwise acquired Nutanix, Inc. ("Nutanix")

17 securities between November 30, 2017 and May 30, 2019, inclusive (the "Class Period"); and/or (ii)

18 transacted in publicly traded call options and/or put options of Nutanix during the Class Period.

19 Excluded from the Class are Nutanix and its subsidiaries and affiliates, the Individual Defendants,

20 any of Defendants' respective officers and directors at all relevant times, and any of their immediate

21 families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant

22 has or had a Controlling Interest.[1]

23      2.     Also excluded from the Class are any persons or entities who exclude themselves by

24 submitting a request for exclusion in connection with the Notice that is accepted by the Court.

25      3.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a

26 class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied

---

[1]   "Controlling Interest" is defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs are typical of the claims of the Class they seek to represent; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Class.  The Court also appoints Lead Counsel as Class Counsel for the Class under Rule 23(g) of the Federal Rules of Civil Procedure.

5.      After a preliminary review, the Settlement appears to be fair, reasonable, and adequate.  The Settlement: (i) resulted from arm's-length negotiations overseen by an experienced mediator; (ii) eliminates the risks to the Settling Parties of continued litigation; (iii) does not provide undue preferential treatment to Plaintiffs or to segments of the Class; (iv) does not provide excessive compensation to counsel for the Class; and (v) appears to fall within the range of possible approval and is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class.  Accordingly, the Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

6.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2023, at _:___ _.m. [a date that is at least 100 days from the date of this Order], at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes:

(a)      to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(b)     to finally determine whether Judgment as provided under the Stipulation should be entered, dismissing the Complaints on the merits and with prejudice, and to determine whether the release by the Class of the Released Defendant Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims or Released Defendants' Claims extinguished by the Settlement;

(c)     to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d)     to determine whether the Class should be finally certified for purposes of the Settlement only, and whether Plaintiffs and Lead Counsel should be finally appointed as Class Representatives and Class Counsel, respectively, for purposes of the Settlement only;

(e)     to consider the application of Lead Counsel for an award of attorneys' fees and expenses;

(f)     to consider Class Members' objections, if any, to the Settlement, Plan of Allocation, and/or application for fees and expenses; and

(g)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court may adjourn the Settlement Hearing without further notice to the members of the Class and reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 of the Federal Rules of Civil Procedure and due process of law.  The Court further reserves the right to enter its Judgment approving the Settlement and dismissing the Complaints, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim, the Summary Notice, and the Postcard Notice, annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively, and finds that the distribution of the Postcard Notice by email or regular mail (where an email is unavailable) and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶11-12 of this

1   Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process,

2   and is the best notice practicable under the circumstances and shall constitute due and sufficient

3   notice to all Persons entitled thereto.

4          9.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to

5   supervise and administer the notice procedure as well as the processing of Claims as more fully set

6   forth below.

7          10.     Nutanix shall provide, or cause to be provided, to Lead Counsel or the Claims

8   Administrator, at no cost to Plaintiffs, the Settlement Fund, Lead Counsel, or the Claims

9   Administrator, within ten (10) calendar days after the Court enters this Order, documentation or data

10  in the possession of Nutanix or its present or former stock transfer agents sufficient to identify to the

11  extent available any record holders of Nutanix securities during the Class Period, and their last

12  known addresses, email addresses (if available), or other similar information.  The Settling Parties

13  shall determine an appropriate electronic format for provision of this information.

14         11.     Lead Counsel, through the Claims Administrator, shall commence emailing or

15  mailing (where an email is unavailable) the Postcard Notice, substantially in the form annexed

16  hereto, within twenty (20) calendar days after the Court signs this Order (the "Notice Date"), by

17  email or by first-class mail to all Class Members who can be identified with reasonable effort.

18  Contemporaneously with the emailing or mailing of the Postcard Notice, the Claims Administrator

19  shall cause the Notice and Proof of Claim, substantially in the forms attached hereto, to be posted on

20  the Settlement website at www.NutanixSecuritiesSettlement.com, from which copies of the

21  documents can be downloaded.

22         12.     Not later than seven (7) calendar days after the Notice Date, the Claims Administrator

23  shall cause the Summary Notice to be published once in the national edition of *The Wall Street*

24  *Journal* and once over a national newswire service.

25         13.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall

26  serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such

27  emailing, mailing, and publishing.

28

14. Nominees who (i) purchased or acquired Nutanix securities for the beneficial ownership of Class Members during the Class Period; and/or (ii) transacted in publicly traded call options and/or put options of Nutanix during the Class Period, shall: (i) within seven (7) calendar days of receipt of the Postcard Notice email such Postcard Notice to all such beneficial owners or, where no email is available, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those documents forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Postcard Notice, send a list of the names and addresses, including email addresses where available, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly email or mail (where an email is unavailable) the Postcard Notice to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses, or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

15. In order to be entitled to participate in the recovery from the Settlement Fund after the Effective Date, each Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the post office box or electronic mailbox indicated in the Notice and Proof of Claim, postmarked no later than ninety (90) calendar days from the Notice Date. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by

1  adequate supporting documentation for the transactions reported therein, in the form of broker

2  confirmation slips, broker account statements, an authorized statement from the broker containing

3  the transactional information found in a broker confirmation slip, or such other documentation as is

4  deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the

5  Proof of Claim is acting in a representative capacity, a certification of their, his, or her current

6  authority to act on behalf of the Class Member must be provided with the Proof of Claim; and (iv)

7  the Proof of Claim must be complete and contain no material deletions or modifications of any of the

8  printed matter contained therein and must be signed under penalty of perjury.

9          (c)    Once the Claims Administrator has considered a timely submitted Proof of

10  Claim, it shall determine whether such claim is valid, deficient or rejected.  For each Claim

11  determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter

12  or rejection letter as appropriate, describing the basis on which the Claim was so determined.

13  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a

14  reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that

15  such deficiency may be cured.

16          (d)    For the filing of and all determinations concerning their Proof of Claim, each

17  Class Member shall submit to the jurisdiction of the Court.

18      16.    Any Class Member who does not timely submit a valid and timely Proof of Claim

19  within the time provided for shall be barred from sharing in the distribution of the proceeds of the

20  Settlement Fund, but will in all other respects be subject to and bound by the provisions of the

21  Stipulation and the Judgment, if entered.  Notwithstanding the foregoing, Lead Counsel shall have

22  the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims

23  Administrator so long as distribution of the Settlement Fund to Authorized Claimants is not

24  materially delayed thereby, but will bear no liability for failing to accept such late Claims.

25      17.    Any member of the Class may enter an appearance in the Actions, at their own

26  expense, individually or through counsel of their own choice.  If they do not enter an appearance,

27  they will be represented by Lead Counsel.

28

18.     All Class Members shall be bound by all determinations and judgments in these Actions, whether favorable or unfavorable, unless such persons request to be excluded, or "opt out," from the Class.  Any Class Members who wish to exclude themselves from the Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked no later than _____, 2023 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  A Request for Exclusion must provide: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the number of Nutanix publicly traded securities purchased or acquired during the Class Period and the date of each purchase or acquisition, and/or the number of publicly traded call options or put options of Nutanix transacted and the date of each transaction; and (iii) a statement that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final judgment.  Unless otherwise ordered by the Court, any Person who purchased or acquired Nutanix publicly traded securities, or transacted in publicly traded call options and/or put options of Nutanix during the Class Period, and who fails to timely request exclusion from the Class in compliance with this paragraph shall be deemed to have waived their, his, her, or its right to be excluded from the Class and shall be barred from requesting exclusion from the Class.

19.     The Court will consider comments or objections to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses, only if such comments or objections and any supporting papers are submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California.  Such comments or objections must be filed or postmarked at least twenty-one (21) calendar days prior to the Settlement Hearing, or _____, 2023.  Attendance at the Settlement Hearing is not necessary, but any Person wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, or the application

1    for attorneys' fees and expenses is required to indicate in their written objection whether they intend

2    to appear at the Settlement Hearing.   The notice of objection must include documentation

3    establishing the objecting Person's membership in the Class, including the number of Nutanix

4    securities, call options, and/or put options that the objecting Person: (i) owned as of the opening of

5    trading on November 30, 2017, and (ii) purchased, acquired, transacted, and/or sold during the Class

6    Period, as well as the dates and prices for each such purchase, acquisition, transaction, or sale, and

7    contain a statement of reasons for the objection, including whether it applies only to the objector, to

8    a specific subset of the Class, or to the entire Class.   The objection must identify all other class

9    action settlements to which the objector and their, his, her or its counsel has previously objected,

10   copies of any papers, briefs, or other documents upon which the objection is based, and contain the

11   objector's signature, even if represented by counsel.   Any member of the Class who does not make

12   his, her, or its objection in the manner provided shall be deemed to have waived such objection and

13   shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement

14   as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and

15   expenses to Lead Counsel unless otherwise ordered by the Court.   Class Members do not need to

16   appear at the Settlement Hearing or take any other action to indicate their approval.

17          20.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia*

18   *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such

19   funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20          21.     All opening briefs and supporting documents in support of the Settlement, the Plan of

21   Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and

22   served no later than thirty-five (35) calendar days before the Settlement Hearing, or _____,

23   2023.  Replies to any objections shall be filed and served at least seven (7) calendar days prior to the

24   Settlement Hearing, or _____, 2023.

25          22.     The Released Defendant Parties shall have no responsibility, interest in, or liability

26   whatsoever for the Plan of Allocation or any application for attorneys' fees or expenses submitted by

27   Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and

28   adequacy of the Settlement.   Any order or proceeding relating to the Plan of Allocation or any

application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Actions.

23.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

24.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

25.     Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiff Parties that any of their claims are without merit, that any of the Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaints would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff Parties, in any civil, criminal or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26.   If the Stipulation and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Stipulation and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as set forth in the Stipulation.

27.   Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiffs, nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall institute, commence, or prosecute against any of the Released Defendant Parties, any action or proceeding in any court, tribunal, or other forum asserting any of the Released Claims.

28.   The Court's orders entered during these Actions relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

1   ROBBINS GELLER RUDMAN
    & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
    KENNETH J. BLACK (291871)
3   Post Montgomery Center
    One Montgomery Street, Suite 1800
4   San Francisco, CA  94104
    Telephone:  415/288-4545
5   415/288-4534 (fax)
    shawnw@rgrdlaw.com
6   kennyb@rgrdlaw.com
         – and –
7   JAMES E. BARZ
    FRANK A. RICHTER
8   200 South Wacker Drive, 31st Floor
    Chicago, IL  60606
9   Telephone:  312/674-4674
    312/674-4676 (fax)
10  jbarz@rgrdlaw.com
    frichter@rgrdlaw.com
11
    Lead Counsel for Lead Plaintiff
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | Case No. 3:19-cv-01651-WHO<br>Case No. 3:21-cv-04080-WHO |
| | CLASS ACTION |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated, | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION<br><br>EXHIBIT A-1 |
|               Plaintiff, | |
|    vs. | |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | |
|               Defendants. | |

4867-9792-5458.v6

***A Federal Court Authorized This Notice.  This Is Not a Solicitation from a Lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:  If you (i) purchased or otherwise acquired securities of Nutanix, Inc. ("Nutanix" or the "Company") between November 30, 2017 and May 30, 2019, inclusive (the "Class Period), and/or (ii) transacted in publicly traded call options and/or put options of Nutanix during the Class Period, please be advised that your rights may be affected by the above-captioned class action lawsuits, *In re Nutanix, Inc. Securities Litigation*, No. 3:19-cv-01651-WHO (N.D. Cal.) (the "*Nutanix* Action") and *John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002 v. Nutanix, Inc., et al.*, No. 3:21-cv-04080-WHO (N.D. Cal.) (the "*Norton* Action," and with the *Nutanix* Action, the "Actions"), which have been certified as a class action, for settlement purposes only and are pending in this Court.**

**NOTICE OF SETTLEMENT:  Please also be advised that on behalf of the Class (as defined in ¶1 below), (i) lead plaintiff California Ironworkers Field Pension Trust ("California Ironworkers") and named plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust ("City of Miami") in the *Nutanix* Action, and (ii) lead plaintiff John P. Norton, on behalf of the Norton Family Living Trust UAD November 15, 2022 ("Norton" and collectively, with California Ironworkers and City of Miami, "Plaintiffs") in the *Norton* Action, have reached a proposed settlement of the Actions for a total of $71 million that will resolve all claims in the Actions (the "Settlement").[1]**

**This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully.**

    1.    **Description of the Actions and the Class**:  This Notice relates to a proposed Settlement of related class action lawsuits pending against Nutanix and its former executives, Dheeraj Pandey and Duston M. Williams (the "Individual Defendants," and with Nutanix, "Defendants").  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Class"): all persons or entities who (i) purchased or otherwise acquired Nutanix securities between November 30, 2017 and May 30, 2019, inclusive (the "Class Period"); and/or (ii) transacted in publicly traded call options and/or put options of Nutanix during the Class Period.  Excluded from the Class are Nutanix and its subsidiaries and affiliates, the Individual Defendants, any of Defendants' respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a Controlling Interest.[2]  Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court.

    2.    **Statement of Class's Recovery**:  Subject to Court approval, and as described more fully in ¶¶3-6 below, Plaintiffs, on behalf of the Class, have agreed to settle all Released Claims (as defined in ¶73 below) against Defendants and other Released Defendant Parties (as defined in ¶74

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated April 7, 2023 (the "Settlement Agreement" or "Stipulation"), which is available on the Settlement website, www.NutanixSecuritiesSettlement.com.

[2]   "Controlling Interest" is defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

below) in exchange for a settlement payment of $71 million (the "Settlement Amount") to be deposited into an escrow account.  The Net Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Notice and Administration Expenses, Court-awarded attorneys' fees and expenses and any awards to Plaintiffs, and any other fees or expenses approved by the Court) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be distributed to members of the Class. The Plan of Allocation is a basis for determining the relative positions of Class Members for purposes of allocating the Net Settlement Fund.  The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

3.     **Statement of Average Distribution Per Security**:  The Settlement Fund consists of the $71 million Settlement Amount plus interest earned thereon.  Assuming all potential Class Members elect to participate, the estimated average recovery under the Plan of Allocation is $0.43 per damaged share of common stock before fees and expenses.  Class Members may recover more or less than this amount depending on, among other factors, the aggregate value of the Recognized Claims represented by valid and acceptable Claim Forms as explained in the Plan of Allocation; when their shares were purchased or acquired and the price at the time of purchase or acquisition; whether the shares were sold, and if so, when they were sold and for how much.  In addition, the actual recovery of Class Members may be further reduced by the payment of fees and costs from the Settlement Fund, as approved by the Court.

4.     **Statement of the Parties' Position on Damages**:  Defendants deny all claims of wrongdoing, that they engaged in any wrongdoing, that they are liable to Plaintiffs and/or the Class and that Plaintiffs or other members of the Class suffered any injury.  Moreover, the parties do not agree on the amount of recoverable damages if Plaintiffs were to prevail on each of the claims.  The issues on which the parties disagree include, but are not limited to, whether: (i) the statements made or facts allegedly omitted were material, false or misleading; (ii) Defendants are liable under the securities laws for those statements or alleged omissions; (iii) Plaintiffs or Class Members have suffered damage, or were otherwise harmed by the conduct alleged in the Actions; and (iv) any portion of the damages allegedly suffered by members of the Class were caused by factors other than the allegedly false or misleading statements or omissions.

5.     **Statement of Attorneys' Fees and Expenses Sought**:  Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 30% of the Settlement Amount, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  In addition, Lead Counsel also will apply to the Court for payment from the Settlement Fund for Lead Counsel's litigation expenses (reasonable expenses or charges of Lead Counsel in connection with commencing and prosecuting the Actions), in a total amount not to exceed $750,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per damaged share of common stock is $0.13.  In addition, Lead Counsel will apply for awards to Plaintiffs in amounts not to exceed $10,000 for California Ironworkers, not to exceed $10,000 for City of Miami, and not to exceed $5,000 for Norton, pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class.

6.     **Identification of Attorneys' Representatives**:  Plaintiffs and the Class are being represented by Robbins Geller Rudman & Dowd LLP and Levi & Korsinsky, LLP ("Lead Counsel").  Any questions regarding the Settlement should be directed to Theodore J. Pintar, Esq. at

Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| DO NOTHING | Get no payment.  Remain a Class Member.  Give up your rights. |
| REMAIN A MEMBER OF THE CLASS AND SUBMIT A CLAIM FORM *POSTMARKED OR SUBMITTED ONLINE* NO LATER THAN [          ], 2023 | This is the only way to be potentially eligible to receive a payment.  If you wish to obtain a payment as a member of the Class, you will need to submit a claim form (the "Claim Form" or "Proof of Claim"), postmarked or submitted online no later than _____ __, 2023. |
| EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A REQUEST FOR EXCLUSION THAT IS *POSTMARKED* NO LATER THAN [_____], 2023 | Get no payment.   This is the only option that potentially allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. |
| OBJECT TO THE SETTLEMENT SO THAT IT IS *FILED OR POSTMARKED* NO LATER THAN [_____], 2023 | Write to the Court about your view on the Settlement, or why you do not think the Settlement is fair to the Class.  You will still be a Class Member.  You must still submit a Claim Form in order to be potentially eligible to receive any money from the Settlement Fund.  If you submit a written objection, you may (but do not have to) attend the hearing. |
| GO TO THE HEARING ON [          ], 2023, AT   :     .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *POSTMARKED* NO LATER THAN [_____], 2023 | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and litigation expenses. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page |
| What Is This Case About?  What Has Happened So Far? | Page |
| How Do I Know If I Am Affected By The Settlement? | Page |
| What Are Plaintiffs' Reasons For The Settlement? | Page |
| What Might Happen If There Were No Settlement? | Page |
| How Much Will My Payment Be? | Page |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page |

| What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page ___ |
|---|---|
| How Do I Participate In The Settlement? What Do I Need To Do? | Page ___ |
| When And Where Will The Court Decide Whether To Approve The Settlement?  Do I Have To Come To The Hearing? May I Speak At The Hearing If I Do Not Like The Settlement? | Page ___ |
| What If I Bought Shares On Someone Else's Behalf? | Page ___ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page ___ |

## WHY DID I GET THIS NOTICE

7.      The purpose of this Notice is to inform you about: (i) these Actions, (ii) the terms of the proposed Settlement, and (iii) your rights in connection with a hearing to be held before the United States District Court, Northern District of California (the "Court"), on _____, 2023, at _____ .m., to consider the fairness, reasonableness, and adequacy of the Settlement and related matters.  This Notice also describes the steps to be taken by those who wish to seek to be potentially eligible to share in the distribution of the Net Settlement Fund in the event the Settlement is approved by the Court.

8.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.  In a class action lawsuit, one or more people, known as class representatives, sue on behalf of people who have similar claims.  All of the people with similar claims are referred to as a Class or Class Members.  One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

9.      The judge presiding over these Actions is the Honorable William H. Orrick, United States District Judge in the Northern District of California.  The people who are suing are called Plaintiffs, and those who are being sued are called Defendants.  Plaintiffs are California Ironworkers and City of Miami in the *Nutanix* Action and Norton in the *Norton* Action.  Defendants in these Actions are Nutanix, Dheeraj Pandey, and Duston M. Williams.

10.      This Notice explains the Actions, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, and how you might be affected.  It also informs you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and litigation expenses (the "Settlement Hearing").

11.      The Settlement Hearing will be held on _____, 2023, at _____ .m., before the Honorable William H. Orrick, at the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes:

(a)      to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court;

(b)     to determine whether the Judgment as provided for under the Stipulation of Settlement dated April 7, 2023 (the "Stipulation") should be entered;

(c)     to determine whether the proposed Plan of Allocation for the net proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(d)     to determine whether the application by Lead Counsel for an award of attorneys' fees and litigation expenses should be approved;

(e)     to determine whether any applications for awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) should be approved; and

(f)     to rule upon such other matters as the Court may deem appropriate.

12.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Actions, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  This process takes time. Please be patient.

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

13.     Plaintiffs allege that during the period between November 30, 2017 and May 30, 2019, Defendants made materially false or misleading statements in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, which caused the price of Nutanix securities and publicly traded options to trade at artificially inflated prices.  Specifically, Plaintiffs allege that contrary to Defendants' statements during the Class Period that Nutanix was making significant investments in sales and marketing while maintaining high profit margins, Defendants had actually decreased Nutanix's lead generation spending, which in turn "drove" higher margins and resulted in weak guidance. Plaintiffs allege that the truth did not begin to come to light until February 28, 2019, when Defendants announced the Company's financial results for the second quarter of fiscal 2019, revealing that despite their Class Period statements, Nutanix had held flat or decreased the "key" driver of its pipeline – lead generation.  Plaintiffs allege a second corrective disclosure occurred on May 30, 2019, when Defendants allegedly revealed their sales pipeline and execution problems were far worse than previously disclosed, and would cause Nutanix to suffer year-over-year declines in several key metrics and miss the low end of revenue and billing targets set just a quarter earlier.  Plaintiffs allege that Persons who purchased or acquired Nutanix securities and/or publicly traded options during the Class Period suffered economic losses when the price of Nutanix securities and publicly traded options declined as a result of the two alleged corrective disclosures revealing the issues in Nutanix's sales pipeline to investors.

14.     On March 29, 2019, an initial class action complaint was filed in this Court in the *Nutanix* Action against Defendants, alleging violations of Sections 10(b) and 20(a) of the Exchange Act.  On July 10, 2019, the Court entered an order consolidating the initial class action complaint with several related class action complaints against Defendants, and on September 9, 2019, a consolidated amended complaint (the "*Nutanix* FAC") was filed against Defendants in the

1   *Nutanix* Action.

2       15.     On October 24, 2019, Defendants filed a motion to dismiss the *Nutanix* FAC.  On
3   March 9, 2020, the Court granted the motion to dismiss with leave to amend the complaint.  On
4   April 17, 2020, a second consolidated amended complaint was filed against Defendants ("*Nutanix*
    SAC").  On May 22, 2020, Defendants moved to dismiss the *Nutanix* SAC.  On September 11,
5   2020, the Court granted in part and denied in part the motion to dismiss, and discovery
    commenced.

6       16.     On March 1, 2021, the Court entered an order withdrawing the original lead
7   plaintiff and allowing any putative class member to file by March 22, 2021, an application to
    serve as lead plaintiff.  On June 10, 2021, the Court entered an order appointing California
8   Ironworkers as lead plaintiff in the *Nutanix* Action and approving its selection of Robbins Geller
    Rudman & Dowd LLP as lead counsel.

9       17.     On May 28, 2021, Norton filed a class action complaint in this Court in the *Norton*
10  Action against Defendants alleging violations of Sections 10(b) and 20(a) of the Exchange Act
    ("*Norton* Complaint").  The complaint was filed on behalf of Norton and all other persons or
11  entities similarly situated who transacted in publicly traded call options and/or put options of
12  Nutanix between November 30, 2017 and May 30, 2019, inclusive.

13      18.     On June 2, 2021, the Court entered an order finding that the *Norton* Action was
    related to the *Nutanix* Action.
14
        19.     On July 8, 2021, California Ironworkers filed a motion for leave to supplement the
15  *Nutanix* SAC to conform it to events related to the appointment of California Ironworkers as lead
    plaintiff.  The Court granted the motion on August 16, 2021, and California Ironworkers filed a
16  supplement to the *Nutanix* SAC on the same day.

17      20.     On September 8, 2021, the Court entered an order appointing Norton as lead
18  plaintiff in the *Norton* Action and approving his selection of Levi & Korsinsky, LLP as lead
    counsel.
19
        21.     On November 1, 2021, Defendants filed a motion to dismiss the *Norton* Complaint.
20
        22.     On January 5, 2022, the Court entered orders vacating existing deadlines in the
21  Actions while Plaintiffs and Defendants (together, the "Settling Parties") explored a possible
22  resolution through the services of a private mediator.  On April 26, 2022, the Settling Parties in
    the Actions participated in a mediation session with retired United States District Judge, Layn R.
23  Phillips.  On May 11, 2022, the Settling Parties informed the Court that they were unable to
    resolve the Actions in mediation, and would present a joint proposed schedule to resume the
24  litigation.

25      23.     On May 27, 2022, Defendants filed a motion for partial judgment on the pleadings
26  in the *Nutanix* Action.

27      24.     On June 16, 2022, the Court denied Defendants' motion to dismiss the *Norton*
    Complaint.
28

25.    On September 1, 2022, California Ironworkers and City of Miami filed a third consolidated amended complaint in the *Nutanix* Action ("*Nutanix* TAC") to add new allegations, including allegations based on documents obtained from Nutanix in discovery, and to re-allege previous allegations from the *Nutanix* SAC.

26.    On September 1, 2022, Norton filed a first amended class action complaint in the *Norton* Action ("*Norton* FAC") to add new allegations, including allegations based on documents obtained from Nutanix in discovery, and to re-allege previous allegations from the *Norton* Complaint.

27.    On September 7, 2022, Defendants withdrew their motion for partial judgment on the pleadings without prejudice because it was mooted by the *Nutanix* TAC.

28.    On September 29, 2022, the Court granted a motion allowing Norton to file a Revised First Amended Complaint ("*Norton* RFAC") in order to conform the *Norton* FAC to the *Nutanix* TAC.  On October 4, 2022, Norton filed the *Norton* RFAC.

29.    On November 14, 2022, Defendants filed an omnibus motion to dismiss the *Nutanix* TAC and the *Norton* RFAC.  On December 29, 2022, Plaintiffs filed an omnibus opposition to the motion to dismiss.  On February 1, 2023, Defendants filed a reply in support of the motion to dismiss.  A hearing on the motion to dismiss was scheduled for February 15, 2023.

30.    On February 9, 2023, the Settling Parties filed a stipulation and proposed order informing the Court that the Settling Parties had agreed in principle to settle the Actions.  The Settling Parties further requested that the Court vacate the motion to dismiss hearing and agreed to provide a further update to the Court regarding the status of settlement, including the anticipated schedule for Plaintiffs' motion for preliminary approval of settlement, by March 9, 2023.  On February 10, 2023, the Court entered the proposed order.  On March 24, 2023, the Settling Parties provided a further update to the Court regarding the status of settlement, including the anticipated schedule for Plaintiffs' motion for preliminary approval of settlement, which the Court entered the same day.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

31.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded.  The Class consists of all persons or entities who: (i) purchased or otherwise acquired Nutanix securities between November 30, 2017 and May 30, 2019, inclusive (the "Class Period"); and/or (ii) transacted in publicly traded call options and/or put options of Nutanix during the Class Period.  Excluded from the Class are Nutanix and its subsidiaries and affiliates, the Individual Defendants, any of Defendants' respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a Controlling Interest.[3]  Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for

---

[3]    "Controlling Interest" is defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

exclusion in connection with the Notice that is accepted by the Court.

RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.   IF YOU WISH TO BE POTENTIALLY ELIGIBLE TO RECEIVE A DISTRIBUTION OF THE SETTLEMENT PROCEEDS, YOU MUST COMPLETE, SIGN, AND SUBMIT THE CLAIM FORM POSTMARKED NO LATER THAN [_____], 2023.    YOU MAY ALSO SUBMIT A CLAIM FORM ONLINE AT WWW.NUTANIXSECURITIESSETTLEMENT.COM BY [_____], 2023.

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

32.    Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  Plaintiffs and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability and damages.  Plaintiffs and Lead Counsel have considered the amount of the Settlement, as well as the uncertain outcome and risk in complex lawsuits like this one.  Such risks include, in particular, the risk that the pending motion to dismiss the Complaints would be granted, and the risk, among others, that Plaintiffs would be unsuccessful in proving that Defendants conducted a fraudulent scheme or Defendants' alleged misstatements were materially false and misleading, that Defendants acted with scienter (that is, the requisite state of mind), or that the alleged fraud caused compensable damages to the Class.

33.    In light of the amount of the Settlement and the immediacy of recovery to the Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $71 million (less the various deductions described in this Notice), as compared to the risk that the claims would produce a smaller recovery, or no recovery after resolution of Defendants' pending motions to dismiss, probable summary judgment motions, trial and appeals, possibly years in the future.

34.    Defendants have denied and continue to deny each and all of the claims alleged by Plaintiffs in the Actions.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions.  Defendants also have denied and continue to deny, among other things, the allegations that Plaintiffs or the Class have suffered any damage, that Plaintiffs or the Class were harmed by the conduct alleged in the Actions, or that the Actions are properly certifiable as class actions.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

35.    If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of the alleged claims, neither Plaintiffs nor the Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

1

2

## HOW MUCH WILL MY PAYMENT BE?

3

4

5

6

36.     Defendants have agreed to cause to be paid Seventy-One Million Dollars ($71,000,000.00) by check or wire transfer(s) into escrow for the benefit of the Class.  At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.  Plaintiffs have proposed a plan for allocating the Net Settlement Fund to those Class Members who timely submit valid Claim Forms.  The Plan of Allocation proposed by Plaintiffs is set forth below, and additional information is available on the case-specific website, www.NutanixSecuritiesSettlement.com.

7

8

9

10

11

12

13

37.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants.  No person or entity shall have any claim based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Plaintiffs, Class Members, the Claims Administrator, Defendants and the other Released Defendant Parties (defined below), or any person or entity designated by Lead Counsel.  All members of the Class who fail to timely submit an acceptable Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including Class Members' release of all Released Claims.

14

38.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Class.

15

16

17

39.     The Plan of Allocation set forth below is the proposed plan submitted by Plaintiffs and Lead Counsel for the Court's approval.  The Court may approve this plan as proposed or it may modify it without further notice to the Class.

18

19

40.     Each claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California, with respect to their, his, her, or its Claim Form.

20

21

41.     Persons and entities that request to exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Claim Form.

22

23

## PLAN OF ALLOCATION

24

25

26

27

42.     The Settlement Amount of $71 million and any interest earned thereon shall be the "Settlement Fund."  The Settlement Fund, less all taxes, tax expenses, notice and administration expenses, approved attorneys' fees and expenses, and any other fees or expenses approved by the Court is the "Net Settlement Fund."  The Net Settlement Fund shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants").

28

43.     The Plan of Allocation set forth herein is the plan that is being proposed by

Plaintiffs and their counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.NutanixSecuritiesSettlement.com.

44.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws during the Class Period (November 30, 2017 through May 30, 2019).[4] To design this Plan, Lead Counsel has conferred with their damages expert. The Plan of Allocation, however, is not a formal damages analysis.

45.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. Because the Net Settlement Fund is less than the total losses alleged to be suffered by Class Members, the Recognized Claim formula under the Plan of Allocation is only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

46.     For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the change in the price of the securities at issue. In this case, Plaintiffs allege that Defendants issued false statements and omitted material facts during the Class Period which allegedly artificially inflated the price of Nutanix common stock, Nutanix Notes,[5] and Nutanix call options, and artificially deflated the price of Nutanix put options (together, "Nutanix Securities"). It is alleged that corrective information released to the market after markets closed on February 28, 2019 and May 30, 2019 impacted the market price of Nutanix Securities in a statistically significant manner and removed the alleged artificial inflation (or artificial deflation) from the share prices on March 1, 2019 and May 31, 2019. Accordingly, in order to have a compensable loss in this Settlement, Nutanix common stock, Notes, or call options must have been purchased or otherwise acquired during the Class Period and held through at least one of the alleged corrective disclosures listed above, or with respect to put options, those options must have been sold (written) during the Class Period and not closed through at least one of the alleged corrective disclosures.

47.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of the respective Nutanix Securities will first be matched on a First In/First Out ("FIFO") basis.

---

[4]    As documented in the *Nutanix* SAC, the first alleged misstatement occurred after markets closed on November 30, 2017. Therefore, unless the Claimant provides documentation establishing that a transaction on November 30, 2017 occurred after markets closed, such transactions will be considered as having occurred prior to the start of the Class Period.

[5]    "Nutanix Notes" refers solely to the Nutanix security with CUSIP 67059NAB4, the zero-coupon unrestricted Convertible Senior Notes which first traded publicly during the Class Period on February 5, 2019. All Nutanix Note "per Note" prices are in terms of per $1,000 par value.

48.     Based on the formulas set forth below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Nutanix common stock, Notes, and call options and each sale of Nutanix put options during the Class Period that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

## COMMON STOCK CALCULATIONS

49.     **For each share of Nutanix common stock purchased or acquired from November 30, 2017[6] through and including February 28, 2019, and:**

A.     Sold before March 1, 2019, the Recognized Loss Amount for each such share shall be zero.

B.     Sold during the period from March 1, 2019 through May 30, 2019, the Recognized Loss Amount for each such share shall be ***the lesser of***:

1.     $3.51; or

2.     the purchase price ***minus*** the sale price.

C.     Sold during the period from May 31, 2019 through August 28, 2019, the Recognized Loss Amount for each such share shall be ***the least of***:

1.     $4.29; or

2.     the actual purchase/acquisition price of each such share ***minus*** the average closing price from May 31, 2019, up to the date of sale as set forth in **Table 1** below; or

3.     the purchase price ***minus*** the sale price.

D.     Held as of the close of trading on August 28, 2019, the Recognized Loss Amount for each such share shall be ***the lesser of***:

1.     $4.29; or

2.     the purchase price ***minus*** $23.89.[7]

---

[6]     As explained in footnote 4 above, with regard to common stock shares purchased on November 30, 2017, a Recognized Loss Amount will be calculated for such purchases only if the Claimant provides documentation that establishes that such common stock purchases were made after market close on that day.

[7]     Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent

50.     **For each share of Nutanix common stock purchased or acquired from March 1, 2019 through and including May 30, 2019, and:**

    A.   Sold before May 31, 2019, the Recognized Loss Amount for each such share shall be zero.

    B.   Sold during the period from May 31, 2019 through August 28, 2019, the Recognized Loss Amount for each such share shall be ***the least of***:

        1.   $0.78; or

        2.   the actual purchase/acquisition price of each such share ***minus*** the average closing price from May 31, 2019, up to the date of sale as set forth in **Table 1** below; or

        3.   the purchase price ***minus*** the sale price.

    C.   Held as of the close of trading on August 28, 2019, the Recognized Loss Amount for each such share shall be ***the lesser of***:

        1.   $0.78; or

        2.   the purchase price ***minus*** $23.89.[8]

## NOTE CALCULATIONS

51.     **For each Nutanix Note purchased or acquired from February 5, 2019 through and including February 28, 2019, and:**

    A.   Sold before March 1, 2019, the Recognized Loss Amount for each such Note shall be zero.

    B.   Sold during the period from March 1, 2019 through May 30, 2019, the Recognized Loss Amount for each such Note shall be ***the lesser of***:

        1.   $8.60; or

        2.   the purchase price ***minus*** the sale price.

---

with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Nutanix common stock during the "90-day look-back period," May 31, 2019 through August 28, 2019.  The mean (average) closing price for Nutanix common stock during this 90-day look-back period was $23.89.

[8]     As explained in footnote 7 above, pursuant to the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Nutanix common stock during the "90-day look-back period," May 31, 2019 through August 28, 2019.  The mean (average) closing price for Nutanix common stock during this 90-day look-back period was $23.89.

C.  Sold during the period from May 31, 2019 through August 28, 2019, the Recognized Loss Amount for each such Note shall be ***the least of***:

    1.    $9.06; or

    2.    the actual purchase/acquisition price of each such Note ***minus*** the average closing price from May 31, 2019, up to the date of sale as set forth in **Table 1** below; or

    3.    the purchase price ***minus*** the sale price.

D.  Held as of the close of trading on August 28, 2019, the Recognized Loss Amount for each such Note shall be ***the lesser of***:

    1.    $9.06; or

    2.    the purchase price ***minus*** $917.86.[9]

52.    **For each Nutanix Note purchased or acquired from March 1, 2019 through and including May 30, 2019, and**:

A.  Sold before May 31, 2019, the Recognized Loss Amount for each such Note shall be zero.

B.  Sold during the period from May 31, 2019 through August 28, 2019, the Recognized Loss Amount for each such Note shall be ***the least of***:

    1.    $0.46; or

    2.    the actual purchase/acquisition price of each such Note ***minus*** the average closing price from May 31, 2019, up to the date of sale as set forth in **Table 1** below; or

    3.    the purchase price ***minus*** the sale price.

C.  Held as of the close of trading on August 28, 2019, the Recognized Loss Amount for each such Note shall be ***the lesser of***:

    1.    $0.46; or

    2.    the purchase price ***minus*** $917.86.[10]

---

[9]    As explained in footnote 7 above, pursuant to the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Nutanix Notes during the "90-day look-back period," May 31, 2019 through August 28, 2019.  The mean (average) closing price for Nutanix Notes during this 90-day look-back period was $917.86.

[10]    As explained in footnote 7 above, pursuant to the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Nutanix Notes during

**OPTIONS CALCULATIONS**

53.     Exchange-traded options are traded in units called "contracts," which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Nutanix common stock.  Throughout this Plan of Allocation, all price quotations of exchange-traded options are per share of the underlying security (i.e., 1/100 of a contract).

54.     Each option contract specifies a strike price and an expiration date.  Contracts with the same strike price and expiration date are referred to as a "series."  Under the Plan of Allocation, the dollar artificial inflation per share (i.e., 1/100 of a contract) for each series of Nutanix call options and the dollar artificial deflation per share (i.e., 1/100 of a contract) for each series of Nutanix put options has been calculated by Plaintiffs' damages expert.

55.     Table 2 sets forth the estimated and alleged dollar artificial inflation per share in Nutanix call options during the Class Period.  Table 3 sets forth the estimated and alleged dollar artificial deflation per share in Nutanix put options during the Class Period.  Tables 2 and 3 list only series of Nutanix options that had open interest on one of the alleged corrective disclosure dates and which expired on or after the trade date immediately following one of the corrective disclosures – because any option closed or expiring prior to the market reaction to any alleged corrective disclosure has a Recognized Loss of zero.[11]

56.     **For each exchange-traded Nutanix call option purchased or acquired from November 30, 2017[12] through and including May 30, 2019, and**:

   A. Closed (through sale, exercise, or expiration) prior to March 1, 2019, the Recognized Loss Amount for each such share shall be zero.

   B. Closed (through sale, exercise, or expiration) from March 1, 2019 through May 30, 2019, the Recognized Loss Amount for each such share shall be *the least of*:

      1. the estimated and alleged dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 2** *minus* the dollar artificial inflation applicable to each such share on the date of close as set forth in **Table 2**; or

      2. the purchase price *minus* the sale price if closed by sale; or

---

the "90-day look-back period," May 31, 2019 through August 28, 2019.  The mean (average) closing price for Nutanix Notes during this 90-day look-back period was $917.86.

[11]  Table 2 and Table 3 will be posted on the website dedicated to the Settlement at www.NutanixSecuritiesSettlement.com.

[12]  As explained in footnote 4 above with regard to call options purchased on November 30, 2017, a Recognized Loss Amount will be calculated for such purchases only if the Claimant provides documentation that establishes that such call option purchases were made after market close on that day.

3. the purchase price *minus* the value per option on the date of exercise or expiration if closed through exercise or expiration.[13]

C. Open as of the close of trading on May 30, 2019, the Recognized Loss Amount for each such share shall be *the lesser of*:

1. the estimated and alleged dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 2**; or

2. the actual purchase/acquisition price of each such share *minus* the closing price on May 31, 2019 (i.e., the "Holding Price") as set forth in **Table 2**.

57.     **For each exchange-traded Nutanix put option sold (written) from November 30, 2017[14] through and including May 30, 2019, and**:

A. Closed (through purchase, exercise, or expiration) prior to March 1, 2019, the Recognized Loss Amount for each such share shall be zero.

B. Closed (through purchase, exercise, or expiration) from March 1, 2019 through May 30, 2019, the Recognized Loss Amount for each such share shall be *the least of*:

1. the estimated and alleged dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 3** *minus* the dollar artificial deflation applicable to each such share on the date of close as set forth in **Table 3**; or

2. the purchase price *minus* the sale price if closed by purchase; or

3. the value per option on the date of exercise or expiration if closed through exercise or expiration *minus* the sale price.[15]

C. Open as of the close of trading on May 30, 2019, the Recognized Loss Amount for each such share shall be *the lesser of*:

1. the estimated and alleged dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in **Table 3**; or

---

[13]   The "value" of the call option on the date of exercise or expiration shall be the closing price of Nutanix common stock on the date of exercise or expiration *minus* the strike price of the option.  If this number is less than zero, the value of the call option is zero.

[14]   As explained in footnote 4 above with regard to put options sold (written) on November 30, 2017, a Recognized Loss Amount will be calculated for such put options only if the Claimant provides documentation that establishes that such put option transactions were made after market close on that day.

[15]   The "value" of the put option on the date of exercise or expiration shall be the strike price of the option *minus* the closing price of Nutanix common stock on the date of exercise or expiration.  If this number is less than zero, the value of the put option is zero.

2. the closing price on May 31, 2019 (i.e., the "Holding Price") as set forth in **Table 3** *minus* the sale (writing) price.

58. **Maximum Recovery for Options:** The Settlement proceeds available for Nutanix call options purchased during the Class Period and Nutanix put options sold (written) during the Class Period shall be limited to a total amount equal to 2% of the Net Settlement Fund.

## ADDITIONAL PROVISIONS

59. A Claimant's Recognized Claim under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts.

60. Purchases or acquisitions and sales of Nutanix Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. All purchases, acquisitions, and sales shall exclude any fees, taxes, and commissions. The receipt or grant by gift, inheritance or operation of law of Nutanix Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of these Nutanix Securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase, acquisition, or sale of such Nutanix Securities unless (i) the donor or decedent purchased, acquired, or sold such Nutanix Securities during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Nutanix Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

61. Nutanix Securities are the only securities eligible for recovery under the Plan of Allocation. With respect to Nutanix common stock purchased or sold through the exercise of an option, the purchase/sale date of those Nutanix common stock shares is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

62. In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase, acquisition, or sale that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero. A "short sale" includes short positions in Nutanix common stock, writing Nutanix call options, and purchases of Nutanix put options.

63. In the event that a Claimant has an opening short position in Nutanix common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a Claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

64. If a Claimant has "written" Nutanix call options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option. The date on which the call option was written is deemed to be the date of sale of the call option. In accordance with the Plan of Allocation, the earliest Class Period purchases or acquisitions shall be matched against such short positions in accordance with the FIFO matching described above and any portion of such purchases or acquisitions that cover

such short positions will not be entitled to recovery.

65.     If a Claimant has purchased or acquired Nutanix put options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option.  The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option.  In accordance with the Plan of Allocation, the earliest sales or dispositions of like put options during the Class Period shall be matched against such long positions in accordance with the FIFO matching described above and any portion of the sales that cover such long positions shall not be entitled to a recovery.

66.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

67.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

68.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

## **TABLE 1**

### **Nutanix Common Stock and Nutanix Note Average Closing Prices**
### **May 31, 2019 – August 28, 2019**

| Date | Common Stock Average Closing Price Between May 31, 2019 and Date Shown | Note Average Closing Price Between May 31, 2019 and Date Shown | | Date | Common Stock Average Closing Price Between May 31, 2019 and Date Shown | Note Average Closing Price Between May 31, 2019 and Date Shown |
|---|---|---|---|---|---|---|
| 5/31/2019 | $28.07 | $948.83 | | 7/17/2019 | $26.57 | $937.78 |
| 6/3/2019 | $27.58 | $944.36 | | 7/18/2019 | $26.53 | $937.39 |
| 6/4/2019 | $27.73 | $948.32 | | 7/19/2019 | $26.48 | $937.14 |
| 6/5/2019 | $27.83 | $949.32 | | 7/22/2019 | $26.44 | $936.08 |
| 6/6/2019 | $27.85 | $949.03 | | 7/23/2019 | $26.39 | $935.90 |
| 6/7/2019 | $27.88 | $949.25 | | 7/24/2019 | $26.35 | $935.88 |
| 6/10/2019 | $27.87 | $950.25 | | 7/25/2019 | $26.27 | $935.39 |
| 6/11/2019 | $27.87 | $949.84 | | 7/26/2019 | $26.23 | $935.12 |
| 6/12/2019 | $27.82 | $949.41 | | 7/29/2019 | $26.17 | $935.12 |
| 6/13/2019 | $27.80 | $948.89 | | 7/30/2019 | $26.11 | $934.66 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6/14/2019 | $27.58 | $946.22 | | 7/31/2019 | $26.03 | $934.66 |
| 6/17/2019 | $27.44 | $944.94 | | 8/1/2019 | $25.94 | $933.71 |
| 6/18/2019 | $27.31 | $943.88 | | 8/2/2019 | $25.81 | $932.49 |
| 6/19/2019 | $27.23 | $943.06 | | 8/5/2019 | $25.66 | $931.18 |
| 6/20/2019 | $27.21 | $942.69 | | 8/6/2019 | $25.53 | $929.99 |
| 6/21/2019 | $27.17 | $942.75 | | 8/7/2019 | $25.39 | $928.69 |
| 6/24/2019 | $27.08 | $942.03 | | 8/8/2019 | $25.27 | $927.54 |
| 6/25/2019 | $26.95 | $941.37 | | 8/9/2019 | $25.14 | $926.39 |
| 6/26/2019 | $26.85 | $940.57 | | 8/12/2019 | $25.01 | $924.59 |
| 6/27/2019 | $26.78 | $939.92 | | 8/13/2019 | $24.89 | $924.40 |
| 6/28/2019 | $26.74 | $939.44 | | 8/14/2019 | $24.77 | $923.22 |
| 7/1/2019 | $26.73 | $939.65 | | 8/15/2019 | $24.65 | $922.25 |
| 7/2/2019 | $26.73 | $939.77 | | 8/16/2019 | $24.53 | $921.25 |
| 7/3/2019 | $26.74 | $939.84 | | 8/19/2019 | $24.44 | $920.35 |
| 7/5/2019 | $26.73 | $939.45 | | 8/20/2019 | $24.34 | $920.35 |
| 7/8/2019 | $26.70 | $939.45 | | 8/21/2019 | $24.26 | $919.54 |
| 7/9/2019 | $26.69 | $939.20 | | 8/22/2019 | $24.18 | $918.93 |
| 7/10/2019 | $26.66 | $938.86 | | 8/23/2019 | $24.11 | $918.93 |
| 7/11/2019 | $26.66 | $938.93 | | 8/26/2019 | $24.04 | $918.36 |
| 7/12/2019 | $26.69 | $939.29 | | 8/27/2019 | $23.96 | $918.36 |
| 7/15/2019 | $26.69 | $939.45 | | 8/28/2019 | $23.89 | $917.86 |
| 7/16/2019 | $26.63 | $939.00 | | | | |

69. If a Claimant had a market gain with respect to their overall transactions in Nutanix Securities during the Class Period, the value of the Claimant's Recognized Claim will be zero. If a Claimant suffered an overall market loss during the Class Period with respect to their overall transactions in Nutanix Securities, but that market loss was less than the Claimant's total Recognized Claim calculated above, then the Claimant's Recognized Claim will be limited to the amount of the actual market loss.

70. After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to the Investor Protection Trust.

71. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Lead Counsel, Plaintiffs' damages expert, or the Claims Administrator or other agent designated by Lead Counsel, or the Released Defendant Parties and/or their respective counsel, arising from distributions made substantially in accordance with

the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Plaintiffs, Defendants, their respective counsel, Plaintiffs' damages expert, and all other releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

## WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

72.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that Plaintiffs, and all other Released Plaintiff Parties (as defined in ¶76 below) shall have waived, released, discharged, and dismissed each and every one of the Released Claims (as defined in ¶73 below), including Unknown Claims (as defined in ¶77 below), against each and every one of the Released Defendant Parties (as defined in ¶74 below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties, whether or not they execute and deliver the Claim Form or share in the Settlement Fund.  Claims to enforce the terms of the Settlement are not released.

73.     "Released Claims" means any and all claims, demands, losses, debts, rights, and causes of action or liabilities of every nature and description, including any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability whatsoever whether known claims or Unknown Claims, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, that concern, arise out of, relate to, or are based upon both: (i) the purchase or acquisition of publicly traded Nutanix securities, call options, or put options during the Class Period; and (ii) the facts, events, transactions, acts, occurrences, statements, representations or omissions which were or could have been alleged in the Actions or could have been asserted in any court or forum.  Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement, claims that could be brought in any derivative action based on similar allegations, or the claims of any person or entity that submits a request for exclusion that is accepted by the Court.

74.     "Released Defendant Parties" means each and all of the Defendants, and each and all of their Related Persons.

75.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Released Plaintiff Parties, including Lead Counsel and Class Members, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Actions, except for claims relating to the enforcement of the Settlement.

76.     "Released Plaintiff Parties" means Plaintiffs, each and every Class Member, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners,

employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Released Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

77. "Unknown Claims" means any and all Released Claims that Plaintiffs or any other Class Members do not know or suspect to exist in their favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in their, his, her, or its favor, which if known by any of them, might have affected their, his, her, or its decision(s) to enter into this Settlement, execute the Stipulation, and agree to all the various releases set forth herein, or might have affected their, his, her, or its decision not to object to this Settlement or not exclude themselves, himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to any and all Released Claims and Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Plaintiffs and Class Members (as regards to the Released Claims) and Defendants (as regards to the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have, and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Actions, but they stipulate and agree that, upon the Effective Date of the Settlement, the Settling Parties shall expressly waive and by operation of the Judgment, or Alternative Judgment, if applicable, shall have, fully, finally, and forever settled and released, any and all Released Claims or Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Defendants acknowledge, and each of the Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

78.     Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been paid for its expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund of no more than 30% of the Settlement Amount, plus interest.  At the same time, Lead Counsel also intends to apply for payment from the Settlement Fund for counsel's litigation expenses in a total amount not to exceed $750,000, plus interest. The Court will determine the amount of the award of fees and expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

79.     If you fall within the definition of the Class as described above and are not excluded by the definition of the Class, and you do not submit a valid and timely request to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class.  If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your potential entitlement to share in the proceeds of the Settlement. You may go to the website maintained by the Claims Administrator for the Settlement to download a Claim Form. The website is www.NutanixSecuritiesSettlement.com.  You may also request a Claim Form by calling toll-free 1-888-850-8229.  Those who submit a valid and timely request to exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation, will not be entitled to share in the proceeds of the Settlement unless otherwise ordered by the Court.  Please retain all original records of your ownership of, or transactions in the securities or options, as they may be needed to document your claim.

80.     As a Class Member, for purposes of the Settlement, you are represented by Plaintiffs, and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf.

81.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?" below.  If you submit a request to exclude yourself from the Class, you are not entitled to submit an objection.

## HOW DO I GET OUT OF THE PROPOSED SETTLEMENT

82.     To exclude yourself from the Class, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Nutanix Securities Settlement*."  To be

valid, your letter must include the date(s), price(s) paid or received for each such purchase, acquisition, transaction, or sale, and number of Nutanix securities or options purchased, acquired, transacted, or sold during the Class Period.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked no later than ____, 2023** to:

*Nutanix Securities Settlement*
c/o Gilardi & Co. LLC
Claims Administrator
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

83.     If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  If you exclude yourself, you may not send in a Claim Form to ask for any money.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Claims in the future.

84.     Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Class in these Actions to continue your own lawsuit.  Remember, the exclusion deadline is ____, 2023.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** |
| **DO I HAVE TO COME TO THE HEARING?** |
| **MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?** |

85.     **If you do not wish to object in person to the proposed Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and litigation expenses, you do not need to attend the Settlement Hearing.  You can object to or participate in the Settlement without attending the Settlement Hearing.**

86.     The Settlement Hearing will be held on _____, 2023, at _____ _.m., before the Honorable William H. Orrick, at the United States District Court, Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.  The Court reserves the right to approve the Settlement or the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

87.     Any Class Member who has not submitted a request for exclusion may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and litigation expenses.[16]  You can ask the Court to deny approval by filing an objection.  You

---

[16]   Lead Plaintiff's initial motion papers in support of these matters will be filed with the Court on or before _____, 2023.

cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

88.     Any objection to the proposed Settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Settlement Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must: (i) clearly identify the case name and number (either *In re Nutanix, Inc. Securities Litigation*, No. 3:19-cv-01651-WHO (N.D. Cal.) or *John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002 v. Nutanix, Inc., et al.*, No. 3:21-cv-04080-WHO (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked on or before _____, 2023.

89.     The notice of objection must include documentation establishing the objecting Person's membership in the Class, including the number of Nutanix securities and/or publicly traded Nutanix options that the objecting Person: (i) owned as of the opening of trading on November 30, 2017; and (ii) purchased, acquired, transacted and/or sold during the Class Period, as well as the dates and prices for each such purchase, acquisition and sale, and contain a statement of reasons for the objection, copies of any papers, briefs, or other documents upon which the objection is based, a statement of whether the objector intends to appear at the Settlement Hearing, and the objector's signature, even if represented by counsel.  The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  In addition, the objector must identify all class action settlements to which the objector and their, his, her, or its counsel have previously objected.  Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

90.     You may not object to the Settlement or any aspect of it, if you exclude yourself from the Class.

91.     You may file a written objection without having to appear at the Settlement Hearing.  You may not appear at the Settlement Hearing to present your objection, however, unless you have first filed a written objection in accordance with the procedures described above, unless the Court orders otherwise.

92.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you decide to hire an attorney, which will be at your own expense, however, they, he, or she must file a notice of appearance with the Court by ____, 2023.

93.     The Settlement Hearing may be adjourned by the Court without further written

1   notice to the Class, other than a posting of the adjournment on the Settlement website,
2   www.NutanixSecuritiesSettlement.com.  If you plan to attend the Settlement Hearing, you should
    confirm the date and time with Lead Counsel.

3           **Unless the Court orders otherwise, any Class Member who does not object in**
4           **the manner described above will be deemed to have waived any objection and**
            **shall be forever foreclosed from making any objection to the proposed**
5           **Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an**
            **award of attorneys' fees and litigation expenses.  Class Members do not need**
6           **to appear at the hearing or take any other action to indicate their approval.**

7
    | **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
    | --- |
8

9           94.     Nominees who purchased, acquired, or transacted Nutanix securities and/or
10  publicly traded Nutanix options for beneficial owners who are Class Members are directed to:
    (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the
11  Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or
12  (ii) send a list of the names and addresses (including email addresses if available) of such
    beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the
13  Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such
    nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within
14  seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon
15  such emailing or mailing, the nominee shall send a statement to the Claims Administrator
    confirming that the emailing or mailing was made as directed, and the nominee shall retain the list
16  of names and addresses for use in connection with any possible future notice to the Class.  Upon
    full compliance with these instructions, including the timely emailing or mailing of the Postcard
17  Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses
18  actually incurred in complying with these instructions by providing the Claims Administrator with
    proper documentation supporting the expenses for which reimbursement is sought and reflecting
19  compliance with these instructions.  Reasonable out of-pocket expenses actually incurred in
    connection with the foregoing includes up to $0.03 for providing names, addresses, and email
20  addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice
    mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per notice sent
21  by email.  Such properly documented expenses incurred by nominees in compliance with the
    terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also
22  be obtained by calling toll-free 1-888-850-8229, and may be downloaded from the Settlement
    website, www.NutanixSecuritiesSettlement.com.

23
    | **CAN I SEE THE COURT FILE?** |
    | --- |
24  | **WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?** |

25          95.     This Notice contains only a summary of the terms of the proposed Settlement.
26  More detailed information about the matters involved in the Actions is available at
    www.NutanixSecuritiesSettlement.com, including, among other documents, copies of the
27  Stipulation and the Claim Form.  This Notice summarizes the proposed Settlement.  For the
28  precise terms and conditions of the Settlement, please see the Settlement Agreement available at

www.NutanixSecuritiesSettlement.com, or by contacting Lead Counsel below.  You may also access the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 1:00 p.m., Monday through Friday, excluding Court holidays.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Nutanix Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

**-or-**

Theodore J. Pintar, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 W. Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com
Lead Counsel

**DO NOT CALL OR WRITE THE COURT, DEFENDANTS, DEFENDANTS' COUNSEL, OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____            By Order of the Court
                               United States District Court
                               Northern District of California

# EXHIBIT A-2

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
    KENNETH J. BLACK (291871)
3   Post Montgomery Center
    One Montgomery Street, Suite 1800
4   San Francisco, CA  94104
    Telephone:  415/288-4545
5   415/288-4534 (fax)
    shawnw@rgrdlaw.com
6   kennyb@rgrdlaw.com
            – and –
7   JAMES E. BARZ
    FRANK A. RICHTER
8   200 South Wacker Drive, 31st Floor
    Chicago, IL  60606
9   Telephone:  312/674-4674
    312/674-4676 (fax)
10  jbarz@rgrdlaw.com
    frichter@rgrdlaw.com
11
    Lead Counsel for Lead Plaintiff
12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                  SAN FRANCISCO DIVISION

16  In re NUTANIX, INC. SECURITIES      )   Case No. 3:19-cv-01651-WHO
    LITIGATION                          )   Case No. 3:21-cv-04080-WHO
17  _____ )
                                        )   CLASS ACTION
18  JOHN P. NORTON, ON BEHALF OF THE    )
    NORTON FAMILY LIVING TRUST UAD      )   PROOF OF CLAIM AND RELEASE FORM
19  11/15/2002, Individually and On Behalf of All  )
    Others Similarly Situated,          )   EXHIBIT A-2
20                                      )
                         Plaintiff,     )
21                                      )
            vs.                         )
22                                      )
    NUTANIX, INC., DHEERAJ PANDEY, and  )
23  DUSTON M. WILLIAMS,                 )
                                        )
24                       Defendants.    )
    _____ )
25

26

27

28

4895-5862-9714.v4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***Nutanix Securities Settlement***

**c/o Gilardi & Co. LLC**
**P.O. Box Box 8040**
**San Rafael, CA 94912-8040**

**Toll-Free Number:  1-888-850-8229**

**Email:  info@NutanixSecuritiesSettlement.com**

**Website:  www.NutanixSecuritiesSettlement.com**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of these Actions, you must complete and sign this Proof of Claim and Release ("Claim Form") and mail it by first-class mail to the above address, ***postmarked*** **no later than _____, 2023 or submit it online at the above website on or before _____, 2023**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Actions, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above**.

## PART I – INSTRUCTIONS

### A.    GENERAL INSTRUCTIONS

1.    This Claim Form is directed to all persons or entities who: (i) purchased or otherwise acquired Nutanix, Inc. ("Nutanix") securities between November 30, 2017 and May 30, 2019, inclusive (the "Class Period"); and/or (ii) transacted in publicly traded call options and/or put options of Nutanix during the Class Period (the "Class").[1]  To recover as a member of the Class based on your claims in the actions entitled *In re Nutanix, Inc. Securities Litigation*, No. 3:19-cv-01651-WHO (N.D. Cal.) or *John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002 v. Nutanix, Inc., et al.*, No. 3:21-cv-04080-WHO (N.D. Cal.) (the "Actions"), you must complete and, on page [__] hereof, sign this Claim Form.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Claim Form, your claim may be rejected, and you may be precluded from any

---

[1]    Excluded from the Class are Nutanix and its subsidiaries and affiliates, the Individual Defendants, any of Defendants' respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a Controlling Interest.  Also excluded from the Class are any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Notice that is accepted by the Court.

recovery from the Net Settlement Fund created in connection with the proposed settlement of the Actions.

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Net Settlement Fund in the Actions.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM ON OR BEFORE _____, 2023, ADDRESSED AS FOLLOWS:

*Nutanix Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box Box 8040
San Rafael, CA  94912-8040
www.NutanixSecuritiesSettlement.com

If you are NOT a member of the Class, as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), DO NOT submit a Claim Form as you may not, directly or indirectly, participate in the Settlement.

4.      If you are a member of the Class and you do not timely and validly request exclusion from the Class, you are bound by the terms of any judgment entered in the Actions, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**B.      CLAIMANT IDENTIFICATION**

1.      If you purchased or acquired Nutanix securities, and/or transacted publicly traded Nutanix call options and/or put options, and held the certificate(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer.  If, however, the

certificate(s) were registered in the name of a third-party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third-party is the record purchaser.

2.      Use Part II of this form entitled "Claimant Identification" to identify the beneficial owner(s) of Nutanix securities and/or publicly traded Nutanix call or put options.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the eligible Nutanix securities and/or publicly traded Nutanix call or put options in your own name, you are the beneficial owner as well as the record owner.  If, however, your eligible Nutanix securities and/or publicly traded Nutanix call or put options were registered in the name of a third-party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third-party is the record owner.  THIS CLAIM MUST BE FILED AND SIGNED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE NUTANIX SECURITIES AND/OR PUBLICLY TRADED NUTANIX CALL OR PUT OPTIONS UPON WHICH THIS CLAIM IS BASED.

3.      All joint purchasers must sign this Claim Form and be identified in Part II.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.      **One Claim should be submitted for each separate legal entity**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

5.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Nutanix securities and/or publicly traded Nutanix call or put options; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

6.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own or owned the Nutanix securities and/or publicly traded Nutanix call or put options you have listed in the Claim Form; or

(b)     are expressly authorized to act on behalf of the owner thereof.

**C.     CLAIM FORM**

1.     Use Part III of this form entitled "Schedule of Transactions in Nutanix Securities and/or Publicly Traded Nutanix Call or Put Options" to supply all required details of your transaction(s) in Nutanix securities and/or publicly traded Nutanix call or put options.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.     On the schedules, provide all of the requested information with respect to all of your purchases, acquisitions, transactions, and sales of Nutanix securities and/or publicly traded Nutanix call or put options that took place at any time on or between and including November 30, 2017 and August 28, 2019, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.  Also, list the number of Nutanix securities and/or publicly traded Nutanix call or put options held at the close of trading on November 29, 2017, May 30, 2019, and August 28, 2019.

3.     List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

4.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Nutanix securities and/or publicly traded Nutanix call or put options set forth in the Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The parties and the Claims Administrator do not independently have information about your investments in Nutanix securities and/or publicly traded Nutanix call or put options.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents**.

5.      The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.  In the event the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the claimant's responsibility for any increased costs due to the nature and/or scope of the claim.

6.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

7.      **PLEASE NOTE**:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive their, his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any claimant calculates to less than $10.00, no payment shall be made to that claimant.

8.      If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Gilardi & Co. LLC, at the address on the first page of the Claim Form, by email at info@NutanixSecuritiesSettlement.com, or by toll-free phone at 1-888-850-8229, or you can visit the website, www.NutanixSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

9.      NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.NutanixSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at info@NutanixSecuritiesSettlement.com. **Any file not in accordance with the required electronic filing format will be subject to rejection**.  Only one claim should be submitted for each separate legal entity (*see* ¶B.4 above) and the *complete* name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶B.2 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@NutanixSecuritiesSettlement.com to inquire about your file and confirm it was received**.

**PART II:      CLAIMANT IDENTIFICATION**

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Joint Beneficial Owner's Name (if applicable) (First, Middle, Last)

_____

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

_____

Street Address

City

State or Province

Zip Code or Postal Code

Country

Social Security Number or
Taxpayer Identification Number

Individual
Corporation/Other

Area Code          Telephone Number (work)

Area Code          Telephone Number (home)

Email Address:

Record Owner's Name (if different from beneficial owner listed above)

**PART III:     SCHEDULE OF TRANSACTIONS IN NUTANIX SECURITIES
AND/OR PUBLICLY TRADED NUTANIX CALL OR PUT OPTIONS**

Please be sure to include proper documentation with your Claim Form as described in detail in ¶C.4 of the Instructions.  Do not include information regarding securities other than Nutanix securities and/or publicly traded Nutanix call or put options.

A.     Number of Nutanix securities and/or publicly traded Nutanix call or put options held at the close of trading on November 29, 2017.  (Must be documented.)  If none, write "zero": _____

B.     Purchases or acquisitions of Nutanix securities (November 30, 2017-August 28, 2019, inclusive), and/or transactions in publicly traded call options and/or put options of Nutanix (Must be documented.):

| Date of Purchase/ Acquisition (Trade Date) Mo. / Day / Year | Number of Shares Purchased or Acquired | Purchase / Acquisition Price Per Share | Total Purchase or Acquisition Price (excluding any taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes:  ☐ Yes

C.     Sales of Nutanix securities and/or publicly traded Nutanix call or put options (November 30, 2017-August 28, 2019, inclusive) (Must be documented.):

| Trade Date<br>Mo. / Day / Year | Number of Shares Sold | Sale Price<br>Per Share | Total Sales Price<br>(not deducting any taxes, commissions, and fees) |
|---|---|---|---|
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |
| /     / | | $ | $ |

D.    Number of Nutanix securities and/or publicly traded Nutanix call or put options held at the close of trading on May 30, 2019.  (Must be documented.) If none, write "zero": _____

E.    Number of Nutanix securities and/or publicly traded Nutanix call or put options held at the close of trading on August 28, 2019.   (Must be documented.)  If none, write "zero": _____.

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**PART IV – SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Claim Form under the terms of the Stipulation of Settlement dated April 7, 2023 ("Stipulation") described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Actions.  I (We) agree to furnish additional information to Lead Counsel and/or the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions, transactions, or sales of Nutanix securities and/or publicly traded Nutanix call or put options during the Class Period and know of no other Person having done so on my (our) behalf.

**PART V – RELEASE**

1.       I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge all of the Released Claims (including Unknown Claims) against each and all of the Released Defendant Parties, all as defined herein and in the Notice and Stipulation.

2.       This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

3.       I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof and have not submitted any other claim covering the same purchases of Nutanix securities and/or transactions of publicly traded Nutanix call or put options, and know of no other person having done so on my (our) behalf.

4.       I (We) hereby warrant and represent that I (we) have included all requested information about all of my (our) purchases or acquisitions of Nutanix securities and/or transactions of publicly traded Nutanix call or put options during the Class Period, as well as the number of securities held at the close of trading on November 29, 2017, May 30, 2019, and August 28, 2019.

5.       The number(s) shown on this form is (are) the correct SSN/TIN(s).

6.       I (We) waive the right to trial by jury, to the extent it exists, and agree to the determination by the Court of the validity or amount of this claim, and waive any right of appeal or review with respect to such determination.

7.       I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of §3406(a)(1)(C) of the Internal Revenue Code.

(NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 7 above.)

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 20__,

(Month/Year)

in _____, _____.
    (City)             (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer,
Executor or Administrator)

For Joint Beneficial Purchaser, if any:

_____
(Sign your name here)

_____
(Type or print your name here)

ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.      Please sign the above release and acknowledgment.

2.      Remember to attach copies of supporting documentation, if available.

3.      Do not send original stock certificates.  Attach only ***copies*** of acceptable supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form and all supporting documentation for your records.

5.      If you move, please send us your new address.

6.      If you have any questions or concerns regarding your claim, contact the Claims Administrator at *Nutanix Securities Settlement*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, by email at info@NutanixSecuritiesSettlement.com, or by toll-free phone at 1-888-850-8229, or you may visit www.NutanixSecuritiesSettlement.com.  DO NOT call Nutanix, the other Defendants, or their counsel with questions regarding your claim.

# EXHIBIT A-3

1   ROBBINS GELLER RUDMAN
        & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
    KENNETH J. BLACK (291871)
3   Post Montgomery Center
    One Montgomery Street, Suite 1800
4   San Francisco, CA  94104
    Telephone:  415/288-4545
5   415/288-4534 (fax)
    shawnw@rgrdlaw.com
6   kennyb@rgrdlaw.com
            – and –
7   JAMES E. BARZ
    FRANK A. RICHTER
8   200 South Wacker Drive, 31st Floor
    Chicago, IL  60606
9   Telephone:  312/674-4674
    312/674-4676 (fax)
10  jbarz@rgrdlaw.com
    frichter@rgrdlaw.com
11
    Lead Counsel for Lead Plaintiff
12

13                  UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16  In re NUTANIX, INC. SECURITIES          )   Case No. 3:19-cv-01651-WHO
    LITIGATION                              )   Case No. 3:21-cv-04080-WHO
17  ——————————————————————————             )
                                            )   CLASS ACTION
18  JOHN P. NORTON, ON BEHALF OF THE        )
    NORTON FAMILY LIVING TRUST UAD          )   SUMMARY NOTICE
19  11/15/2002, Individually and On Behalf of All  )
    Others Similarly Situated,              )   EXHIBIT A-3
20                                          )
                            Plaintiff,      )
21                                          )
            vs.                             )
22                                          )
    NUTANIX, INC., DHEERAJ PANDEY, and      )
23  DUSTON M. WILLIAMS,                     )
                                            )
24                          Defendants.     )
                                            )
25  ——————————————————————————             )

26

27

28

    4890-8303-4706.v4

***IF YOU (i) PURCHASED OR ACQUIRED SECURITIES IN NUTANIX, INC. ("NUTANIX") FROM NOVEMBER 30, 2017 THROUGH MAY 30, 2019, INCLUSIVE (THE "CLASS PERIOD"), AND/OR (ii) TRANSACTED IN PUBLICLY TRADED CALL OPTIONS AND/OR PUT OPTIONS OF NUTANIX DURING THE CLASS PERIOD, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.   CERTAIN PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE CLASS AS SET FORTH IN THE STIPULATION OF SETTLEMENT.***

PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS MAY BE AFFECTED BY CLASS ACTION LAWSUITS PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California, that in the above-captioned litigations (the "Actions"), a Settlement has been proposed for $71,000,000.00.   A hearing will be held on _____, 2023, at __:__ _.m., before the Honorable William H. Orrick, at the United States District Court, Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, for the purpose of determining whether: (i) the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) the proposed Plan of Allocation for distribution of the Settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (iii) the application of Lead Counsel for the payment of attorneys' fees and expenses from the Settlement Fund, including interest earned thereon, should be granted.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THE ACTIONS, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND**.  You may obtain a copy of the Stipulation of Settlement, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), and the Proof of Claim and Release Form at www.NutanixSecuritiesSettlement.com or by contacting the Claims Administrator: Nutanix Securities Settlement, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040; 1-888-850-8229.

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim by mail postmarked no later than _____, 2023, or submit it online by that date.  If you are a Class Member and do not submit a valid Proof of Claim, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will still be

1  bound by any judgment entered by the Court in the Actions (including the releases provided for

2  therein).

3        To exclude yourself from the Class, you must submit a request for exclusion such that it is

4  **postmarked by _____, 2023**, in the manner and form explained in the Notice.  If you are a Class

5  Member and have not excluded yourself from the Class, you will be bound by any judgment entered

6  by the Court in the Actions (including the releases provided for therein) whether or not you submit a

7  Proof of Claim.  If you submit a valid request for exclusion, you will have no right to recover money

8  pursuant to the Settlement.

9        Any objection to the proposed Settlement, the Plan of Allocation, or the fee and expense

10 application must be filed with the Court no later than _____, 2023.

11       **PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE,**

12 **DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**.  If you have

13 any questions about the Settlement, or your eligibility to participate in the Settlement, you may

14 contact Lead Counsel at the following address or by calling 1-800-449-4900:

15     ROBBINS GELLER RUDMAN
         & DOWD LLP
16     THEODORE J. PINTAR
       655 West Broadway, Suite 1900
17     San Diego, CA  92101
       settlementinfo@rgrdlaw.com
18

19 DATED: _____      BY ORDER OF THE COURT
                            UNITED STATES DISTRICT COURT
20                                 NORTHERN DISTRICT OF CALIFORNIA

21

22

23

24

25

26

27

28

# EXHIBIT A-4

**<u>LEGAL NOTICE</u>**

*In re Nutanix, Inc. Securities Litigation*, No. 3:19-cv-01651-WHO (N.D. Cal.)
*John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002 v. Nutanix, Inc., et al.*,
        No. 3:21-cv-04080-WHO (N.D. Cal.)
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

www.NutanixSecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

Important Information about a Securities Class Action Settlement

You may be entitled to a payment.  This Notice may affect your legal rights.

Please read it carefully.

4869-9663-1378.v3

*In re Nutanix, Inc. Securities Litigation*,
No. 3:19-cv-01651-WHO (N.D. Cal.)
*John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002 v. Nutanix, Inc., et al.*,
No. 3:21-cv-04080-WHO (N.D. Cal.)
THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE CLASS ACTIONS AND SETTLEMENT
VISIT WWW.NUTANIXSECURITIESSETTLEMENT.COM OR CALL 1-888-850-8229 FOR MORE INFORMATION

If you (i) purchased or otherwise acquired securities of Nutanix, Inc. ("Nutanix" or the "Company") between November 30, 2017 and May 30, 2019, inclusive (the "Class Period"), and/or (ii) transacted in publicly traded call options and/or put options of Nutanix during the Class Period, this notice is to inform you that a Class was certified, for purposes of the proposed settlement ("Settlement") only, and that you could be entitled to a payment from the Settlement reached in these actions ("Actions"). Your rights may be affected by these Actions and the Settlement. A hearing will be held on _____, 2023, at _____ before the Honorable William H. Orrick at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102 to determine whether the proposed settlement of the Actions against Defendants Nutanix, Dheeraj Pandey, and Duston M. Williams for $71 million and the Plan of Allocation should be approved as fair, reasonable, and adequate and whether the Actions should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 30% of the Settlement Amount, plus interest, and expenses in an amount not to exceed $750,000, plus interest, should be granted.

The proposed Settlement would resolve two class action lawsuits alleging that, in violation of the U.S. federal laws, Defendants made material misrepresentations and omissions, with scienter, regarding the Company's declining sales pipeline, revenues, and billings. Defendants deny the allegations. For a full description of the Settlement and your rights and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action, and the Proof of Claim and Release ("Claim Form") by visiting the website: www.NutanixSecuritiesSettlement.com (the "Website") or you may request copies from the Claims Administrator by: (i) mail: *Nutanix Securities Settlement*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040; or (ii) call toll-free: 1-888-850-8229.

To qualify for payment, you must submit a valid Proof of Claim, with supporting documentation, postmarked no later than _____, 2023. You will be bound by any Judgment entered in the Actions, regardless of whether you submit a Proof of Claim, unless you submit a request to exclude yourself from the Class. If you exclude yourself, you cannot get money from this Settlement. If you wish to exclude yourself from the Class, you must submit a request for exclusion so that it is *postmarked* no later than _____, to: *Nutanix Securities Settlement*, c/o Gilardi & Co. LLC, Exclusions, P.O. Box 5100, Larkspur, CA 94977-5100. If you do not exclude yourself and you stay in the Class, you may object to the Settlement, Plan of Allocation, or request for award of attorneys' fees and

expenses such that the objection is **_received_** no later than _____, 2023.  The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Lead Plaintiff and the Class are represented by Lead Counsel: Theodore J. Pintar, Esq., Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.  You may, but do not have to, attend the Court hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | Case No. 3:19-cv-01651-WHO<br>Case No. 3:21-cv-04080-WHO |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>    vs.<br><br>NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS,<br><br>                 Defendants. | <u>CLASS ACTION</u><br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>EXHIBIT B |

4859-9628-9362.v4

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated April 7, 2023 (the "Stipulation").  Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.      This Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including all members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies for purposes of the Settlement only a Class defined as: "all persons or entities who: (i) purchased or otherwise acquired Nutanix, Inc. ("Nutanix") securities between November 30, 2017 and May 30, 2019, inclusive (the "Class Period"), and/or (ii) transacted in publicly traded call options and/or put options of Nutanix during the Class Period.  Excluded from the Class are Nutanix and its subsidiaries and affiliates, the Individual Defendants, any of Defendants' respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a Controlling Interest."[1]

4.      Also excluded from the Class is any Person who timely and validly sought exclusion from the Class, as identified in Exhibit A hereto.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

---

[1]   "Controlling Interest" is defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

EX. B – [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE –
3:19-cv-01651-WHO                                                                                    - 1 -
4859-9628-9362.v4

1          (a)     in light of the benefits to the Class and the complexity and expense of further

2  litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable,

3  and adequate;

4          (b)     there was no collusion in connection with the Stipulation;

5          (c)     Plaintiffs and Lead Counsel have adequately represented the Class;

6          (d)     the Stipulation was the product of informed, arm's-length negotiations among

7  competent, able counsel;

8          (e)     the relief provided for the Class is adequate, having taken into account: (i) the

9  costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of

10  distributing relief to the Class, including the method of processing Class Member's claims; (iii) the

11  terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement

12  required to be identified under Federal Rule of Civil Procedure 23(e)(3);

13          (f)     the proposed Plan of Allocation treats Class Members equitably relative to

14  each other; and

15          (g)     the record is sufficiently developed and complete to have enabled Plaintiffs

16  and Defendants to have adequately evaluated and considered their positions.

17      6.     Accordingly, the Court authorizes and directs implementation and performance of all

18  the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to

19  any individual claim of those Persons who have validly and timely requested exclusion from the

20  Class (identified in Exhibit A hereto), the Actions and all claims contained therein are dismissed

21  with prejudice as to the Plaintiffs, and the other Class Members and as against each and all of the

22  Released Defendant Parties.  The Settling Parties are to bear their own costs except as otherwise

23  provided in the Stipulation.

24      7.     No Person shall have any claim against the Plaintiffs, Lead Counsel, or the Claims

25  Administrator, or any other Person designated by Lead Counsel based on determinations or

26  distributions made substantially in accordance with the Stipulation and the Settlement contained

27  therein, the Plan of Allocation, or further order(s) of the Court.

28

8.      Upon the Effective Date, Plaintiffs, and each of the Class Members (whether or not such Class Members execute and deliver a Proof of Claim, but excluding Class Members who have validly opted out of the Class), on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other Person or entity legally entitled to bring Released Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, discharged, and dismissed each and every one of the Released Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not Plaintiffs, or such Class Member executes and delivers the Proof of Claim and whether or not Plaintiffs, or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

9.      Upon the Effective Date, Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed the Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.  For the avoidance of doubt, the releases, relinquishments and discharges provided by the Released Defendant Parties in the Stipulation do not include the release, relinquishment or discharge of any claim or cause of action that any of the Released Defendant Parties may have against an insurer or reinsurer for, arising out of or related to insurance coverage for, arising out of or related to the Actions or any related matter or proceeding, including any derivative or ERISA actions based on similar allegations.  Claims to enforce the terms of the Stipulation are not released.

10.     Upon the Effective Date, Plaintiffs, all Class Members and anyone claiming through or on behalf of any of them are forever permanently barred and enjoined from commencing, instituting, maintaining, enforcing, asserting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any

1   of the Released Claims (including, without limitation, Unknown Claims) against any of the Released

2   Defendant Parties.

3       11.     The distribution of the Postcard Notice by email and mail (where no email was

4   available), posting of the Notice and Proof of Claim, and publication of the Summary Notice as

5   provided for in the Preliminary Approval Order constituted the best notice practicable under the

6   circumstances, including individual notice to Class Members who could be identified through

7   reasonable effort.  The notice provided was the best notice practicable under the circumstances of

8   those proceedings and of the matters set forth therein, including the proposed Settlement set forth in

9   the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements

10  of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the

11  Private Securities Litigation Reform Act of 1995.  No Class Member is relieved from the terms of

12  the Settlement, including the releases provided for therein, based upon the contention or proof that

13  such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered

14  to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.

15  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715,

16  were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby

17  determined that all members of the Class are bound by this Judgment, except those persons listed on

18  Exhibit A to this Judgment.

19      12.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding

20  any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall

21  be considered separate from this Judgment.  Any order or proceeding relating to the Plan of

22  Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal

23  from any order relating thereto or reversal or modification thereof, shall not affect or delay the

24  finality of the Final Judgment in the Actions.

25      13.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or

26  document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be

27  deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

28  or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be

EX. B – [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE –
3:19-cv-01651-WHO                                                                      - 4 -

1  or may be used as an admission of, or evidence of, any fault or omission of any of the Released

2  Defendant Parties; or (iii) is or may be deemed to be or may be used as an admission or evidence

3  that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater

4  than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court,

5  administrative agency, or other tribunal.  For the avoidance of doubt, the Stipulation, this Settlement,

6  the Exhibits, the Supplemental Agreement, and any other act performed or document executed

7  pursuant to or in furtherance of the Stipulation of Settlement, as well as the negotiations leading to

8  the execution of the Stipulation, and any proceedings, communications, drafts, documents or

9  agreements taken pursuant to, or in connection with the Stipulation, (i) shall not be offered or

10  received against the Released Defendant Parties as evidence of or construed as or deemed to be

11  evidence of any presumption, concession, or admission by the Released Defendant Parties of the

12  truth of any allegations by Plaintiffs, any member of the Class, or their Related Persons or the

13  validity of any claim that has been or could have been asserted in the Actions, or the deficiency of

14  any defense that has been or could have been asserted in the Actions or in any other litigation,

15  including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault,

16  or wrongdoing of any kind of the Released Defendant Parties or in any way referred to for any other

17  reason as against the Released Defendant Parties, in any civil, criminal, or administrative action or

18  proceeding, other than such proceedings as may be necessary to effectuate the provisions of the

19  Stipulation; (ii) shall not be offered or received against or to the prejudice of Released Defendant

20  Parties as evidence of a presumption, concession, or admission of liability for any fault,

21  misrepresentation, or omission with respect to any statement or written document approved or made

22  by Released Defendant Parties, or against Lead Counsel or any member of the Class or their Related

23  Persons as evidence of any infirmity in the claims of Plaintiffs and the Class; and (iii) shall not be

24  offered or received against Released Defendant Parties as evidence of a presumption, concession, or

25  admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other

26  reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative

27  action or proceeding; provided, however, that if the Stipulation is approved by the Court, the

28  Released Defendant Parties may refer to it to effectuate the releases granted them hereunder.  The

1 Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be

2 brought against them in order to support a defense or counterclaim based on principles of *res*

3 *judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other

4 theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

5       14.     Without affecting the finality of this Judgment in any way, this Court hereby retains

6 continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution of

7 the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii)

8 hearing and determining applications for attorneys' fees and expenses in the Actions; and (iv) all

9 parties hereto for the purpose of construing, enforcing, and administering the Settlement.

10       15.     The Court finds that during the course of the Actions, the Settling Parties and their

11 respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of

12 Civil Procedure.

13       16.     In the event that the Settlement does not become effective in accordance with the

14 terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement

15 Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall

16 be rendered null and void to the extent provided by and in accordance with the Stipulation and shall

17 be vacated; and in such event, all orders entered and releases delivered in connection herewith shall

18 be null and void to the extent provided by and in accordance with the Stipulation.

19       17.     The Settling Parties shall bear their own costs and expenses except as otherwise

20 provided in the Stipulation or in this Judgment.

21       18.     Without further order of the Court, the Settling Parties may agree to reasonable

22 extensions of time to carry out any of the provisions of the Stipulation.

23       19.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

24       20.     The Court's orders entered during these Actions relating to the confidentiality of

25 information shall survive this Settlement.

26       IT IS SO ORDERED.

27 DATED: _____

28                        _____
                       THE HONORABLE WILLIAM H. ORRICK
                       UNITED STATES DISTRICT JUDGE