# EXHIBIT B

ROBBINS GELLER RUDMAN
 & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com
     – and –
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS
GREGORY M. POTREPKA
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: 203/992-4523
212/363-7171 (fax)
shopkins@zlk.com
gpotrepka@zlk.com

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | ) ) ) |
| ——————————————— | ) |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | ) ) ) |
| Defendants. | ) ) ) |
| ——————————————— | ) |

Case No. 3:19-cv-01651-WHO
Case No. 3:21-cv-04080-WHO

CLASS ACTION

DECLARATION OF ORNEL N. COTERA

I, Ornel N. Cotera, declare as follows:

1.     I am the Board Chairman of The City of Miami Fire Fighters' and Police Officers' Retirement Trust (the "City of Miami"), a named plaintiff and class member in the action captioned *In re Nutanix, Inc. Sec. Litig.*, No. 3:19-cv-01651-WHO (N.D. Cal.) ("*Nutanix* Action" or the "Litigation"). City of Miami is a single employer defined benefit plan established by the City of Miami, Florida.

2.     I respectfully submit this declaration in support of: (a) the plaintiffs' motion for final approval of the $71,000,000 settlement (the "Settlement") made and entered into, on the one hand, by and between lead plaintiff California Ironworkers Field Pension Trust ("California Ironworkers") and City of Miami in the *Nutanix* action, and lead plaintiff John P. Norton, on Behalf of the Norton Family Living Trust UAD 11/14/2002 in the action captioned *John P. Norton, on Behalf of the Norton Family Trust UAD v. Nutanix Inc., et al.*, No. 3:21-cv-04080-WHO (N.D. Cal.) ("*Norton* Action") (collectively with California Ironworkers and City of Miami, "Plaintiffs"), on behalf of ourselves and similarly situated Class Members, and, on the other hand, Defendants Nutanix, Inc., Dheeraj Pandey and Duston M. Williams; and (b) Robbins Geller Rudman & Dowd LLP's and Levi & Korsinsky, LLP's (collectively, "Lead Counsel") motion for an award of attorneys' fees and expenses.

3.     City of Miami understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with large losses to manage and direct securities fraud class actions. In joining the *Nutanix* Action as an additional plaintiff, City of Miami agreed to be a class representative if appointed by the Court and understood its fiduciary duty to serve the interests of Class Members by supervising the management and prosecution of the Litigation as necessary. City of Miami has vigorously prosecuted this case on behalf of the Class for approximately four years. Ultimately, Plaintiffs agreed to settle the case only after balancing the risks of a trial and appeal, if we prevailed, against the immediate benefit of a $71,000,000 all cash recovery.

4.     During the four years since joining the *Nutanix* Action, City of Miami has, among other things: (a) conferred with counsel on the overall strategy for prosecuting the *Nutanix* Action;

DECLARATION OF ORNEL N. COTERA                                                                                    - 1 -

(b) reviewed significant pleadings and motion papers filed in the *Nutanix* Action; (c) met with counsel and reviewed periodic reports from counsel concerning the progress of the *Nutanix* Action; (d) collected documents to be produced in discovery; and (e) communicated with counsel regarding settlement negotiations and documentation.

## I.   CITY OF MIAMI ENDORSES THE COURT'S APPROVAL OF THE SETTLEMENT

5.   After seriously considering the grounds for the settlement, as well as the risks and uncertainties associated with continued litigation, including trial and appeal (if Plaintiffs prevailed), City of Miami authorized counsel to settle the Litigation for $71,000,000. Based on its involvement during the prosecution and resolution of the *Nutanix* Action, City of Miami believes that the Settlement represents a recovery that would not have been possible without the diligent efforts of counsel. In agreeing to the Settlement, City of Miami considered the real possibility that its remaining claims may not ultimately succeed, or that a jury could significantly limit the Class's damages. We also understood that even if Plaintiffs prevailed at trial, Defendants would likely appeal that decision and that the appeal process would, at a minimum, substantially delay any recovery by the Class. Weighing these substantial risks against the immediacy and noteworthy amount of the recovery, City of Miami believes that the $71,000,000 Settlement is an excellent result for the Class, and that its approval is in the best interest of each Class Member.

## II.   CITY OF MIAMI SUPPORTS LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

6.   Recognizing that any determination of fees and expenses is ultimately left to the Court, City of Miami endorses Lead Counsel's request for a 30% attorneys' fee award plus expenses incurred by Lead Counsel in litigating this case. City of Miami believes that Lead Counsel's request is fair and reasonable in light of the extensive, high-quality work they performed on behalf of Plaintiffs and the Class.

7.   City of Miami has evaluated Lead Counsel's fee request by considering, among other things: the amount and quality of work performed; the recovery obtained for the Class, which would not have been possible without the tremendous efforts of Lead Counsel; the complexities,

DECLARATION OF ORNEL N. COTERA                                                                    - 2 -

challenges, and novel legal arguments that counsel faced and overcame; and the customary fees in similar cases. City of Miami further believes that the litigation expenses requested by Lead Counsel are reasonable and represent costs and expenses necessary for the prosecution and resolution of this complex securities Litigation. Based on the foregoing, and consistent with its obligation to obtain the best result at the most efficient cost on behalf of the Class, City of Miami supports Lead Counsel's motion for attorneys' fees and litigation expenses.

### III.   CONCLUSION

8.      City of Miami was closely involved in the prosecution and settlement of the claims in the *Nutanix* Action and respectfully requests that the Court grant final approval of the Settlement and Lead Counsel's application for attorneys' fees and litigation expenses.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of August, 2023, at Miami, Florida.

_____
ORNEL N. COTERA

DECLARATION OF ORNEL N. COTERA                                                                    - 3 -