ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com
      – and –
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | ) ) ) |
| | Case No. 3:19-cv-01651-WHO<br>Case No. 3:21-cv-04080-WHO |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) ) |
| | CLASS ACTION<br><br>REPLY MEMORANDUM AND STATEMENT OF NON-OPPOSITION IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | ) ) ) |
| Defendants. | ) ) ) ) |

CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION, AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS REPRESENTATIVE PURSUANT TO 15 U.S.C. §78u-4(a)(4)

DATE:       October 4, 2023
TIME:       2:00 p.m. (via videoconference)
JUDGE:      Honorable William H. Orrick

4883-2345-3057.v1

Lead Plaintiff California Ironworkers Field Pension Trust ("California Ironworkers"), Plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust ("City of Miami"), Lead Plaintiff John P. Norton, on Behalf of the Norton Family Living Trust UAD 11/15/2002 ("Norton" and with California Ironworkers and City of Miami, "Plaintiffs") and Lead Counsel Robbins Geller Rudman & Dowd LLP and Levi & Korsinsky, LLP ("Lead Counsel") respectfully submit this reply memorandum in further support of Plaintiffs' motion for final approval of the class action settlement and approval of the Plan of Allocation (ECF 317; *Norton* Action ECF 130) ("Final Approval Motion"), and Lead Counsel's motion for an award of attorneys' fees and expenses and award to class representative pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 318; *Norton* Action ECF 131) ("Attorneys' Fees Motion" and together with the Final Approval Motion, the "Motions").[1]

## I.    INTRODUCTION

In the Motions, Plaintiffs and Lead Counsel moved for approval of the Settlement and fee and expense awards, asserting that they were fair and reasonable.  ECF 317, 318; *Norton* Action ECF 130, 131.  Even though objections have become common to either the settlement terms or fees requested in class actions, the period of time to object in this case has passed, and not a single Class Member has objected to the Settlement or fee request, and only one Class Member opted out, confirming that the Settlement and requested fees are fair and reasonable.  Thus, the notice period has confirmed that the Settlement, Plan of Allocation, and requested amount of attorneys' fees and expenses and award to California Ironworkers have the support of, not only the Plaintiffs, but also the unnamed Class Members.  The Motions should be granted.

## II.    ARGUMENT

### A.    The Notice Provided to the Class Met All Due Process Requirements

As detailed in prior submissions, the comprehensive notice program approved by the Court and implemented here was "the best notice that [was] practicable under the circumstances, including individual notice to all members who [could] be identified through reasonable effort."  Fed. R. Civ.

---

[1]    Unless otherwise noted, all capitalized terms not defined herein have the same meaning set forth in the Stipulation of Settlement dated April 7, 2023 (ECF 307-2; *Norton* Action ECF 117-2).

P. 23(c)(2)(B); *see* ECF 307, §VI; ECF 317, §V; *Norton* Action ECF 117, §VI; *Norton* Action ECF 130, §V.  To date, the Claims Administrator has mailed or emailed a total of 154,724 copies of the Postcard Notice and mailed 49 Claim Packages (Notice of Pendency and Proposed Settlement of Class Actions together with the Proof of Claim and Release Form) to potential Class Members and Nominees; the Summary Notice was published in *The Wall Street Journal* and transmitted over *Business Wire*; and all pertinent information has been posted and made generally available on the website dedicated to the Settlement.  *See* Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date ("Murray Decl.") (ECF 319-4, ¶¶11-14; *Norton* Action ECF 132-4, ¶¶11-14), and Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination, Requests for Exclusion Received to Date, and Claims Received to Date, dated September 26, 2023 ("Murray Suppl. Decl."), ¶¶3-4, filed herewith.

This notice program is very similar to those approved and employed in other securities class actions in this District.  *See, e.g.*, *Evanston Police Pension Fund v. McKesson Corp.*, No. 3:18-cv-06525 CRB, Final Judgment and Order of Dismissal with Prejudice, ECF 290, ¶12 (N.D. Cal. July 14, 2023) (Breyer, J.); *Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at *3 (N.D. Cal. July 15, 2022) (Gilliam, J.); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *7 (N.D. Cal. Feb. 11, 2016) (Corley, J.) (finding individual notice mailed to class members combined with summary publication constituted "the best form of notice available under the circumstances").  As those courts did, this Court should conclude that Lead Counsel here has provided the best notice practicable, as Rule 23 requires and due process demands.

### B.    The Reaction of the Class Strongly Supports Approval of the Settlement and Plan of Allocation

Federal Rule of Civil Procedure 23(e)(2) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), provide factors that the Court must consider when assessing whether to approve a class action settlement.  As explained in both Plaintiffs' Final Approval Motion and Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Settlement ("Preliminary Approval Motion"), the proposed Settlement readily satisfies the relevant factors, as the Settlement resulted from Plaintiffs' and Lead Counsel's diligent representation of the Class throughout this years-long litigation; the

Settlement was negotiated at arm's length following extensive discovery and with the assistance of an experienced mediator; and the Settlement provides an exceptional recovery considering the costs, risk, and delay of further litigation. *See* ECF 317, §III.C. and D.; ECF 307, §IV; *Norton* Action ECF 130, §III.C. and D.; *Norton* Action ECF 117, §IV.

Similarly, Plaintiffs' Final Approval Motion and Preliminary Approval Motion explained that the Plan of Allocation provides an equitable basis to allocate the Net Settlement Fund among all Authorized Claimants. *See* ECF 317, §IV; ECF 307, §IV.D.; *Norton* Action ECF 130, §IV; *Norton* Action ECF 117, §IV.D. In particular, the Plan treats Class Members equitably by providing that each will receive a proportional *pro rata* amount of the Net Settlement Fund depending on when each Class Member bought Nutanix securities during the Class Period and whether and when they sold such securities.

In determining whether to approve the Settlement and Plan of Allocation, the Court may now assess the final *Hanlon* factor given that the September 13, 2023 objection deadline has passed: "the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026. That reaction – as measured by objections – has been overwhelmingly positive and further supports final approval of the Settlement. *See id.*

Indeed, no Class Member has objected to any aspect of the Settlement. This lack of objections "'is perhaps the most significant factor to be weighed in considering [the Settlement's] adequacy.'" *In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009).[2] This "unanimous, positive reaction to the Proposed Settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *accord Impax*, 2022 WL 2789496, at *7. In fact, "'[c]ourts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members.'" *Foster v. Adams & Assocs., Inc.*, 2022 WL 425559, at *6 (N.D. Cal. Feb. 11, 2022); *accord AdTrader, Inc. v. Google LLC*, 2022 WL 16579324, at *5

---

[2] Citations are omitted throughout unless otherwise indicated.

(N.D. Cal. Nov. 1, 2022) ("'A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.'").  Similarly, the lack of objections to the proposed Plan of Allocation provides firm support for its approval.  *See In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement.").

Of particular significance, no institutional investors, those Class Members typically with the largest amounts at stake, objected to either the Settlement or the Plan of Allocation.  The overwhelmingly positive reaction from sophisticated institutional investors is further persuasive evidence that the Settlement is fair.  *See In re Regulus Therapeutics Inc. Sec. Litig.*, 2020 WL 6381898, at *6 (S.D. Cal. Oct. 30, 2020) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable.").

In short, "[t]he small number of objections" (*zero*) "supports that the settlement and plan of allocation are fair, reasonable, and adequate."  *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (approving $48 million securities fraud class action settlement where "[o]nly one class member objected to the settlement and only 16 potential class members opted out of the settlement").  Accordingly, the Court should approve the Settlement and Plan of Allocation here as fair, adequate, and reasonable.

### C.     The Reaction of the Class Strongly Supports Approval of the Requested Attorneys' Fees, Expenses and Award to California Ironworkers

The Notice identified that Lead Counsel intended to seek a fee of 30% of the Settlement Amount, payment of litigation expenses not to exceed $750,000, and an award to California Ironworkers not to exceed $10,000 pursuant to 15 U.S.C. §78u-4(a)(4).  The fee award for the settlement of both cases has the support of the Plaintiffs and, based on the lack of even a single objection, the entire class.

As explained in the opening brief, the exceptional result, "[t]he touchstone for determining the reasonableness of attorneys' fees in a class action,"[3] strongly supports the requested award of attorneys' fees and expenses. *See Impax*, 2022 WL 2789496, at *8. The result is even more impressive given the highly complex and uncertain nature of this securities fraud class action and the potential for years of additional litigation absent the Settlement, and it required skill and high quality work to attain. *See also* ECF 318, §III.B. (discussing relevant factors); *Norton* Action ECF 131, §III.B. (same). The 30% fee request is also consistent with fee awards in similar securities class actions. *See, e.g.*, *Impax*, 2022 WL 2789496, at *8 (awarding 30% of $33 million settlement); *In re Tezos Sec. Litig.*, 2020 WL 13699946, at *1 (N.D. Cal. Aug. 28, 2020) (Seeborg, J.) (awarding one-third of $25 million recovery); *In re Banc of Cal. Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (awarding 33% of $19.75 million recovery); *see also Louisiana Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc.*, 2023 WL 5951767, at *2 (S.D. Ohio Sept. 13, 2023) (awarding 30% of $109 million recovery).

The appropriateness of Lead Counsel's fee request is further confirmed with a cross check against their lodestar, which reflects a 2.01 multiplier. *See In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617, 633 (N.D. Cal. 2021) (Donato, J.) (awarding fee in $650 million common fund settlement representing 4.71 multiplier), *aff'd*, 2022 WL 822923 (9th Cir. Mar. 17, 2022); *In re Twitter Inc. Sec. Litig.*, 2022 WL 17248115, at *2 (N.D. Cal. Nov. 21, 2022) (Tigar, J.) (awarding fee representing 4.14 multiplier); *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (Tigar, J.) (awarding fee representing a 3.22 multiplier). Thus, as set forth in Lead Counsel's Attorneys' Fees Motion, Lead Counsel's fee request is well grounded in Ninth Circuit law, consistent with numerous prior fee awards, and supported by the particular facts of this case.

Finally, given the frequency of objections, it is significant that no Class Member has objected to Lead Counsel's request for attorneys' fees, payment of litigation expenses, or award to California Ironworkers. The lack of objections, particularly given that the Class includes many sophisticated

---

[3]    *Lowery v. Rhapsody Int'l, Inc.*, 69 F.4th 994, 997 (9th Cir. 2023).

institutional investors, weighs strongly in favor of granting the requested attorneys' fees and expenses. *See Hefler*, 2018 WL 6619983, at \*15 ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' [to the attorneys' fee] weighs in favor of approval."); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at \*3 (N.D. Cal. July 6, 2011) (finding only one objection to fee request to be "a strong, positive response from the class"); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) ("None of the objectors raised any concern about the amount of the fee. This factor . . . also supports the requested award of 28% of the Settlement Fund."). Accordingly, the Court should approve Lead Counsel's request for an award of attorneys' fees of 30% of the Settlement Amount, payment of $638,213.52 for litigation expenses, and award to California Ironworkers of $2,000.

### D.    Claims Received to Date

The Notice informed potential Class Members that in order to receive a payment under the Settlement, they needed to submit a Proof of Claim to Gilardi such that it was postmarked or submitted online by September 6, 2023. Through September 25, 2023, Gilardi has received 78,593 Claims, representing approximately 92,370,000 damaged shares of common stock purchased during the Class Period. Murray Suppl. Decl., ¶¶7-8. All Claims are still subject to comprehensive review under standard claims-processing procedures. *Id.*, ¶9. Accordingly, it is not possible to report the number of valid and invalid Claims at this time. *Id.*

### III.    CONCLUSION

Plaintiffs and Lead Counsel obtained an exceptional result for the Class, and the Class agrees. For the reasons set forth above and in their previously filed briefs and declarations, Plaintiffs and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation, as well as the request for attorneys' fees, payment of expenses, and award to California Ironworkers. Proposed orders are submitted herewith.

DATED:  September 27, 2023          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
STEPHEN R. ASTLEY
(admitted *pro hac vice*)
ROBERT J. ROBBINS
(admitted *pro hac vice*)
ANDREW T. REES
(admitted *pro hac vice*)


                                        s/ Stephen R. Astley
                                     STEPHEN R. ASTLEY

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sastley@rgrdlaw.com
rrobbins@rgrdlaw.com
arees@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
(admitted *pro hac vice*)
FRANK A. RICHTER
(admitted *pro hac vice*)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

*Lead Counsel for Lead Plaintiff California Ironworkers Field Pension Trust and Plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust*

LEVI & KORSINSKY, LLP
ADAM M. APTON (SBN 316506)
ADAM C. MCCALL (SBN 302130)
75 Broadway, Suite 200
San Francisco, CA  94111
Telephone:  415/373-1671
415/484-1294 (fax)
aapton@zlk.com
amccall@zlk.com

LEVI & KORSINSKY, LLP
SHANNON L. HOPKINS
(admitted *pro hac vice*)
GREGORY M. POTREPKA
(admitted *pro hac vice*)


    s/ Shannon L. Hopkins (*with consent*)
        SHANNON L. HOPKINS

1111 Summer Street, Suite 403
Stamford, CT  06905
Telephone:  212/363-7500
866/367-6510 (fax)
shopkins@zlk.com
gpotrepka@zlk.com

*Counsel for Lead Plaintiff John P. Norton, on behalf of the Norton Family Living Trust UAD 11/15/2002, and Additional Counsel for Plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust*