UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | Case No. 3:19-cv-01651-WHO<br>Case No. 3:21-cv-04080-WHO |
| | |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated, | CLASS ACTION<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| Plaintiff, | |
| vs. | |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | |
| Defendants. | |

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 19, 2023, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated April 7, 2023 (the "Stipulation").  Due and adequate notice having been given to the Class as required in the Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise stated herein.

2.      This Court has jurisdiction over the subject matter of the Actions and over all parties to the Actions, including all members of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Preliminary Approval Order and finally certifies for purposes of the Settlement only a Class defined as: "all persons or entities who: (i) purchased or otherwise acquired Nutanix, Inc. ("Nutanix") securities between November 30, 2017 and May 30, 2019, inclusive (the "Class Period"), and/or (ii) transacted in publicly traded call options and/or put options of Nutanix during the Class Period.  Excluded from the Class are Nutanix and its subsidiaries and affiliates, the Individual Defendants, any of Defendants' respective officers and directors at all relevant times, and any of their immediate families, legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a Controlling Interest."[1]

4.      Also excluded from the Class is any Person who timely and validly sought exclusion from the Class, as identified in Exhibit A hereto.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that:

---

[1]   "Controlling Interest" is defined as having a majority ownership interest or ownership of the majority of voting stock of the entity.

(a)    in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate;

(b)    there was no collusion in connection with the Stipulation;

(c)    Plaintiffs and Lead Counsel have adequately represented the Class;

(d)    the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

(e)    the relief provided for the Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member's claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f)    the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g)    the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered their positions.

6.    Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class (identified in Exhibit A hereto), the Actions and all claims contained therein are dismissed with prejudice as to the Plaintiffs, and the other Class Members and as against each and all of the Released Defendant Parties.  The Settling Parties are to bear their own costs except as otherwise provided in the Stipulation.

7.    No Person shall have any claim against the Plaintiffs, Lead Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

8.      Upon the Effective Date, Plaintiffs, and each of the Class Members (whether or not such Class Members execute and deliver a Proof of Claim, but excluding Class Members who have validly opted out of the Class), on behalf of themselves, and each of their respective heirs, executors, administrators, predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, agents, fiduciaries, beneficiaries or legal representatives, in their capacities as such, and any other Person or entity legally entitled to bring Released Claims on behalf of a Class Member, in that capacity, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, resolved, waived, released, discharged, and dismissed each and every one of the Released Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits, whether or not Plaintiffs, or such Class Member executes and delivers the Proof of Claim and whether or not Plaintiffs, or each of the Class Members ever seeks or obtains any distribution from the Settlement Fund.  Claims to enforce the terms of the Stipulation are not released.

9.      Upon the Effective Date, Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, discharged, and dismissed the Released Plaintiff Parties from all Released Defendants' Claims (including, without limitation, Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.  For the avoidance of doubt, the releases, relinquishments and discharges provided by the Released Defendant Parties in the Stipulation do not include the release, relinquishment or discharge of any claim or cause of action that any of the Released Defendant Parties may have against an insurer or reinsurer for, arising out of or related to insurance coverage for, arising out of or related to the Actions or any related matter or proceeding, including any derivative or ERISA actions based on similar allegations.  Claims to enforce the terms of the Stipulation are not released.

10.     Upon the Effective Date, Plaintiffs, all Class Members and anyone claiming through or on behalf of any of them are forever permanently barred and enjoined from commencing, instituting, maintaining, enforcing, asserting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administration forum or other forum of any kind any

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE –
3:19-cv-01651-WHO                                                                              - 3 -

of the Released Claims (including, without limitation, Unknown Claims) against any of the Released Defendant Parties.

11.     The distribution of the Postcard Notice by email and mail (where no email was available), posting of the Notice and Proof of Claim, and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort.  The notice provided was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, it is hereby determined that all members of the Class are bound by this Judgment, except those persons listed on Exhibit A to this Judgment.

12.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in the Actions.

13.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Defendant Parties; or (ii) is or may be deemed to be

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE – 3:19-cv-01651-WHO                                                                                              - 4 -

or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties; or (iii) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  For the avoidance of doubt, the Stipulation, this Settlement, the Exhibits, the Supplemental Agreement, and any other act performed or document executed pursuant to or in furtherance of the Stipulation of Settlement, as well as the negotiations leading to the execution of the Stipulation, and any proceedings, communications, drafts, documents or agreements taken pursuant to, or in connection with the Stipulation, (i) shall not be offered or received against the Released Defendant Parties as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Released Defendant Parties of the truth of any allegations by Plaintiffs, any member of the Class, or their Related Persons or the validity of any claim that has been or could have been asserted in the Actions, or the deficiency of any defense that has been or could have been asserted in the Actions or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of the Released Defendant Parties or in any way referred to for any other reason as against the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (ii) shall not be offered or received against or to the prejudice of Released Defendant Parties as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Released Defendant Parties, or against Lead Counsel or any member of the Class or their Related Persons as evidence of any infirmity in the claims of Plaintiffs and the Class; and (iii) shall not be offered or received against Released Defendant Parties as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if the Stipulation is approved by the Court, the Released Defendant Parties may refer to it to effectuate the releases granted them hereunder.  The

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE –
3:19-cv-01651-WHO
- 5 -

Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (ii) disposition of the Settlement Fund; (iii) hearing and determining applications for attorneys' fees and expenses in the Actions; and (iv) all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

15. The Court finds that during the course of the Actions, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. The Settling Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Court directs immediate entry of this Judgment by the Clerk of the Court.

20. The Court's orders entered during these Actions relating to the confidentiality of information shall survive this Settlement.

IT IS SO ORDERED.

DATED: _____   _____
                                 THE HONORABLE WILLIAM H. ORRICK
                                 UNITED STATES DISTRICT JUDGE

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE –
3:19-cv-01651-WHO                                                    - 6 -