UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re NUTANIX, INC. SECURITIES LITIGATION | ) ) ) |
| | ) |
| JOHN P. NORTON, ON BEHALF OF THE NORTON FAMILY LIVING TRUST UAD 11/15/2002, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| NUTANIX, INC., DHEERAJ PANDEY, and DUSTON M. WILLIAMS, | ) ) ) |
| Defendants. | ) ) ) |

Case No. 3:19-cv-01651-WHO
Case No. 3:21-cv-04080-WHO

<u>CLASS ACTION</u>

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES, AND AN AWARD TO CLASS REPRESENTATIVE PURSUANT TO 15 U.S.C. §78u-4(a)(4)

THIS MATTER having come before the Court on October 4, 2023, on Lead Counsel's motion for an award of attorneys' fees and expenses, and an award to Class Representative pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 318) in the above-captioned actions; the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated April 7, 2023 (the "Stipulation"). ECF 307-2.

2. This Court has jurisdiction over the subject matter of the Actions and all matters relating hereto, including all members of the Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees of 30% of the Settlement Amount, plus expenses in the amount of $638,213.52, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate, fair, and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049-50 (9th Cir. 2002).

5. The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms,

conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein.

6.    In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)    the Settlement has created a fund of $71,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Lead Counsel;

(b)    over 154,700 copies of the Postcard Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees not to exceed 30% of the Settlement Amount and for expenses in an amount not to exceed $750,000, plus interest thereon, and no objections to the fees or expenses were filed by Class Members;

(c)    Lead Counsel have pursued the Actions and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)    Lead Counsel have expended substantial time and effort pursuing the Actions on behalf of the Class;

(e)    Lead Counsel pursued the Actions on a contingent basis, having received no compensation during the Actions, and any fee amount has been contingent on the result achieved;

(f)    the Actions involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)    had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)    Plaintiffs' Counsel have devoted over 16,000 hours, with a lodestar value of $10,581,445.25 to achieve the Settlement;

(i)    Class Representative approved the amount of attorneys' fees awarded as fair and reasonable; and

(j)    the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

7.      Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards Class Representative California Ironworkers Field Pension Trust $2,000.00 for its time and expenses representing the Class.

IT IS SO ORDERED.

DATED: _____      _____

THE HONORABLE WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE